RECEIPT # _54472_
AMOUNT $ _150_
SUMMONS ISSUED _Y-1_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _M_
DATE _____ 3-10-04

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| AMERICAN HOME ASSURANCE | ) | |
| COMPANY, | ) | Jury Demanded |
| | ) | |
| Defendant. | ) | **04 10487 GAO** |

### COMPLAINT

MAGISTRATE JUDGE _Alexander_

Plaintiff Insituform Technologies, Inc. ("Insituform"), by its attorneys, states the following as its complaint against defendant American Home Assurance Company ("American Home").

### Introduction

1.    This is a case in which Insituform, an insured under an excess liability insurance policy underwritten by defendant American Home, seeks a finding that American Home is required to provide insurance coverage for a contractors rework loss suffered as a result of defects discovered in Insituform's work that were rejected by the Massachusetts Water Resources Authority (the "MWRA Claim").

### The Parties, Jurisdiction and Venue

2.    Plaintiff Insituform Technologies, Inc. ("Insituform") is a Delaware corporation, with its principal place of business in Chesterfield, Missouri.

3.    Defendant American Home Assurance Company ("American Home") is a New York corporation with its principal place of business in New York, New York.

4.    American Home is subject to personal jurisdiction of this court because it regularly does business in Massachusetts and provided insurance to Insituform for risks located in Massachusetts.

5.    The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum.

6.    The diversity of citizenship of the parties and the amount in controversy vests this Court with diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7.    Venue is proper in this Court as the underlying claim which gave rise to the present coverage dispute occurred substantially in this judicial district.

### Insituform's Insurance Program

8.    Insituform specializes in sewer rehabilitation through trenchless pipeline technologies.

9.    Insituform purchased primary comprehensive general liability insurance from Liberty Mutual Insurance Company ("Liberty"). Specifically, Liberty issued Insituform insurance policy no. RG2-641-004218-33 effective July 1, 2003 to July 1, 2004 with limits of liability of $1,000,000 per occurrence and $2,000,000 products-completed operations aggregate limit (the "Liberty Policy"). A true and correct copy of the Liberty Policy is attached as Exhibit A.

10.    Insituform and Liberty agreed to expand coverage under the Liberty Policy by including the "Contractor Rework Coverage Amendment," which provides in relevant part:

We will pay those sums which you become legally obligated to pay for the required removal or repair of "your product" or "your work" including concrete, cement, sand or aggregate, concrete blocks, concrete products or other products manufactured, sold, handled or distributed by or on behalf of the Insured which are defective, subject to the limits of liability and deductible and the provisions specified below:

The amount we will pay under this coverage shall be limited to the lessor of:

1.     Your actual cost of removing and replacing any of the above items; or

2.     Your actual cost of remedial action taken to avoid removal or replacement of such products.

We will also pay damages for the loss of use of real property and/or consequential business interruption resulting from necessary removal, replacement or remedial action taken to avoid removal or repair of "your product" or "your work".

This coverage shall not apply unless the defect requiring removal or repair of "your work" or "your product" results from an error in the design, prescription, manufacture, blending, mixing or compounding of such work or product and the repair, replacement or removal is made necessary because such work or product has been rejected by the owner, his authorized representative, or a municipality or other authority having jurisdiction.

Defective shall mean that upon testing by an accredited, independent testing agency, "your work" or "your product" does not meet the contractual specifications or accepted standards required for the specific construction in which such materials were incorporated.

Coverage provided under this endorsement shall be subject to all exclusions applicable to "property damage", except exclusions j.(5), j.(6), k., l., m. and n.

*     *     *

| | |
|---|---|
| Limits of Liability: | $1,000,000 per occurrence<br>$1,000,000 aggregate |
| Deductible<br>Premium | $  250,000 per occurrence<br>Included in GL Premium |

11.    Insituform purchased umbrella excess liability insurance from American Home. Specifically, American Home issued policy BE 3206923 effective July 1, 2003 to July 1, 2004 with limits of liability of $25,000,000 per occurrence and in the aggregate excess of scheduled primary insurance (the "American Home Policy"). A copy of the American Home Policy is attached hereto as Exhibit B.

12.    The Liberty Policy is one of the scheduled primary policies on the American Home Policy.

13.    Insituform and American Home agreed to expand the coverage under the American Home Policy so that it would follow form to the coverage provided under the Liberty Contractor Rework Coverage Amendment by including an amendment titled the "Contractor's Endorsement."

14.    The American Home Contractor's Endorsement sets forth various "Excluded Hazards" and "Follow Form Hazards" and then provides the following exception:

> However, if insurance for such **Bodily Injury** or **Property Damage** is provided by a policy listed in the Schedule of Underlying Insurance:
>
> 1.    This exclusion shall not apply; and
>
> 2.    The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance. (Bold face in original.)

15.    As a result, American Home Policy follows form to the Liberty Policy with respect to the Contractor Rework Coverage Amendment.

**The MWRA Claim**

16.    Insituform was a subcontractor to D'Allessandro Corporation for work under the Massachusetts Water Resources Authority ("MWRA") Contract #6840, East Boston Sewer Rehabilitation.

17.    Insituform's scope of work was to perform its Cured In Place Pipe (CIPP) process for the rehabilitation of the existing sewer pipe, for a contract value of $1 million.

18.    Insituform began the installation work on August 13, 2003. After Insituform finished the job, it was notified that there was some leaking occurring at the ends of the new liner installed.

19.    On or about October 31, 2003, the MWRA notified D'Allessandro and Insituform that the liner did not meet the contract document requirements and was, therefore, unacceptable and had to be repaired or replaced (the "MWRA Claim").

20.    Insituform has incurred costs and expenses in excess of $1 million in an effort to repair and replace the defective liner.

**American Home's Denial Of The MWRA Claim**

21.    On December 29, 2003, Insituform provided notice of the MWRA Claim to American Home. In response, American denied any duty to indemnify Insituform. A true and correct copy of American Home's initial denial of February 13, 2004 is attached as Exhibit C.

5

22.    American Home based its February 13, 2004 denial solely on the American Home policy jacket and made no reference to the Contractor Rework Coverage Endorsement or the Contractor's Endorsement.

23.    Insituform demanded that American Home withdraw the denial and pointed out to American Home that under the controlling policy provisions, the Liberty Contractors Rework Coverage Amendment and the American Home Contractor's Endorsement, American Home was obligated to indemnify Insituform for the MWRA Claim.

24.    Thereafter, during a telephone call American verbally denied coverage for the MWRA Claim a second time, this time based solely on an interpretation of the Contractor's Endorsement. Specifically, American Home contends that the exception within the Contractor's Endorsement applies only to the "Following Form Hazard" immediately above the exception, and not the "Excluded Hazard" or any provision of the policy jacket.

### COUNT I
### (Breach Of Contract)

25.    As its paragraph 25, Insituform restates the allegations of paragraphs 1-24 as if fully set forth herein.

26.    The American Home Policy is a contract.

27.    Insituform is covered for its liability for the MWRA Claim under the Liberty Contractor Rework Coverage Amendment.

28.    Insituform has suffered covered losses for the MWRA Claim in excess of the Liberty Mutual Policy limit and those losses have pierced American Home's attachment point.

29.    American Home Policy follows form to the Liberty Contractor Rework Coverage Amendment up to a limit of $25,000,000.00 per occurrence.

30.    American Home has refused to indemnify Insituform for the MWRA Claim.

31.    American Home's failure to indemnify Insituform with respect to the MWRA Claim constitutes a breach of the American Home Policy.

32.    Insituform has fulfilled all of the conditions of the American Home Policy.

33.    Insituform has been damaged by American Home's breach.

WHEREFORE, plaintiff Insituform Technologies, Inc. requests that judgment be entered in its favor and against defendant American Home Assurance Company and that the Court award plaintiff its costs and other relief as the Court may deem just or appropriate.

## COUNT II
### (For Declaratory Judgment)

34.    As its paragraph 34, Insituform restates the allegations of paragraphs 1-24 as if fully set forth herein.

35.    There presently exists an actual controversy with respect to whether the American Home Policy follows form to the Liberty Contractor Rework Coverage Amendment and, thereby, must indemnify Insituform with respect to the MWRA

Claim. Hence, this Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

36.    The terms of the Contractor's Endorsement in the American Home Policy require American Home to indemnify Insituform with respect to the MWRA Claim up to the limit of liability of the American Home Policy.

WHEREFORE, plaintiff Insituform Technologies Inc. requests:

(1)    Judgment in its favor and against defendant American Home Assurance Company for compensatory damages to be proven at trial, plus interest and costs;

(2)    A declaration that defendant American Home Assurance Company is obligated to indemnify Insituform Technologies, Inc. for all losses suffered with respect to the MWRA Claim; and

(3)    Judgment in its favor for such other and further relief as this Court may deem just.

## COUNT III
### (Violation Of Mo. Rev. Stat. § 375.420 (2002))

37.    As its paragraph 37, Insituform restates the allegations of paragraphs 1-24 as if fully set forth herein.

38.    Missouri Revised Statute § 375.420 allows an insured to recover attorney's fees, costs and penalties "[i]n any action against any insurance company to recover the amount of any loss under a policy of [liability insurance], if it appears

from the evidence that such company has refused to pay such loss without reasonable cause or excuse."

39.    By initially relying on policy jacket exclusions with out reference to the controlling policy forms, and then adopting a patently unreasonable interpretation of the Contractor's Endorsement to deny coverage for the MWRA Claim, American Home vexatiously refused to indemnify Insituform without reasonable cause or excuse.

WHEREFORE, plaintiff Insituform Technologies, Inc. requests that judgment be entered in its favor and against defendant American Home Assurance Company awarding damages of twenty percent of the first fifteen hundred dollars of the MWRA Claim covered by the American Home Policy, and ten percent of the amount of the MWRA Claim covered by the American Home Policy in excess of fifteen hundred dollars, reasonable attorney's fees and such other relief as may be appropriate.

## Jury Demand

Insituform hereby demands a jury for all claims triable as of right to a jury.

Respectfully submitted,

INSITUFORM TECHNOLOGIES, INC.

By: _____
      Stanley A. Martin
      Holland & Knight LLP
      10 St. James Avenue
      Boston, MA 02116
      (617) 523-2700

Of counsel

Charles L. Philbrick
Holland & Knight LLP
131 S. Dearborn St., 30th Fl.
Chicago, IL 60603-5547
(312) 263-3600

Dated:  March 10, 2004

# 1764885_v1

10