IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04 10487 GAO |
| ) | |
| AMERICAN HOME ASSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**INSITUFORM'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND LOCAL RULE 56.1 STATEMENT**

Plaintiff Insituform Technologies, Inc. ("Insituform"), by its attorneys, moves pursuant to Fed.R.Civ.P. 56 for summary judgment on Count II of the Complaint against defendant American Home Assurance Company ("American Home"). In support of this motion, Insituform submits a separate Memorandum of Law, the Affidavit of Lawrence Butler and the following Local Rule 56.1 statement of undisputed material facts:

**LOCAL RULE 56.1 STATEMENT**

1. Insituform purchased primary comprehensive general liability insurance from Liberty Mutual Insurance Company ("Liberty"). Butler Affidavit ¶ 1.

2. Liberty issued to Insituform insurance policy no. RG2-641-004218-33 effective July 1, 2003 to July 1, 2004 with limits of liability of $1,000,000 per occurrence and $2,000,000 products-completed operations aggregate limit (the "Primary Policy"). Butler Affidavit ¶ 2, Exhibit A.

3. Insituform purchased umbrella excess liability insurance from American Home. American Home Answer ¶ 11; Butler Affidavit ¶ 3.

4. American Home issued to Insituform excess policy BE 3206923 effective July 1, 2003 to July 1, 2004 with limits of liability of $25,000,000 per occurrence and in the aggregate excess of scheduled primary insurance (the "Excess Policy"). American Home Answer ¶ 11; Butler Affidavit ¶ 4, Exhibit B.

5. The Excess Policy scheduled the Primary Policy as underlying primary insurance. American Home Answer ¶ 12; Butler Affidavit, Exhibit B at I-122.

6. On December 29, 2003, Insituform provided notice of the MWRA Claim to American Home. American Home Answer ¶ 21; Butler Affidavit ¶ 6.

7. In response, American Home denied any duty to indemnify Insituform with respect to the MWRA Claim. American Home Answer ¶ 21; Butler Affidavit ¶ 7, Exhibit C.

8. Insituform demanded that American Home withdraw the declination for the MWRA Claim. American Home Answer ¶ 23.

9. Thereafter, American Home informed Insituform that there is no coverage under the Excess Policy in connection with the MWRA Claim and that the Excess Policy does not follow form to the Primary Policy under the Contractor's Endorsement with respect to the MWRA Claim. American Home Answer ¶ 24.

## INSITUFORM IS ENTITLED TO SUMMARY
## JUDGMENT AS TO COUNT II

10.  Insituform's complaint asserts three counts against American Home: Breach of Contract (Count I); Declaratory Judgment (Count II); and Violation of Mo. Rev. Stat. § 375.420 (Count III).

11.  As to Count II, there are no material facts at issue. The Court need only construe the Primary and Excess policies to determine whether the Excess Policy follows form to the Primary Policy's Contractor Rework Coverage Amendment.

12.  Therefore, a summary determination of Count II is appropriate as a matter of law.

13.  Counsel for Insituform has discussed this motion and the request for relief and no agreement could be reached.

WHEREFORE, Insituform respectfully requests that the Court: (1) award Insituform summary judgment in its favor and against American Home with respect to Count II; (2) declare that the Excess Policy follows form to the Primary Policy as to the Contractor Rework Coverage Amendment; and (3) grant such other relief that this Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Insituform respectfully requests that the Court schedule this motion for oral argument.

Respectfully submitted,

INSITUFORM TECHNOLOGIES, INC.

By: _____
Stanley A. Martin
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Of counsel:

Charles L. Philbrick
Holland & Knight LLP
131 S. Dearborn St., 30th Floor
Chicago, Illinois 60603-5547
(312) 263-3600

Dated: May 10, 2004

# 1860146_v4

4