**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS**

INSITUFORM TECHNOLOGIES, INC.,    )
                               )
              Plaintiff,    )
                               )
             v.          )     Case No. 04-10487GAO
                               )
AMERICAN HOME ASSURANCE     )
COMPANY,                        )
                               )
             Defendant.    )

# PART II TO EXHIBIT A TO
# AFFIDAVIT OF LAWRENCE B. BUTLER

ISSUED TO:    Insituform Technologies, Inc.

POLICY NO:    RG2-641-004218-033

EXPIRES:    07/01/2004



# Liberty Mutual Fire Insurance Company

### (A Stock company herein called the Company)

## THIS POLICY IS CLASSIFIED
## IN DIVIDEND CLASS V

While this policy is in effect, the named insured first named in the Declarations is a member of Liberty Mutual Holding Company Inc. and is entitled to vote either in person or by proxy at any and all meetings of the members of said company. The Annual Meeting of Liberty Mutual Holding Company Inc. is in Boston, Massachusetts, on the second Wednesday in April each year at ten o'clock in the morning.

The named insured first named in the Declarations Page shall participate in the distribution of any dividends declared by us for this Policy. The amount of such Named Insured's participation is determined by the decision of our Board of Directors in compliance with any laws that apply.

### This policy is nonassessable.

LEW 53 R2

I 00027

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## GENERAL AMENDATORY ENDORSEMENT
### (Occurrence Form)

This Amendatory Endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

### A. AMENDMENT - NAMED INSURED

1. The term "Named Insured" includes in addition to the person or organization designated in the Declarations as the "First Named Insured":

    a. See Attached Schedule

    but only while the First Named Insured owns, during the policy period, an interest therein of more than 50% (fifty percent); and

    b. subject to 1.a. above, any other organization (except for a partnership, joint venture or limited liability company) incorporated or organized under the laws of the United States of America or its states, territories or possessions, Puerto Rico, Canada or its provinces, but only while the First Named Insured or any of the Named Insureds in 1.a. above owns, during the policy period, an interest therein of more than 50%. But:

    None of the above-designated persons or organizations is a Named Insured with respect to:

    (1) Injury within subdivision a. of the definition of "personal injury" (that is, "bodily injury") or "property damage" that occurred, or

    (2) Injury within subdivisions b. or c. of the definition of "personal injury" caused by an offense or a series of related offenses committed,

    prior to the ownership interests described in Item 1. above.

    A partnership, joint venture or limited liability company is not a Named Insured unless it is shown in 1.a. above. No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in 1.a. above.

2. Paragraph 4. of SECTION II - WHO IS AN INSURED is deleted.

3. The First Named Insured is authorized to act and agrees to act on behalf of all persons or organizations insured under this policy with respect to all matters pertaining to the insurance afforded by the policy.

4. Condition 14. - Premium of SECTION IV - CONDITIONS is deleted and replaced by the following:

    a. Each Named Insured is jointly and severally liable for all premiums due under this policy and for any other financial obligations of any Named Insured to us arising out of any agreements contained in this policy.

**I 00028**

## NAMED INSURED

**FIRST NAMED INSURED:**

Insituform Technologies, Inc.

**OTHER NAMED INSURED:**

INA Acquisition Corp.
Pipe Rehab International, Inc.
Affholder, Inc.
United Pipeline Systems, USA, a division of Insituform Technologies, Inc.
Insituform Technologies USA, Inc.
Mississippi Textiles Corporation
Tracks of Texas, Inc.
Kinsel Industries, Inc.
Kinsel Industries, Inc. and PM Construction & Rehab, L.P., A Joint Venture
Elmore Pipe Jacking, a division of Affholder, Inc.
Economy Precast, a division of Affholder, Inc.
PM Construction & Rehab, L.P. and Kinsel Industries, Inc., a Joint Venture

I 00029

b.  The first Named Insured will be the payee for any return premiums we pay.

B.  EXCLUSION - ADVERTISING INJURY; AMENDMENT - PERSONAL INJURY

1.  Coverage B. PERSONAL AND ADVERTISING INJURY LIABILITY (and all references thereto in this policy) is deleted.

2.  The term "bodily injury" is replaced by the term "personal injury" throughout the policy except:

  a.  In Exclusions a., e., and f. (and all references thereto) of COVERAGE A,

  b.  In "Amendment - Excess Employers Liability Insurance", and

  c.  In the definition of "bodily injury".

3.  Paragraph 14. of the DEFINITIONS section is replaced by the following:

  "Personal injury" means:

  a.  "Bodily injury", except for "bodily injury" arising out of injury within subdivision b. or c. of this definition;

  b.  Injury, including consequential "bodily injury", to the feelings or reputation of a natural person; and

  c.  Injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    (1)  False arrest, detention or imprisonment;

    (2)  Malicious prosecution;

    (3)  Wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    (4)  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

    (5)  Oral or written publication, in any manner, of material that violates a person's right of privacy.

4.  Exclusions:

  (a)  Paragraph 2. Exclusions of Coverage A (except exclusions a., e. and f.) applies to the insurance provided under subdivisions b. and c. of "personal injury".

  (b)  Exclusion o. is deleted;

  (c)  The following additional exclusions also apply to insurance provided under subdivision b. and c. of "personal injury":

    (1)  Injury arising out of advertising, publishing, broadcasting or telecasting done by or for the insured;

**I 00030**

(2) Injury arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(3) Injury arising out of oral or written publication of material whose first publication took place before the beginning of the policy period (except for injury to which paragraph 6. "Stop Gap" Coverage for Renewal Insureds Only applies);

(4) Injury arising out of a criminal act committed by or at the direction of the insured;

(5) Injury to an "employee" while employed in violation of law with the actual knowledge of the insured or the actual knowledge of any "executive officer" of the insured;

(6) Injury arising out of an offense committed by or at the direction of the insured for the purpose of causing injury;

(7) Injury arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time; or

(8) Any loss, cost or expense arising out of any:

    (a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

    (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing or in any way responding to, or assessing the effects of, "pollutants".

(9) Injury arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

5. Paragraph 13. of the DEFINITIONS section is replaced by the following;

13. "Occurrence" means:

    (a) with respect to injury within subdivision a. of the definition of "personal injury" (that is, "bodily injury") or "property damage", an accident, including continuous or repeated exposure to substantially the same general harmful conditions;

    (b) with respect to injury within subdivision b. of the definition of "personal injury", the commission of one or a related series of acts (including but not limited to a series of oral or written publications of the same or similar material); and

    (c) with respect to injury within subdivision c. of the definition of "personal injury", the commission of one or a related series of offenses.

6. "Stop gap" coverage for renewal insureds only:

Explanatory Note:

**I 00031**

This policy applies to injury within subdivisions b. and c. of the definition of "personal injury" only if caused by one or a related series of covered acts or offenses committed during the policy period. If your prior policy(ies) written by us included our General Amendatory Endorsement, then they applied to such injury that occurred during the policy period, regardless of when the act or offense was committed.

7. Explanatory Note on Limits of Insurance;

For the purpose of determining the Limits Of Insurance, the following is added to SECTION III - LIMITS OF INSURANCE:

All injury within subdivision a. of the definition of "personal injury" (that is "bodily injury") and "property damage" arising out of continuous or repeated exposure to substantially the same general harmful conditions will be considered as the result of one and the same "occurrence".

8. Paragraph 1.b. of SECTION I - COVERAGES, Coverage A is deleted and replaced with the following:

   b. This insurance applies to injury under Paragraph a. of the definition of "personal injury" and "property damage" only if:

     (1) The "personal injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

     (2) The "personal injury" or "property damage" occurs during the policy period; and

     (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

This insurance applies to injury under Paragraph b. or c. of the definition of "personal injury" only if:

     (1) The "personal injury" is caused by an "occurrence" that

       (a) takes place in the "coverage territory"; and

       (b) occurs during the policy period; or

     (2) The injury occurs during the policy period, but arises from one or a related series of covered acts or offenses (as defined by this policy) which were committed during the term of your prior policy written by us, this policy will apply to such injury; but: only if your prior policy does not apply. This coverage applies to renewal policies only.

## C. AMENDMENT - REASONABLE FORCE

Exclusion a. of COVERAGE A is replaced by the following:

   a. Expected or Intended Injury

**I 00032**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

## D. AMENDMENT - CONTRACTUAL LIABILITY

1. Paragraph 9. of the DEFINITIONS section is replaced by the following:

    9. "Insured contract" means:

    a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

    b. A sidetrack agreement;

    c. An easement or license agreement in connection with vehicle or pedestrian private railroad crossings at grade;

    d. Any other easement agreement;

    e. An indemnification of a municipality as required by ordinance, except in connection with work for a municipality;

    f. An elevator maintenance agreement; or

    g. That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay damages because of "personal injury" or "property damage" to a third person or organization, if the contract or agreement is made prior to the "personal injury" or "property damage". Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. But:

    An "insured contract" does not include that part of any contract or agreement:

    a. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

        (1) Preparing, approving or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; or

        (2) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage;

    b. Under which the insured, if an architect, engineer or surveyor, assumes liability for injury or damage arising out of the insured's rendering of or failing to render professional services, including those listed in a. above and supervisory, inspection, architectural or engineering activities;

    c. That indemnifies any person or organization for "property damage" to real or personal property owned by, rented to, or used by such person or organization arising out of work or operations performed for you;

**I 00033**

    d.   Under which you agree to pay any fines, penalties, liquidated damages, or any amounts in excess of such compensatory damages as would be recoverable therefor in an action of tort;

    e.   That indemnifies an "employee" of the insured for "personal injury" or "property damage" sustained by any other "employee" of the insured arising out of and in the course of employment by the insured or while performing duties related to the conduct of the insured's business; or

    f.   That indemnifies an "employee" of the insured for any amounts or benefits because of "personal injury" that exceed any obligation of the insured under a Workers' Compensation, disability benefits or unemployment compensation law or any similar law.

2.  We will defend any claim made or "suit" brought against the "indemnitee" under an "insured contract" which you are required to defend by the specific terms of such "insured contract", but only to the same extent and on the same terms that we would defend if the "indemnitee" were the insured under the policy, and then only if all of the following conditions are satisfied: (1) the claim or "suit" seeks damages for which the "indemnitee" is legally entitled to indemnification under the "insured contract", (2) the policy covers such damages, and (3) the applicable Limit of Insurance with respect to such damages has not been exhausted by payment of judgments or settlements.

3.  The following is added to the Definition section:

"Indemnitee" means the person or organization whose liability you have assumed under an "insured contract".

4.  Exclusion b. of COVERAGE A (Section I Coverages) is replaced by the following:

    b.   Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    (1)  That the insured would have in the absence of the contract or agreement; or

    (2)  Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

5.  SUPPLEMENTARY PAYMENTS - COVERAGES A AND B  is replaced by the following:

SUPPLEMENTARY PAYMENTS - COVERAGE A

1.  We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

    a.   All expenses we incur.

    b.   Up to $250 for cost of bail bonds required because of accidents or traffic law violations arising out of any vehicle to which the Bodily Injury Liability Coverage applies.  We do not have to furnish these bonds.

    c.   The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance.  We do not have to furnish these bonds.

**I 00034**

    d.  All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss earnings up to $250 a day because of time off from work.

    e.  All costs taxed against the insured in the "suit".

    f.  Prejudgment interest awarded against the insured on that part of the judgment we pay.  If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

    g.  All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

6.  Nothing in this Amendment D. shall supersede any limitation imposed by A. Amendment - Named Insured, with respect to who is a "Named Insured" under this policy.

## E.  DELETION OF EXCLUSION - LIQUOR LAW LIABILITY

Exclusion c. of COVERAGE A is deleted.

## F.  AMENDMENT - EXCESS EMPLOYER'S LIABILITY INSURANCE

1.  Exclusion e. of COVERAGE A relating to "bodily injury" to any "employee" of the insured or to the spouse, child, parent, brother or sister of that "employee" does not apply to any "bodily injury" to which primary Employers Liability Insurance written by us applies, or would apply but for exhaustion of policy limits.

The insurance provided under this Section F., is excess over:

    a.  The total amount provided by such primary Employers Liability Insurance written by us that is available to the Named Insured for damages because of such injury; and

    b.  The total of all deductible and retained amounts under such primary insurance.

The insurance provided under this Section F. is conditioned upon the existence of primary Employers Liability Insurance written by us and shall not apply to "bodily injury" by accident or "bodily injury" by disease which is not covered under primary Employer's Liability Insurance written by us.  But:

This insurance does not apply to:

(1)  Any claim brought under the laws of:

    (a)  California or New York; or

    (b)  Any other state which now or during the term of this policy prohibits by law the establishment of limits of liability applicable to Employers Liability Insurance, but only if the claim results from:

        (i)  "bodily injury" by accident which occurs after such law becomes effective; or

**I 00035**

(ii) "bodily injury" by disease where the "employee's" last day of last exposure to the conditions causing or aggravating such "bodily injury" by disease occurs after such law becomes effective.

(2) Liability assumed under an "insured contract" or any other contract or agreement;

(3) Punitive or exemplary damages because of "bodily injury" to an "employee" employed in violation of law;

(4) "Bodily injury" to an "employee" while employed in violation of law with your actual knowledge or the actual knowledge of any of your "executive officers";

(5) Any obligation imposed by a Workers' Compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

(6) "Bodily injury" intentionally caused or aggravated by you;

(7) "Bodily injury" occurring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to "bodily injury" to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

(8) Damages arising out of the discharge of, coercion or, or discrimination against any "employee" in violation of law;

(9) "Bodily injury" covered by a Protection and Indemnity Policy or similar policy issued to you or for your benefit. This exclusion applies even if the other policy does not apply because of an other insurance clause, deductible or limitation of liability clause, or any similar clause;

(10) Your duty to provide transportation, wages, maintenance and cure;

(11) "Bodily injury" to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901-950), the Nonappropriated Fund Instrumentalities Act ( 5 USC Sections 8171-8173), the Outer Continental Shelf Lands Act (43 USC Sections 1331-1356), the Defense Base Act ( 42 USC Sections 1651-1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942), any other federal workers or workmen's compensation law or other federal occupational disease law, or any amendments to these laws.

(12) "Bodily injury" to any persons in work subject to the Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay damages to an "employee" due to "bodily injury" arising out of or in the course of employment, or any amendments to those laws.

(13) "Bodily injury" to a master or member of the crew of any vessel.

(14) fines or penalties imposed for violation of federal or state law.

(15) Damages payable under the Migrant and Seasonal Agricultural Workers Protection Act (29 USC Sections 1801-1872) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws.

2. The limits of our liability for this excess insurance are shown in the schedule below. They apply as follows:

a. "Maritime Coverage"

**I 00036**

(1) Bodily Injury by Accident. The limit shown for "bodily injury by accident-annual aggregate" is the most we will pay for all damages covered by "Maritime Coverage" and arising out of "bodily injury" by accident, regardless of the number of "employees" who sustain "bodily injury" by accident. The limit shown for "bodily injury by accident-each accident" is the most we will pay for all damages covered by "Maritime Coverage" because of "bodily injury" to one or more "employees" in any one accident.

A disease is not "bodily injury" by accident unless it results directly from "bodily injury" by accident.

(2) Bodily Injury by Disease. The limit shown for "bodily injury by disease-annual aggregate" is the most we will pay for all damages covered by "Maritime Coverage" because of "bodily injury" by disease to one or more "employees". The limit applies separately to "bodily injury" by disease arising out of work in each state. "Bodily injury" by disease will be deemed to occur in the state of the vessel's home port.

"Bodily injury" by disease does not include disease that results directly from a "bodily injury" by accident.

"Maritime Coverage" means coverage for "bodily injury" to a master or member of the crew of a vessel.

b. Other than "Maritime Coverage"

(1) Bodily Injury by Accident. The limit shown for "bodily injury by accident-annual aggregate" is the most we will pay for all damages covered by this insurance other than "Maritime Coverage" and arising out of "bodily injury" by accident, regardless of the number of "employees" who sustain "bodily injury" by accident. The limit shown for "bodily injury by accident-each accident" is the most we will pay for all damages covered by this insurance other than "Maritime Coverage" because of "bodily injury" to one or more "employees" in any one accident.

A disease is not "bodily injury" by accident unless it results directly from "bodily injury" by accident.

(2) Bodily injury by Disease. The limit shown for "bodily injury by disease-annual aggregate" is the most we will pay for all damages covered by this insurance other than "Maritime Coverage" and arising out of "bodily injury" by disease, regardless of the number of "employees" who sustain "bodily injury" by disease. The limit shown for "bodily injury" by disease-each "employee" is the most we will pay for all damages covered by this insurance other than "Maritime Coverage" because of "bodily injury" by disease to any one "employee".

"Bodily injury" by disease does not include disease that results directly from a "bodily injury" by accident.

c. We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

**I 00037**

## SCHEDULE - LIMITS OF LIABILITY

"MARITIME COVERAGE":

| | | | |
|---|---|---|---|
| "Bodily Injury" by Accident | $ | 0 | annual aggregate |
| "Bodily Injury" by Disease | $ | 0 | each accident |
| | $ | 0 | annual aggregate |

OTHER THAN "MARITIME COVERAGE":

| | | | |
|---|---|---|---|
| "Bodily Injury" by Accident | $ | 0 | annual aggregate |
| "Bodily Injury" by Disease | $ | 0 | each accident |
| | $ | 0 | annual aggregate |
| | $ | 0 | each "employee" |

## G. AMENDMENT - COVERAGE FOR BODILY INJURY TO CO-EMPLOYEES

1. Coverage

   Your "employees" (other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company)) are insureds with respect to injury within subdivision a. of the definition of "personal injury" (that is "bodily injury"):

   (a) to you
   (b) to your partners or members (if partnership or joint venture)
   (c) to your members (if you are a limited liability company)
   (d) to a co-"employee" while that co-"employee" is either in the course of his or her employment by you or while performing duties related to the conduct of your business (including participation in any recreational activities sponsored by you.)  But:

   This coverage for your "employees" does not apply:

   (1) To injury within subdivisions b. and c. of the definition of "personal injury".

   (2) To acts outside the scope of their employment by you (which employment includes participation in any recreational activities sponsored by you).

   (3) In excess of the Limits of Insurance designated in Item 3 below.

   (4) To the providing of or failure to provide professional health care services.

2. Amendment - Who is an Insured

   Subparagraphs 2. a. (1), (a), (b) and (c) of SECTION II - WHO IS AN INSURED do not apply to injury within subdivision a. of the definition of "personal injury" (that is, "bodily injury") for which insurance is provided by this Amendment G, but solely to the extent of the Limits of Insurance designated in Item 3 below.

I 00038

3. Limits of Insurance.

   a.  Sublimit Each Occurrence.  This insurance is subject to a sublimit of:

     $_____ each occurrence.

This sublimit is subject to the Each Occurrence Limit shown in the Declarations; it is not in addition to the Each Occurrence Limit.

If a sublimit is not  designated above, the applicable limit is the Each Occurrence Limit shown in the Declarations.

   b.  Aggregate.  This insurance is subject to the General Aggregate Limit shown in the Declarations.

## H. AMENDMENT - PROFESSIONAL HEALTH CARE SERVICES BY EMPLOYEES

1. Coverage

Any "employee" of the Named Insured who is a "designated health care provider" is an insured under this policy with respect to "personal injury":

   a.  Which arises out of the providing of or failure to provide professional health care services; and

   b.  Which occurs in the course of and within the scope of such "employee's" employment by the Named Insured; but:

Solely to the extent of the Limits of Insurance designated in Item 3 below.

"Designated health care provider" means any "employee" of yours who provides professional health care services, including but not limited to doctors, nurses, emergency medical technicians or designated first aid personnel.

2. Amendment - Who is an Insured

Subparagraphs 2. a. (1) of SECTION II - WHO IS AN INSURED do not apply to the insurance provided by this amendment, but solely to the extent of the Limits of Insurance designated in Item 3 below.

3. Limits of Insurance

   a.  Sublimit Each Occurrence.  This insurance is subject to a sublimit of:

     $_____ each occurrence.  This sublimit is subject to the Each Occurrence Limit shown in the Declarations; it is not in addition of the Each Occurrence Limit.

If a sublimit is not designated above, the applicable limit is the Each Occurrence Limit shown in the Declarations.

   b.  Aggregate.  This insurance is subject to the General Aggregate Limit shown in the Declarations.

4. Exclusions

This insurance does not apply to:

   a.  Liability assumed under an "insured contract" or any other contract or agreement;

**I 00039**

b.  Liability arising out of the providing of professional health care services in violation of law;

c.  Liability arising out of the providing of any professional health care services while in any degree under the influence of intoxicants or narcotics;

d.  Liability arising out of any dishonest, fraudulent, malicious or knowingly wrongful act or failure to act; or

e.  Punitive or exemplary damages, fines or penalties.

## I.  LIMITATION - PARKING AN AUTO

Subparagraph (3) of Exclusion g. of COVERAGE A is deleted.

## J.  AMENDMENT - MOBILE EQUIPMENT

Exclusion h. (2) of COVERAGE A is deleted.

## K.  EXCLUSION - DISCRIMINATION

This insurance does not apply to:

Damages arising out of unlawful discrimination.

## L.  AMENDMENT - BLANKET ADDITIONAL INSURED

SECTION II - WHO IS AN INSURED is amended to include as an insured any person, organization, state or other political subdivision, trustee or estate for whom you have agreed in writing to provide liability insurance. But:

The insurance provided by this amendment:

1.  Applies only to "personal injury" or "property damage" arising out of (a) "your work" or (b) premises or other property owned by or rented to you;

2.  Applies only to coverage and limits of insurance required by the written agreement, but in no event exceeds either the scope of coverage or the limits of insurance provided by this policy; and

3.  Does not apply to any person, organization, state or other political subdivision, trustee or estate for whom you have procured separate liability insurance while such insurance is in effect, regardless of whether the scope of coverage or limits of insurance of this policy exceed those of such other insurance or whether such other insurance is valid and collectible.

## M.  AMENDMENT - NON-CUMULATION OF LIMITS (SAME OCCURRENCE)

The following paragraph is added to Item 5 of Section III - LIMITS OF INSURANCE:

If one "occurrence" causes "bodily injury", "personal injury" and/or "property damage" during this policy period and during the policy period of one or more prior and/or future policy(ies) that include(s) a commercial general liability coverage form issued to you by us, then this policy's Each Occurrence Limit will be reduced by the amount of each payment made by us under the other policy(ies) because of such "occurrence".

**I 00040**

N. AMENDMENT - OTHER INSURANCE

1. With respect to "Amendment - Blanket Additional Insured", the following provisions apply:

   a. Where the applicable written agreement requires the insured to provide liability insurance on a primary, excess, contingent, or any other basis, this policy will apply solely on the basis required by such written agreement and Item 4. Other Insurance of SECTION IV of this policy will not apply, regardless of whether the person, organization, state or other political subdivision (for whom the insured has agreed in writing to provide such insurance) has available other valid and collectible insurance.

   b. Where the applicable written agreement does not specify on what basis the liability insurance will apply, the provisions of Item 4. Other Insurance of SECTION IV of this policy will govern.

2. With respect to coverage provided by "Amendment - Contractual Liability", "Amendment - Coverage For Bodily Injury To Co-Employees", and "Amendment - Professional Health Care Services By Employees", we will deem our policy to be primary regardless of whether any other valid and collectible insurance is available to the insured, and Item 4. Other Insurance of SECTION IV of this policy will not apply.

O. AMENDMENT - FOREIGN COVERAGE

1. Amended Definition - Coverage Territory

   Paragraph 4.c. of the DEFINITIONS section is replaced by the following:

   c. Anywhere in the world, except with respect to injury or damage arising out of your "foreign based operations". As used herein, "foreign based operations" means:

      (1) construction, fabrication, erection or installation operations outside the territory described in a. above;

      (2) the manufacturing of goods or products outside the territory described in a. above; or

      (3) the sale or distribution of goods manufactured outside the territory described in a. above at or from locations outside the territory described in a. above.

2. Investigation, Defense, Settlement - Foreign Claims or Suits.

   The insured under our supervision shall investigate, defend or settle any claim or "suit" brought in any country where we are prevented by law from carrying out this agreement.
   We will reimburse the insured for the reasonable costs of such investigation and defense and, within the applicable limit of insurance, for the amount of any settlement made with our prior written consent.

P. AMENDMENT - DUTIES IN THE EVENT OF OCCURRENCE, OFFENSE, CLAIM OR SUIT.

For purposes of paragraphs a. and b. of Condition 2. of the policy, you refers to an "executive officer" of the insured or to the "employee" designated by the insured to give us notice.

Q. AMENDMENT - ALIENATED PREMISES.

Subparagraph (2) of Exclusion j. - Damage to Property of Coverage A (SECTION I - COVERAGES) is replaced by the following:

**I 00041**

(2) Premises you sell, give away, or abandon, if the "property damage" arises out of any part of those premises, and occurs from hazards that were known by you, or should have reasonably been known by you, at the time the property was transferred or abandoned;

R. AMENDMENT - MEDICAL PAYMENTS

a. Paragraph 1.a.(2), which requires that the expenses are incurred and reported within one year of the date of accident, of Coverage C (SECTION I - COVERAGES) is replaced by the following:

(2) The expenses are incurred and reported to us within three years of the date of the accident; and

b. Paragraph 7. of SECTION III - LIMITS OF INSURANCE is replaced by the following:

7. Subject to Paragraph 5. of SECTION III - LIMITS OF INSURANCE, the most we will pay under Coverage C for all medical expenses because of "bodily injury" sustained by any one person is the greater of:

(1) $10,000; or

(2) The amount shown in the Declarations for Medical Expense Limit.

S. AMENDMENT - NON-OWNED WATERCRAFT

Subparagraph (2) of Exclusion g. - Aircraft, Auto or Watercraft of Coverage A (SECTION I - COVERAGES) is replaced by the following:

(2) A watercraft you do not own that is:

(a) Less than 50 feet long; and

(b) Not being used to carry persons or property for a charge;

T. AMENDMENT - RENTED PREMISES

1. The last paragraph of 2. Exclusions of Coverage A (SECTION I - COVERAGES) is replaced by the following:

Exclusions c. through n. do not apply to damage by fire, lightning, or explosion to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in SECTION III - LIMITS OF INSURANCE.

**I 00042**

2.  Paragraph 6. of SECTION III - LIMITS OF INSURANCE is replaced by the following:

6.  Subject to paragraph 5. of SECTION III - LIMITS OF INSURANCE, the most we will pay under Coverage A for damages because of "property damage" to any one premises, while  rented to you , or in the case of damage by fire, lightning or explosion, or any combination of the three, while rented to you or temporarily occupied by you with permission of the owner is the greater of:

a.  $100,000; or

b.  The amount shown as Damage To Premises Rented To You Limit in the Declarations.

This endorsement is executed by the  LIBERTY MUTUAL FIRE INSURANCE COMPANY

Premium  $

Effective Date

For attachment to Policy No.    RG2-641-004218-033    Expiration Date

Audit Basis

Issued To

SECRETARY                           PRESIDENT

Countersigned by...........................................
                              Authorized Representative

Issued                          Sales Office and No.              End. Serial No    1

**I 00043**

NRD 201 RG R13  04 02                                    **Page 15 of 15**

## BLANKET ADDITIONAL INSURED AMENDMENT

It is agreed that the following paragraph is added to Amendment L.- Blanket Additional Insured of the General Amendatory Endorsement:

This Insurance is primary with respect to the Additional Insured.  Any other insurance available to that person or organization is excess and noncontributing.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

Effective Date                                    Expiration Date

For attachment to Policy or Bond No. RG2-641-004218-033

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Shilon*  SECRETARY          *Edmund F. Kelly*  PRESIDENT

Audit Basis
Issued to

Loc. 6
        Issued

102

Countersigned by..........................................................................................................

Authorized Representative

Sales Office and No.                    End. Serial No. 2

I 00044

# BROAD FORM NAMED INSURED ENDORSEMENT

In addition to the company named in Item I of the Declarations, the Named Insured includes;

any company incorporated or organized under the laws of the United States of America (including any state thereof) its territories or possessions while the company named in Item I of the Declarations or the aforenamed owns, during the policy period, an interest in such company of more than fifty percent (50%).

The company named in Item I of the Declarations by acceptance of this policy is authorized to act and agrees to act on behalf of all persons or organizations insured under this policy with respect to all matters pertaining to the insurance afforded by the policy, the giving and receiving of notice of cancellation, the payment of premiums, if any, and such dividends as may be declared by us.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

|   | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
|   | LIBERTY INSURANCE CORPORATION |
|   | LM INSURANCE CORPORATION |
|   | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                    Expiration Date

For attachment to Policy or Bond No. RG2-641-004218-033

*Barry S. Shilon*  SECRETARY          *Edmund F Kelly*  PRESIDENT

Audit Basis
Issued to

Countersigned by.........................................................................................
                                                    Authorized Representative

**Loc. 6**
         Issued          Sales Office and No.          End. Serial No. 3

102

**I 00045**

## COMPOSITE RATE ENDORSEMENT

The premium for this policy shall be computed on the following basis:

Per $100 of General Liability Payroll

The phrase "General Liability Payroll" means all payments by "you" in money, or in substitutes for money, during the policy period to all executive officers and other employees for services rendered, subject to any over-time earnings, limitation of remuneration or exception rules applicable in accordance with the General Liability manual in use by the Company.

**GL Payroll is defined as WC Payrolls excluding Sales and Clerical Payrolls**

This endorsement is executed by the LIBERTY MUTUAL FIRE INSURANCE COMPANY

Premium $

Effective Date                    Expiration Date

For attachment to Policy or Bond No. RG2-641-004218-033

Audit Basis

Issued to

Countersigned by _____

                              Authorized Representative

Issued          Sales Office and No.          End. Serial No.  4

LG 6030
(9-87)

I 00046

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## AMENDATORY ENDORSEMENT - DEDUCTIBLE

This Amendatory Endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

This deductible endorsement applies between you and us. It does not affect or alter the rights of others under the policy. You will reimburse us for any deductible amounts that we advance or are required by law to pay.

| Coverage | Deductible Amount | Basis |
|---|---|---|
| Personal Injury and Property Damage Liability Combined | $ 250,000 | per occurrence |

A. **This Deductible Applies**

1. Each Occurrence

   You are responsible, up to the deductible amount shown above, for the total of:

   a. all damages, including amounts paid in settlement of a claim or "suit", plus

   b. any other expenses described in SUPPLEMENTARY PAYMENTS - COVERAGES A AND B;

   because of all "personal injury" and "property damage" as the result of any one "occurrence".

   We are responsible for those amounts of damages to which this insurance applies (subject to the applicable limits of insurance) and Supplementary Payments that exceed the applicable deductible amount shown above.

   We have the right but not the duty to advance any part or all of the deductible amount. If we exercise this right, you must promptly reimburse us for any such amounts advanced. All such amounts advanced shall remain your sole and exclusive liability. Exercise of our right to advance such amount shall not create any obligations or be construed as a waiver or estoppel of our rights under this policy.

B. **Effect of Deductible on Limits of Liability**

1. Your each occurrence limit and your applicable aggregate limit of insurance is reduced by the amount of damages, as referred to in paragraph A.1.a. above, paid or payable by you up to the deductible amount shown above.

2. For purposes of this paragraph B., all damages are deemed to have been paid or to be payable before Supplementary Payments have been paid or are payable.

C. **Conditions**

1. Recovery from Others

   In the event we recover any advance or payment made under this policy by exercising our right of subrogation, the amount so recovered shall first be applied to any payments made by us in excess of the deductible amount; only then shall the remainder of such recovery, if any, be applied to reduce the deductible amount payable or paid by you.

NRD 205 R3 05/99

I 00047

2. Cancellation

You must (a) promptly pay all amounts for which you are responsible under this endorsement, and (b) reimburse us for any such amounts that we pay or advance upon receipt of a billing from us.

If you fail to do so, we may, at our option, cancel either this endorsement or this policy by mailing or delivering to you notice of cancellation pursuant to the terms applicable to cancellation for non-payment of premium in the policy or an endorsement thereto.

3. Your Duties

a. The first Named Insured shown in the Declarations agrees and is authorized to pay all deductible amounts on behalf of all Named Insureds and to reimburse us for any such amounts that we advance.

b. Each Named Insured is jointly and severally liable for all deductible amounts under this policy.

4. Other Rights and Duties (Ours and Yours)

All other terms of this policy, including those which govern (a) our right and duty to defend any claim, proceeding or suit against you, and (b) your duties if injury occurs, apply irrespective of application of this deductible endorsement.

This endorsement is executed by the LIBERTY MUTUAL FIRE INSURANCE COMPANY

Premium $

Effective Date

Expiration Date

For attachment to Policy or Bond No. RG2-641-004218-033

*Barry S. Shilion* SECRETARY    *Edmund F. Kelly* PRESIDENT

Audit Basis

Issued to

Countersigned by _____
                              Authorized Representative

Issued          Sales Office and No.          End. Serial No. 5

NRD 205 R3 05/99                                    **Page 2 of 2**

I 00048

## NON-OWNED WATERCRAFT

II.  Exception (2) to Exclusion (g) of coverage A is replaced by the following:

(2)  A watercraft you do not own that is;

(a)  Less than 51 feet long; and

(b)  Not being used to carry persons or property for a charge.

All other terms and conditions of this policy remain unchanged.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

|   | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
|   | LIBERTY INSURANCE CORPORATION |
|   | LM INSURANCE CORPORATION |
|   | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                              Expiration Date

For attachment to Policy or Bond No. RG2-641-004218-033

Barry S. Shilon
SECRETARY

Edmund F Kelly
PRESIDENT

Audit Basis
Issued to

Loc. 6

Issued                          Countersigned by..................................................................................

                                                                        Authorized Representative

102                              Sales Office and No.                End. Serial No. 6

**I 00049**

<u>AMENDATORY ENDORSMENT</u>

Regarding insured: Insituform Plains, Inc. contract with PCL Civil Constructors, Inc. Contract # 4 of the Southwest Water Project-Segment 2-Uintah North

The following are to be added as additional insured, form CC 2010:

PCL Civil Constructors, Inc.
Colorado Springs Utilities, PO Box 1103, Colorado Springs, CO 80947
City of Colorado Springs, PO Box 1103, Colorado Springs, CO 80947
CH2M HILL, 455 E Pikes Peak Ave., Ste 300, Colorado Springs, CO 80903
Wilson & Company, 455 E Pikes Peak Ave., Ste 200, Colorado Springs, CO 80903
W.K. Clark & Associates, Inc., 5180 N Union Blvd., Colorado Springs, CO 80918
Lincoln-DeVore, Inc., 1000 W Fillmore, Colorado Springs, CO 80917
Colorado Department of Transportation, Region 2, 905 Erie, PO Box 536, Pueblo, CO 81002
Brown & Caldwell, 7535 E Hampden, Ste 403, Denver, CO 80231
Montgomery-Watson, 10065 E Harvard Ave., Ste 201, Denver, CO 80231
Aguirre Engineering, Inc., 13276 East Fremont Place, Englewood, CO 80155

This coverage is primary and not in addition to or contributing with any other insurance with respect to the above project only.
EFFECTIVE 7-1-2003 to 7-1-2004

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

Effective Date                                    Expiration Date

For attachment to Policy or Bond No. RG2-641-004218-033

| | |
|---|---|
| ☐ | LIBERTY MUTUAL INSURANCE COMPANY |
| ☒ | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| ☐ | LIBERTY INSURANCE CORPORATION |
| ☐ | LM INSURANCE CORPORATION |
| ☐ | THE FIRST LIBERTY INSURANCE CORPORATION |

*Barry S. Shilon* SECRETARY        *Edmund F Kelly* PRESIDENT

Audit Basis
Issued to

Countersigned by.............................................................
                                    Authorized Representative

<u>Loc.</u> 6
        Issued                    Sales Office and No.              End. Serial No. .7

102

I 00050

## AMENDATORY ENDORSEMENT

It is agreed that Paragraph 2 of the Supplementary Payments-Coverage A & B  is deleted and replaced with the following:

2.  Up to $2,500 for cost of bail bonds required because of accidents or traffic law violations arising out of the use of any vehicle to which the Bodily Injury Liability Coverage applies.  We do not have to furnish these bonds.

All other terms and conditions of this policy remain unchanged.

This endorsement is executed by the company below designated by an entry in the box opposite its name

Premium

| | LIBERTY MUTUAL INSURANCE COMPANY |
|---|---|
| X | LIBERTY MUTUAL FIRE INSURANCE COMPANY |
| | LIBERTY INSURANCE CORPORATION |
| | LM INSURANCE CORPORATION |
| | THE FIRST LIBERTY INSURANCE CORPORATION |

Effective Date                                    Expiration Date

For attachment to Policy or Bond No. RG2-641-004218-033

*Barry S. Shilon* SECRETARY          *Edmund F. Kelly* PRESIDENT

Audit Basis
Issued to

Countersigned by..................................................................
                                                    Authorized Representative

__Loc. 6__
        Issued          Sales Office and No.          End. Serial No. 8

102

**I 00051**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# NUCLEAR ENERGY LIABILITY COMMERCIAL GENERAL LIABILITY COVERAGE PART EXCLUSION ENDORSEMENT
## (Broad Form)

This endorsement modifies insurance provided under the following:

COMMERCIAL AUTOMOBILE COVERAGE PART
COMMERCIAL GENERAL LIABILITY COVERAGE PART
FARM COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
POLLUTION LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
PROFESSIONAL LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART
UNDERGROUND STORAGE TANK POLICY

NOT APPLICABLE IN NY

1. The insurance does not apply:
   A. Under any Liability Coverage, to "bodily injury" or "property damage":
      (1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or
      (2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.
   B. Under any Medical Payments coverage, to expenses incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.
   C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material", if:

      (1) The "nuclear material" (a) is at any "nuclear facility" owned by, or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;
      (2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured"; or
      (3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility", but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement:

   "Hazardous properties" includes radioactive, toxic or explosive properties.

   "Nuclear material" means "source material", "Special nuclear material" or "by-product material".

   "Source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

   "Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor".

**I 00052**

"Waste" means any waste material **(a)** containing "by-product material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and **(b)** resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility".

"Nuclear facility" means:

(a)  Any "nuclear reactor";

(b)  Any equipment or device designed or used for **(1)** separating the isotopes of uranium or plutonium, **(2)** processing or utilizing "spent fuel", or **(3)** handling, processing or packaging "waste";

(c)  Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

(d)  Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste";

and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

This endorsement is executed by the LIBERTY MUTUAL FIRE INSURANCE COMPANY

Premium  $

Effective Date

For attachment to Policy No.

Audit Basis

Expiration Date
RG2-641-004218-033

Issued To

SECRETARY

PRESIDENT

Countersigned by...............  ..................................................... ... ... ... ... ... ..........................
Authorized Representative

Issued

Sales Office and No.

End. Serial No.   9

**I 00053**

© ISO Properties, Inc.,  2001

IL 00 21 07 02