UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CASE NO. 04-10487 GAO |
| AMERICAN HOME ASSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

**AMERICAN HOME ASSURANCE COMPANY'S RESPONSE TO
INSITUFORM TECHNOLOGIES, INC.'S STATEMENT OF UNDISPUTED FACTS**

In accordance with Local 56.1, American Home Assurance Company ("American Home") hereby responds to Insituform Technologies, Inc.'s ("Insituform") Statement of Undisputed Facts and sets forth its own concise statement of the material facts as to which American Home contends there is no genuine issue of material fact to be tried, or that it will treat as undisputed for the purpose of its Cross-Motion for Summary Judgment.[1]

In setting forth these facts, American Home does not concede all such facts to be true for purposes of trial, but instead accepts all such facts as true for purposes of its Cross-Motion for Summary Judgment. Not every fact included in this statement is material to each alternative legal theory pursuant to which the Court may grant summary judgment in this case. Further, some facts are included solely to provide the Court with useful background information and context.

---

[1] All cited exhibits, deposition references and documents are in the Appendix filed contemporaneously herewith and are authenticated by the Affidavit of Gregg A. Rubenstein. (App. 1).

1. Admitted.

2. Admitted.

3. Admitted.

4. American Home admits that it issued to Insituform an umbrella liability insurance policy, Policy Number BR 3206923, for the period July 1, 2003 to July 1, 2004 with limits of liability of $25,000,000 per occurrence and in the aggregate (the "American Home Policy"), and that it was excess of certain risks insured by scheduled primary insurance but denies that it provided coverage for all risks insured by the scheduled primary insurance.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

**AMERICAN HOME'S ADDITIONAL UNDISPUTED MATERIAL FACTS**

In accordance with Local Rule 56.1, American Home submits the following additional material undisputed facts.

13. The American Home Policy is a true "umbrella" liability insurance policy such that it has its own terms and conditions and does not simply "follow form" to scheduled underlying insurance. (Insituform Memorandum of Law in Support of Partial Summary Judgment ("Insituform Memorandum") at 4).

      14.      The Contractor Rework Coverage Amendment to the Primary Policy provides in full as follows:

**<u>CONTRACTOR REWORK COVERAGE AMENDMENT</u>**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that the policy is hereby amended as indicated. All other terms and conditions of this policy remain unchanged.

We will pay those sums which you become legally obligated to pay for the required removal or repair of "your product" or "your work" including concrete, cement, sand or aggregate, concrete blocks, concrete products or other products manufactured, sold, handled or distributed by or on behalf of the Insured which are defective, subject to the limits of liability and deductible and the provisions specified below.

The amount we will pay under this coverage shall be limited to the lessor of:

1.     Your actual cost of removing and replacing any of the above items; or

2.     Your actual cost of remedial action taken to avoid removal or replacement of such products.

We will also pay damages for the loss of use of real property and/or consequential business interruption resulting from necessary removal, replacement or remedial action taken to avoid removal or repair of "your product" or "your work".

This coverage shall not apply unless the defect requiring removal or repair of "your work" or "your product" results from an error in the design, prescription, manufacture, blending, mixing or compounding of such work or product and the repair, replacement or removal is made necessary because such work or product has been rejected by the owner, his authorized representative, or a municipality or other authority having jurisdiction.

Defective shall mean that upon testing by an accredited, independent testing agency, "your work" or your product" does not meet the contractual specifications or accepted standards required for the specific construction in which such materials were incorporated.

Coverage provided under this endorsement shall be subject to all exclusions applicable to "property damage," except exclusions j.(5), j.(6), k., l., m. and n.

This endorsement shall not apply to any amount which is covered under any other provision of this policy.

BOS1390094.1

Our obligations to pay any amount under this endorsement applies only to amounts in excess of the deductible amount stated below.

The terms of this insurance, including those with respect to:

    (a)    Our right and duty to defend any "suits" seeking damages; and

    (b)    Your duties in the event of an "occurrence," claim or "suit" apply irrespective of the application of the deductible.

We may pay any part or all of the deductible to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible as has been paid by us.

This insurance is excess over any other insurance (including any deductible) which is available under a policy of property insurance, such as, but not limited to, fire and extended coverage, builder's risk or installation coverage.

| | | |
|---|---|---|
| Limits of Liability: | $1,000,000 | per occurrence |
| | $1,000,000 | aggregate |
| Deductible | $250,000 | per occurrence |
| Premium | Included in GL Premium | |

    15.    Section I of the American Home Policy provides as follows:

**I.    Coverage**

> We will pay on behalf of the **Insured** those sums in excess of the Retained Limited that the **Insured** becomes legally obligated to pay by reason of liability imposed by law or assumed by the **Insured** under an **Insured Contract** because of **Bodily Injury**, **Property Damage**, **Personal Injury** or **Advertising Injury** that takes place during the Policy Period and is caused by an **Occurrence** happening anywhere in the world. The amount we will pay for damages is limited as described in Insuring Agreement III, Limits of Insurance.

> If we are prevented by law or statute from paying on behalf of the Insured, then we will, where permitted by law or statute, indemnify the Insured for those sums in excess of the Retained Limit.

16. Paragraph H(1) of Section IV (Definitions) of the American Home Policy provides as follows:

**H.    Occurrence** means:

1. As respects **Bodily Injury** or **Property Damage**, an accident, including continuous or repeated exposure to conditions, which results in **Bodily Injury** or **Property Damage** neither expected nor intended from the standpoint of the **Insured.**  All such exposure to substantially the same general conditions shall be considered as arising out of one **Occurrence…**

17. Paragraph J(1) of Section IV (Definitions) of the American Home Policy provides as follows:

> **J. 1.    Products-Completed Operations Hazard** includes **Bodily Injury** and **Property Damage** occurring away from your premises you own or rent and arising out of **Your Product** or **Your Work** except:
>
> a.    products that are still in your physical possession; or
>
> b.    work that has not yet been completed or abandoned.

18. Paragraph K of Section IV (Definitions) of the American Home Policy provides as follows:

> **K.    Property Damage** means:
>
> 1. Physical injury to tangible property, including all resulting loss of use of the property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> 2. Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the **Occurrence** that caused it.

19. Paragraph M of Section IV (Definitions) of the American Home Policy provides as follows:

**M.   Your Product** means:

1. Any goods or products, other than real property, manufactured, sold handled, distributed or disposed of by:

   a. you;

   b. others trading under your name; or

   c. a person or organization whose business or assets you have acquired; and

2. Containers (other than vehicles) materials, parts or equipment furnished in connection with such goods or products.

**Your Product** includes:

1. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Product**; and

2. The providing of or failure to provide warnings or instructions.

**Your Product** does not include vending machines or other property rented to or located for the use of others but not sold.

20. Paragraph N of Section IV (Definitions) of the American Home Policy provides in relevant part as follows:

**N.   Your Work** means:

1. work or operations performed by you or on your behalf; and

2. materials, parts ore equipment furnished in connection with such work or operations.

21. Paragraph F of Section V (Exclusions) of the American Home Policy provides as follows:

This insurance does not apply to:

F.   **Property Damage** to **Your Product** arising out of it or any part of it.

BOS1390094.1

22. Paragraph G of Section V (Exclusions) of the American Home Policy provides as follows:

This insurance does not apply to:

G. **Property Damage** to **Your Work** arising out of it or any part of it and included in the **Products-Completed Operations Hazard.**

> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

23. The "Contractor's Endorsement" in the American Home Policy provides, in its entirety, as follows:

### CONTRACTOR'S ENDORSEMENT

### Excluded Hazards

This insurance does not apply to:

1. **Property Damage** to any property or equipment leased by the **Insured**;

2. **Property Damage** to property being installed, erected or worked upon by the Insured or by any agents or subcontractors of the **Insured**;

3. **Bodily Injury** or **Property Damage** arising out of any project insured under a "wrap-up" or any similar rating plan; or

4. **Bodily Injury** or **Property Damage** arising out of any professional services performed by or on behalf of the Insured, including but not limited to the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications, and any supervisory, inspection or engineering services.

### Following Form Hazards

It is further agreed that this insurance does not apply to:

1. **Property Damage** arising out of:

   a. Blasting or explosion other than the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment;

      b.      The collapse of or structural injury to any building or structure due to:

            1)      the grading of land, paving, excavating, drilling, burrowing, filling, back-filling, tunneling, pile driving, coffer-dam or caisson work,

            2)      the moving, shoring, underpinning, raising, or demolition of any building or structure, or the removal or rebuilding of any structural support thereof; or

      c.      Damage to or destruction of wires, conduits, pipes, mains, sewers, tanks, tunnels, any similar property, and any apparatus in connection therewith, beneath the surface of the ground or water, caused by and occurring during the use of mechanical equipment for the purpose of grading land, paving, excavating, drilling, burrowing, filling, back-filling or pile driving; or

2.      Any liability assumed by the **Insured** under any contract or agreement.

However, if insurance for such **Bodily Injury** or **Property Damage** is provided by a policy listed in the Schedule of Underlying Insurance:

1.      This exclusion shall not apply; and

2.      The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.

All other terms and conditions of this policy remain unchanged.

- **9** -

                                               AMERICAN HOME ASSURANCE COMPANY,

                                               By its Attorneys,

                                                       /s/ G. Rubenstein
                                           Gregory P. Deschenes (BBO #550830)
                                           Gregg A. Rubenstein (BBO #639680)
                                           NIXON PEABODY LLP
                                           100 Summer Street
                                           Boston, Massachusetts  02110
                                           (617) 345-1000
                                           (617) 345-1300 (facsimile)

Dated:  June 23, 2004

BOS1390094.1