IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN HOME ASSURANCE COMPANY, ) <br> ) <br> Defendant. ) | Case No. 04 10487 GAO |

**INSITUFORM'S LOCAL RULE 56.1 RESPONSE TO AMERICAN HOME'S ADDITIONAL UNDISPUTED MATERIAL FACTS AND INSITUFORM'S ADDITIONAL UNDISPUTED MATERIAL FACTS**

Plaintiff Insituform Technologies, Inc. ("Insituform"), by its attorneys, and pursuant to Local Rule 56.1 responds to American Home Assurance Company's ("American Home") Additional Undisputed Material Facts, and states Additional Undisputed Material Facts in response to American Home's Cross Motion For Summary Judgment. For the Court's convenience, Insituform includes its Local Rule 56.1 Statement and American Home's responses thereto.

**INSITUFORM'S LOCAL RULE 56.1 STATEMENT**

1.  Insituform purchased primary comprehensive general liability insurance from Liberty Mutual Insurance Company ("Liberty"). Kelley Affidavit ¶ 1.

    **AMERICAN HOME'S RESPONSE:** Admitted.

2.  Liberty issued to Insituform insurance policy no. RG2-641-004218-33 effective July 1, 2003 to July 1, 2004 with limits of liability of $1,000,000 per

occurrence and $2,000,000 products-completed operations aggregate limit (the "Primary Policy"). Kelley Affidavit ¶ 2, Exhibit A.

**AMERICAN HOME'S RESPONSE:** Admitted.

3.      Insituform purchased umbrella excess liability insurance from American Home. American Home Answer ¶ 11; Kelley Affidavit ¶ 3.

**AMERICAN HOME'S RESPONSE:** Admitted.

4.      American Home issued to Insituform excess policy BE 3206923 effective July 1, 2003 to July 1, 2004 with limits of liability of $25,000,000 per occurrence and in the aggregate excess of scheduled primary insurance (the "Excess Policy"). American Home Answer ¶ 11; Kelley Affidavit ¶ 4, Exhibit B.

> **AMERICAN HOME'S RESPONSE:** American Home admits that it issued to Insituform an umbrella liability insurance policy, Policy Number BR 3206923, for the period July 1, 2003 to July 1, 2004 with limits of liability of $25,000,000 per occurrence and in the aggregate (the "American Home Policy"), and that it was excess of certain risks insured by scheduled primary insurance but denies that it provided coverage for all risks insured by the scheduled primary insurance.
>
> **INSITUFORM REPLY:** The statement is admitted (1) because no record evidence is offered to controvert Insituform's statement and (2) the denial does not address a fact asserted in the statement.

5.      The Excess Policy scheduled the Primary Policy as underlying primary insurance. American Home Answer ¶ 12; Kelley Affidavit, Exhibit B at I-122.

**AMERICAN HOME'S RESPONSE:** Admitted.

6.      On December 29, 2003, Insituform provided notice of the MWRA Claim to American Home. American Home Answer ¶ 21; Kelley Affidavit ¶ 6.

**AMERICAN HOME'S RESPONSE:** Admitted.

2

7. In response, American Home denied any duty to indemnify Insituform with respect to the MWRA Claim. American Home Answer ¶ 21; Kelley Affidavit ¶ 7, Exhibit C.

**AMERICAN HOME'S RESPONSE:** Admitted.

8. Insituform demanded that American Home withdraw the declination for the MWRA Claim. American Home Answer ¶ 23.

**AMERICAN HOME'S RESPONSE:** Admitted.

9. Thereafter, American Home informed Insituform that there is no coverage under the Excess Policy in connection with the MWRA Claim and that the Excess Policy does not follow form to the Primary Policy under the Contractor's Endorsement with respect to the MWRA Claim. American Home Answer ¶ 24.

**AMERICAN HOME'S RESPONSE:** Admitted.

10. Insituform's complaint asserts three counts against American Home: Breach of Contract (Count I); Declaratory Judgment (Count II); and Violation of Mo. Rev. Stat. § 375.420 (Count III).

**AMERICAN HOME'S RESPONSE:** Admitted.

11. As to Count II, there are no material facts at issue. The Court need only construe the Primary and Excess policies to determine whether the Excess Policy follows form to the Primary Policy's Contractor Rework Coverage Amendment.

**AMERICAN HOME'S RESPONSE:** Admitted.

12. Therefore, a summary determination of Count II is appropriate as a matter of law.

**AMERICAN HOME'S RESPONSE:** Admitted.

**AMERICAN HOME'S ADDITIONAL UNDISPUTED MATERIAL FACTS**

Insituform objects to all of American Home's "additional undisputed facts" ¶¶ 14-23, because none of these "facts" constitute new matter. Rather, each is a transcription of provisions from the American Home Policy, the terms of which are undisputed and already part of the record.

13. The American Home Policy is a true "umbrella" liability insurance policy such that it has its own terms and conditions and does not simply "follow form" to scheduled underlying insurance. (Insituform Memorandum of Law in Support of Partial Summary Judgment ("Insituform Memorandum") at 4).

> **INSITUFORM'S RESPONSE:** Insituform admits that the American Home Policy contains its own terms and conditions. But the American Home Policy follows form to the primary policy in several specific instances, for example exclusions I, J, and S, and Endorsements 4, 7 and 8.

14. The Contractor Rework Coverage Amendment to the Primary Policy provides in full as follows:

[the text of the policy language is omitted to reduce pagination].

> **INSITUFORM'S RESPONSE:** American Home has accurately transcribed Liberty Mutual Contractor Rework Coverage Amendment.

15. Section I of the American Home Policy provides as follows:

[the text of the policy language is omitted to reduce pagination].

> **INSITUFORM'S RESPONSE:** American Home has accurately transcribed Section I of the American Home Policy.

16. Paragraph H(1) of Section IV (Definitions) of the American Home Policy provides as follows:

[the text of the policy language is omitted to reduce pagination].

**INSITUFORM'S RESPONSE:** American Home accurately transcribed the definition of Occurrence found in the American Home Policy.

17. Paragraph J(1) of Section IV (Definitions) of the American Home Policy provides as follows:

[the text of the policy language is omitted to reduce pagination].

**INSITUFORM'S RESPONSE:** American Home has accurately transcribed Paragraph J(1) of Section IV (Definitions) of the American Home Policy.

18. Paragraph K of Section IV (Definitions) of the American Home Policy provides as follows:

[the text of the policy language is omitted to reduce pagination].

**INSITUFORM'S RESPONSE:** American Home has accurately transcribed Paragraph K of Section IV (Definitions) of the American Home Policy.

19. Paragraph M of Section IV (Definitions) of the American Home Policy provides as follows:

[the text of the policy language is omitted to reduce pagination].

**INSITUFORM'S RESPONSE:** American Home has accurately transcribed Paragraph M of Section IV (Definitions) of the American Home Policy.

20. Paragraph N of Section IV (Definitions) of the American Home Policy provides in relevant part as follows:

[the text of the policy language is omitted to reduce pagination].

**INSITUFORM'S RESPONSE:** American Home has accurately transcribed Paragraph N of Section IV (Definitions) of the American Home Policy.

21.  Paragraph F of Section V (Exclusions) of the American Home Policy provides as follows:

[the text of the policy language is omitted to reduce pagination].

**INSITUFORM'S RESPONSE:**  American Home has accurately transcribed Paragraph F of Section V (Exclusions) of the American Home Policy.

22.  Paragraph G of Section V (Exclusions) of the American Home Policy provides as follows:

[the text of the policy language is omitted to reduce pagination].

**INSITUFORM'S RESPONSE:**  American Home has accurately transcribed Paragraph G of Section V (Exclusions) of the American Home Policy.

23.  The "Contractor's Endorsement" in the American Home Policy provides, in its entirety, as follows:

[the text of the policy language is omitted to reduce pagination].

**INSITUFORM'S RESPONSE:**  American Home has accurately transcribed the "Contractor's Endorsement" in the American Home Policy.

### INSITUFORM'S ADDITIONAL UNDISPUTED MATERIAL FACTS

In response to American Home's Cross-Motion for Summary Judgment and pursuant to Local Rule 56.1, plaintiff Insituform offers the following undisputed material facts:

24.  Insituform was a subcontractor of D'Allessandro Corporation ("D'Allessandro") to perform work under Massachusetts Water Resources Authority ("MWRA") contract #6840, East Boston Sewer Rehabilitation. Kelley Affidavit ¶ 1.

25. The contract between Insituform and D'Allessandro incorporates all of the General Conditions of the Contract between D'Allessandro and the MWRA. Kelley Affidavit ¶ 2.

26. Under the General Conditions of the contract between D'Allessandro and the MWRA, ¶¶ 3.4.1 – 3.4.10, the contractor was required to build in accordance with the contract documents. Kelley Affidavit ¶ 4.

27. Under the General Conditions of the contract between D'Allessandro and the MWRA, ¶ 14.2.1, the contractor was required to correct all work rejected by the MWRA as defective or as failing to conform with the contract documents. Kelley Affidavit ¶ 5.

28. The liability for which Insituform seeks coverage from American Home arises from its contract with D'Allessandro and the terms of D'Allessandro's contract with the MWRA. Kelley Affidavit ¶ 6.

Dated: July 8, 2004

Respectfully submitted,

INSITUFORM TECHNOLOGIES, INC.

By: _____
Stanley A. Martin
Holland & Knight LLP
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Of counsel:

Charles L. Philbrick
Holland & Knight LLP
131 S. Dearborn St., 30th Floor
Chicago, Illinois 60603-5547
(312) 263-3600