**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-10487GAO |
| | ) | |
| AMERICAN HOME ASSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# PART IV TO EXHIBIT A TO AFFIDAVIT OF ROBERT L. KELLEY

for increase in the Contract Sum or the Contract Time; provided that the failure of the Engineer to make such determinations or orders shall not relieve the Contractor from his obligations to ensure the safe conduct and satisfactory quality of the Work and the rate of progress required by the Contract Documents, and the Contractor shall be solely responsible for the safety, efficiency and adequacy of all such methods, procedures and programs.

**11.3 EMERGENCIES**

11.3.1 In any emergency affecting the safety of persons or property, the Contractor shall act, at his discretion, to prevent threatened damage, injury or loss and shall as promptly as conditions permit notify insurance carriers, the Authority and the Engineer of the nature of the emergency and circumstances related thereto. Immediately thereafter, Contractor shall prepare a written report setting forth in detail the action taken and describing in detail all circumstances and conditions which are related to such action. Any additional compensation or extension of time claimed by the Contractor on account of emergency work shall be determined as provided in Article 13 for changes in the Work.

**ARTICLE 12 - BONDS AND INSURANCE**

**12.1 PERFORMANCE BOND AND LABOR AND MATERIAL PAYMENT BOND**

12.1.1 The Contractor shall furnish a performance bond for the full amount of the Contract Sum, and a labor and materials bond or payment bond for the full amount of the Contract Sum, each in the form contained in the bid documents and each naming the Authority as obligee and each of a surety company qualified to do business under the laws of the Commonwealth of Massachusetts and acceptable to the Authority, the premiums for which are to be included in the Contract Sum and paid by the Contractor. These bonds shall remain in effect for the entire guarantee period. The guarantee period shall commence on the date of Substantial Completion, as defined in Subparagraph 9.1.2, and shall expire 365 calendar days after said date, except as otherwise provided in the Contract Documents. All bonds shall be executed in the required number of counterparts and shall be submitted to the Authority for insertion into the Contract Documents prior to the execution of the Agreement, Section 00500.

12.1.2 The security required by Section 29 of Chapter 149 of the General Laws shall be provided exclusively by the bonds referred to in Subparagraph 12.1.1 and not by any money retained by the Authority under other provisions of the Contract Documents, such retention being solely for the benefit of the Authority.



ITI EBBS 000109

12.2 CONTRACTOR'S LIABILITY INSURANCE

12.2.1 The Contractor shall purchase and maintain insurance policies in the coverages and amounts specified in Section 00820 of the Supplementary Conditions.

12.2.2 The Authority shall have the right to require that the limits of liability set forth herein or in Section 00820 of the Supplementary Conditions be raised if in its judgment economic conditions warrant. If additional costs are incurred because of raised limits, the additional cost shall be added to the Contract Sum.

12.2.3 Insurance certificates acceptable to the Authority and the other additional insureds specified below evidencing the above coverages are to be furnished the Authority and the other additional insureds specified below by Contractor's insurance company prior to execution of the Contract. Such certificates and all insurance policies required by this Article 12 shall contain provisions requiring at least 30 days' prior written notice to the Authority of any cancellations of or material change in the policies. Certificates shall indicate effective dates and dates of expiration of policies, and shall refer to the corresponding subparagraphs listed above. An additional certificate evidencing continuation of all insurance coverages required to remain in force after final payment shall be submitted with the application for final payment, and neither final payment nor any remaining retainage under this Contract shall be due until such certificate has been submitted to the Engineer.

12.2.4 The Authority is to be furnished originals or certified copies of the policy or policies including all endorsements required to provide stated coverage within 30 days after commencement of Work under this Contract.

12.2.5 All insurance policies provided pursuant to the for going provisions of these insurance requirements shall be written by companies licensed to do business in the Commonwealth of Massachusetts and shall be in form satisfactory to the Authority, and the Commonwealth of Massachusetts, the Authority and its consultants, the Engineer and its consultants, and such other parties as the Authority may identify by notice to the Contractor shall each be named as additional insureds. All such policies shall contain provisions or endorsements necessary to assure coverage of claims by one insured against another. All required insurance policies are to be endorsed to state that the Contractor's policies shall be primary to all other insurance available to the Authority and other specified additional insureds for liability arising out of or resulting from the Contractor's operations under the Contract, whether such

operations be by Contractor or by a Subcontractor or by anyone directly or indirectly employed by any of them or by anyone for whose acts any of them may be liable.

12.2.6 The purchase of insurance to satisfy the above requirements, or the furnishing of certificates evidencing same, shall not be a satisfaction of Contractor's liability under this Contract or in any way modify Contractor's indemnification of the Authority.

12.2.7 Without limitation of the provisions of Subparagraph 1.2.10, if (a) the Contractor's agreement herein to insure or to name as an insured the Authority or the Engineer or the other specified additional insureds with respect to contractual liability assumed by the Contractor under the terms of the Contract Documents or otherwise, or (b) any contract of insurance between the Contractor or any Subcontractors and its or their insurance company, shall to any extent be or be determined to be void or unenforceable, it is the intention of the parties that such circumstance shall not otherwise affect the validity or enforceability of the Contractor's agreements and obligations under the Contract Documents nor the validity or enforceability of such contract of insurance, each of which shall be enforced to the fullest extent permitted by law.

**12.3 PROPERTY INSURANCE**

12.3.1 The Authority may, at its option, purchase and maintain property insurance upon the Work or other improvements at the site. The Authority's property insurance coverage, if any, will not cover any tools, equipment, materials, supplies, temporary structures or other property owned or rented by the Contractor, Subcontractors which is not incorporated in the Work. The Contractor and Subcontractors assume these excluded risks, and waive all rights they may have against the Authority for damage to such items, and any policy of insurance covering the Contractor's own tools, equipment, facilities and other property against loss by physical damage shall include an endorsement providing that the underwriters waive their rights of subrogation against the Authority.

12.3.2 If there is a casualty resulting in a loss of more than 20% of the cost of the Work, determined by the Authority, then the Authority may elect to terminate the Contract upon seven days' notice to the Contractor and the Engineer, and the Contractor shall be entitled to payment for all Work executed prior to said termination and for any loss sustained by the Contractor upon his materials, equipment, tools and machinery, provided the Contractor furnishes satisfactory proof of such loss, and including an allowance for profit on the work executed prior to termination, all as determined by the Architect, but without claim or payment for loss of profit on that portion of the Work not executed.

## ARTICLE 13 - CHANGES IN THE WORK

### 13.1 CHANGE ORDERS

13.1.1 The Contract Sum and the Contract Time may be changed only by Change Order. A Change Order signed by the Contractor indicates his agreement therewith, including the adjustment, if any, in the Contract Sum or the Contract Time.

13.1.2 The Authority, without invalidating the Contract, may order changes in the Work consisting of additions, deletions or other revisions, the Contract Sum and the Contract Time being adjusted accordingly, if necessary. All such changes in the Work shall be authorized by Change Order, and shall be performed under the applicable conditions of the Contract Documents. With respect to Change Orders upon the request of the Authority or the Engineer, the Contractor shall submit to the Authority and the Engineer, as soon as reasonably possible but in any event within ten days of the Contractor's receipt of a request therefor, an accurate written statement setting forth in detail, with a suitable breakdown for each trade and work classification, the Contractor's best estimate of the increased or decreased cost as a result of such proposed Change Order.

13.1.3 The cost or credit to the Authority resulting from a change in the Work shall be determined in one or more of the following ways:

.1 by mutual acceptance of a lump sum properly itemized and supported by sufficient substantiating data to permit evaluation;

.2 by unit prices stated in the Contract Documents or subsequently agreed upon;

.3 by cost to be determined in a manner agreed upon by the parties and a mutually acceptable fixed or percentage fee; or

.4 by the method provided in Subparagraph 13.1.4.

13.1.4 If none of the methods set forth in Clauses 13.1.3.1, 13.1.3.2 or 13.1.3.3 is agreed upon, the Contractor, provided he receives a written order signed by the Authority, shall promptly proceed with the Work involved. The cost of such Work shall then be determined by the Engineer on the basis of the reasonable expenditures and savings of those performing the Work attributable to the change (as further provided in Subparagraph 13.1.7), and including, in the case of increases or decreases in the Contract Sum, an allowance for overhead, superintendence

and profit as provided in Subparagraph 13.1.8. In such case, and also under Clauses 13.1.3.1, 13.1.3.2 and 13.1.3.3 above, the Contractor shall keep and present, in such form as the Engineer may prescribe, an itemized accounting together with appropriate supporting data for inclusion in a Change Order. Pending final determination of cost to the Authority, payments on account, if any, shall be made on the Engineer's Certificate for Payment. The amount of credit to be allowed by the Contractor to the Authority for any deletion or change which results in a net decrease in the Contract Sum will be the amount of the actual net decrease in cost plus a reasonable allowance for overhead and profit, as confirmed by the Engineer. When both additions and credits covering related Work or substitutions are involved in any one change, the allowance for overhead and profit shall be figured on the basis of the net increase or decrease, if any, with respect to that change.

13.1.5 If unit prices are stated in the Contract Documents or subsequently agreed upon, and if the quantities originally contemplated are so changed in a proposed Change Order, that application of the agreed unit prices to the quantities of Work proposed will cause substantial inequity to the Authority or the Contractor, the applicable unit prices shall be equitably adjusted.

13.1.6 Lump sum proposals as provided for in Clause 13.1.3.1 shall be accompanied by a detailed breakdown of estimated costs of labor, materials, equipment and insurance, including a similar breakdown of costs for sub-contracted work. Such proposals shall be subject to the Engineer's review and acceptance which will be based upon the Contractor's satisfactory demonstration that all costs and charges included therein are fair and reasonable, consistent with current price indexes for labor, materials and equipment, and do not in any way reflect exorbitant or non-applicable charges. Surcharges for overhead and profit shall not exceed the amounts stipulated in Subparagraph 13.1.8. Proposals shall be based on the approved schedule of values where applicable, except that surcharges for overhead and profit shall be listed separately. The Contractor shall cooperate fully with the Engineer to whatever extent necessary in providing adequate substantiation of cost and in conducting negotiations pertaining thereto.

13.1.7 Costs of material and labor for changes in the Work shall be limited to the following:

.1 The net cost to the Contractor of all necessary materials, including transportation to the site, less all discounts and other savings.

.2 Cost of all necessary labor, in accordance with established wage rates, as evidenced by payroll records. Where payroll records are not submitted, labor will be paid at the minimum rates established by the Department of Labor and Industries and included in the Contract Documents.

.3 Premium the Contractor has to pay for liability and other insurance and bonds directly required by reason of performance of such change in the Work.

.4 Payments required to labor organizations under existing labor agreements, and directly required by reason of performance of such change in the Work.

.5 State taxes for Unemployment Insurance and Federal Taxes for Social Security required to be paid and directly required by reason of such change in the Work.

.6 Taxes, if any, required to be paid on materials incorporated in such Work.

.7 Maintenance, operation and rental of, or reasonable rental value of Contractor-owned, necessary plant and equipment other than small tools, and including gas, oil, coal, electric current and other forms of energy used, where directly required by reason of such change in the Work.

.8 Necessary installation and dismantling of such plant and equipment, if any, including transportation to and from site, if directly required by reason of such change in the Work.

13.1.8 Where the value of work performed directly by the Contractor under a Change Order is determined by either a lump sum proposal or by the actual cost of work as it progresses, the Contractor will be allowed an additional amount not to exceed twenty percent (20%) of the cost of material and labor as combined overhead, superintendence and profit. Surcharges for subcontracted work where required or permitted shall not exceed the following:

.1 For work of Subcontractors, twenty percent (20%) of the cost of labor and materials to the Subcontractor performing the work. This 20% will

be allowed only to Subcontractors and is not applicable to Sub-subcontractors.

.2 On the total payments made to a Subcontractor, the Contractor will be allowed an additional seven percent (7%) to cover increased overhead and profit.

No percentage mark-up for overhead, superintendence and profit will be allowed on insurance or bond premiums or sales taxes.

13.1.9 The Contractor shall not subcontract any work under a Change Order unless work under the basic Contract of a similar type was previously subcontracted; and Subcontractors will not be allowed to further subcontract any work under a Change Order without the written approval and acceptance of the Authority, unless work under the basic Contract of a similar type was previously subcontracted by them.

13.1.10 All changes in the Work shall be in accordance with provisions of Massachusetts General Laws Chapter 30, Section 39I, which provides criminal penalties for unauthorized, wilfull and substantial deviations from the plans and specifications for public building projects.

**13.2 NOT USED**

**13.3 DIFFERING SUB-SURFACE OR LATENT PHYSICAL CONDITIONS**

13.3.1 Pursuant to Section 39N of Chapter 30 of the Massachusetts General Laws, changes in the Work based on concealed conditions shall be in accordance with the following:

END OF PAGE

If, during the progress of the Work, the Contractor or the Authority discovers that the actual subsurface or latent physical conditions encountered at the site differ substantially or materially from those shown on the plans or indicated in the Contract Documents, either the Contractor or the Authority may request an equitable adjustment in the contract price of the Contract applying to work affected by the differing site conditions. A request for such an adjustment shall be in writing and shall be delivered by the party making such claim to the other party as soon as possible after such conditions are discovered. Upon receipt of such a claim from the Contractor, or upon its own initiative, the Authority shall make an investigation of such physical conditions, and, if they differ substantially or materially from those shown on the plans or indicated in the Contract Documents or from those ordinarily encountered and generally recognized as inherent in work of the character provided for in the plans and Contract Documents and are of such a nature as to cause an increase or decrease in the cost of performance of the Work or a change in the construction methods required for the performance of the Work which results in an increase or decrease in the cost of the Work, the Authority shall make an equitable adjustment in the contract price and the Contract Documents shall be modified in writing accordingly.

**13.4 CLAIMS FOR ADDITIONAL COST OR DAMAGES**

13.4.1 If the Contractor wishes to make a claim for an increase in the Contract Sum by reason of any work performed or materials furnished by him or by reason of any event, circumstance or occurrence, or if he wishes to make a claim for damages by reason of any direction, interpretation, or any other act or omission of the Authority or the Engineer, including, without limitation, any written interpretation pursuant to Subparagraph 2.1.7, or any order by the Authority to stop the Work pursuant to Paragraph 17.1 where the Contractor was not at fault, he shall give the Engineer and the Authority written notice thereof within twenty (20) days after the occurrence of the event giving rise to such claim, otherwise it shall be waived. This notice shall be given by the Contractor before proceeding to execute the work involved, except in an emergency endangering life or property in which case the Contractor shall proceed in accordance with Paragraph 11.3. A written report by the Contractor setting forth the facts and reasons for proceeding under Paragraph 11.3 shall be submitted by him in support of his claim for relief under Paragraph 11.3. No such claim for an increase in the Contract Sum or any other matter described above shall be valid unless so made. If the Authority and the Contractor cannot agree on the amount of the adjustment, if any, to the Contract Sum, or cannot agree upon any

other matter giving rise to a claim, it shall be determined by the Engineer, subject to the provisions of Article 19. Any change in the Contract Sum resulting from such a claim shall be effected by Change Order. Nothing contained in this Paragraph 13.4 shall be interpreted to permit or recognize a claim by the Contractor for any cost, damage or increase in the Contract Sum arising out of or based on a delay in the progress of the Work caused by any act or omission of the Authority or the Engineer, or an employee of either, or a separate contractor, or by changes in the Work duly ordered by the Authority, or by unforeseeable causes beyond the control of the Contractor, which claims may be made only to the extent specifically permitted in and in accordance with Paragraph 9.3.

**13.5 MINOR CHANGES IN THE WORK**

13.5.1 The Engineer will have authority to order minor changes in the Work not involving an adjustment in the Contract Sum or an extension of the Contract Time and not inconsistent with the intent of the Contract Documents. Such changes shall be effected by written Field Orders, and shall be binding on the Authority and the Contractor. The Contractor shall carry out such Field Orders promptly.

## ARTICLE 14 - CORRECTION OF WORK

**14.1 UNCOVERING OF WORK**

14.1.1 If any portion of the Work should be covered contrary to the request of the Engineer or to requirements specifically expressed in the Contract Documents, it must, if required in writing by the Engineer, be uncovered for his observation and replaced at the Contractor's expense.

14.1.2 If any other portion of the Work has been covered which the Engineer has not specifically requested to observe prior to being covered, the Engineer may request to see such Work and it shall be uncovered by the Contractor. If such Work be found in accordance with the Contract Documents, the cost of uncovering and replacement shall, by appropriate Change Order, be charged to the Authority. If such Work be found not in accordance with the Contract Documents, the Contractor shall pay such costs unless it be found that this condition was caused by the Authority or a separate contractor as provided in Article 7, in which event the Authority shall be responsible for the payment of such costs.

14.2 CORRECTION OF WORK

14.2.1 The Contractor shall promptly correct all Work rejected by the Engineer as defective or as failing to conform to the Contract Documents whether observed before or after Substantial Completion and whether or not fabricated, installed or completed. The Contractor shall bear all costs of correcting such rejected Work, including compensation for the Engineer's additional services made necessary thereby.

14.2.2 If, within one year after the Date of Substantial Completion of the Work or portion thereof designated by the Authority or within one year after acceptance by the Authority of designated equipment or within such longer period of time as may be prescribed by law or by the terms of any applicable guarantee or warranty required by or referred to in the Contract Documents, any of the Work is found to be defective or not in accordance with the Contract Documents, the Contractor shall correct it promptly after receipt of a written notice from the Authority to do so and shall reimburse the Authority for any expenses it shall have incurred in inspecting or testing such portion of the Work. The obligations provided in this Paragraph 14.2 shall survive termination of the Contract.

14.2.3 The Contractor shall remove from the site all portions of the Work which are defective or non-conforming and which have not been corrected under Article 18 or Subparagraphs 14.2.1 and 14.2.2, unless removal is specifically waived by the Authority.

14.2.4 If the Contractor fails to correct defective or non-conforming Work as provided in Article 18 and Subparagraphs 14.2.1 and 14.2.2, the Authority may correct it in accordance with Paragraph 17.2.

14.2.5 If the Contractor does not proceed with the correction of such defective or non-conforming Work within a reasonable time fixed by written notice from the Engineer, the Authority may remove it and may store the materials or equipment at the expense of the Contractor. If the Contractor does not pay the cost of such removal and storage within ten days thereafter, the Authority may upon ten additional days' written notice sell such Work at auction or at private sale and shall account for the net proceeds thereof, after deducting all the costs that should have been borne by the Contractor, including compensation for the Engineer's additional services made necessary thereby. If such proceeds of sale do not cover all costs which the Contractor should have borne, the difference shall be charged to the Contractor and an appropriate Change Order shall be issued. If the payments then or thereafter due the Contractor are not sufficient to cover such amount, the Contractor shall pay the difference to the Authority.

14.2.6 The Contractor shall bear the cost of making good all work of the Authority or separate contractors destroyed or damaged by such correction or removal.

14.2.7 Nothing contained in this Paragraph 14.2 shall be construed to establish a period of limitation with respect to any other obligation which the Contractor might have under the Contract Documents, including Article 18 hereof, or under law. The establishment of the time period of one year after the Date of Substantial Completion or such longer period of time as may be prescribed by law or by the terms of any guarantee or warranty required by or referred to in the Contract Documents relates only to the specific obligation of the Contractor to correct the Work, and has no relationship to the time within which his obligation to comply with the Contract Documents may be sought to be enforced, nor to the time within which proceedings may be commenced to establish the Contractor's liability with respect to his obligations other than specifically to correct the Work.

14.2.8 It is specifically agreed that the Contractor's agreements, obligations and guarantees under this Article 14, and all other warranties, guarantees, responsibilities and liabilities of the Contractor under the Contract Documents or otherwise provided under law, shall apply to all products and equipment, if any, furnished by the Authority as referred to in the Specifications and to the installment thereof by the Contractor or its Subcontractors and Sub-subcontractors under this Contract as fully as if such products and equipment had been purchased directly by the Contractor for incorporation in the Work, as further provided in Article 18.

**14.3 ACCEPTANCE OF DEFECTIVE OR NON-CONFORMING WORK**

14.3.1 If the Authority prefers to accept defective or non-conforming Work, it may do so instead of requiring its removal and correction, in which case a Change Order will be issued to reflect a reduction in the Contract Sum where appropriate and equitable. Such adjustment shall be effected whether or not final payment has been made.

## ARTICLE 15 - PARTIAL USE OR OCCUPANCY

15.1 The Authority shall have the right to use and occupy designated areas and portions of the Work prior to completion and acceptance of all the Work or of other portions of the Work, provided that in the opinion of the Engineer such use or occupancy shall not interfere with the Contractor's operations nor delay him in completing the entire Work. If the Authority desires to exercise its right of partial occupancy and use under

this Paragraph 15.1, the Authority shall give reasonable notice thereof to the Engineer and Contractor. If the Engineer determines that the proposed use or occupancy would not interfere with the Contractor's operations or delay him in completing the entire Work, the Contractor shall cooperate with the Authority in providing basic services and facilities reasonably required for the proposed use or the health, safety and comfort of the users or occupants and other parties lawfully present on or entering or leaving the site. Mutually acceptable arrangements shall be made between the Authority and the Contractor with regard to procedures, terms, and conditions governing the operation and maintenance of such services and facilities as may be utilized for the benefit of the Authority. The Authority will assume proportionate and reasonable responsibility for operation of systems, equipment and/or utilities required to provide such services, in part or in total, including proportionate and reasonable expenses of operation incidental thereto, and mutually acceptable arrangements shall be made as to guarantees and warranties affecting designated portions or elements of the Work associated therewith.

15.2 The Authority's use or occupancy of such designated areas or portions of the Work prior to completion and acceptance of all or portions of the Work pursuant to Paragraph 15.1 shall not constitute acceptance of systems, materials, or elements of the Work which are not in accordance with the requirements of the Contract Documents, nor relieve the Contractor from his obligation to complete the Work, or his responsibility for loss or damage due to or arising out of defects in, or malfunctioning of, systems, materials, equipment, or elements of the Work, nor from other unfulfilled obligations or responsibilities of the Contractor under the Contract. If, however, damage results to such designated areas or portions of the Work, in whole or in part, from any act of the Authority, then the Authority will assume its proportionate responsibility for such damage, to the extent that such damage is not covered by insurance provided in accordance with the terms of the Contract Documents.

15.3 The Contractor shall make no claim for delay or extension of the Contract Time or for damages of any kind arising directly or indirectly out of the exercise by the Authority of the rights reserved under this Article 15.

## ARTICLE 16 - TERMINATION OF THE CONTRACT

### 16.1 TERMINATION BY THE AUTHORITY

16.1.1 If (i) a petition is filed by the Contractor, or against the Contractor with his consent, under any federal or state law

concerning bankruptcy, reorganization, insolvency or relief from creditors; or (ii) such a petition is filed against the Contractor without his consent and is not dismissed within sixty (60) days; or (iii) the Contractor is generally not paying his debts as they become due; or (iv) the Contractor becomes insolvent; or (v) the Contractor consents to the appointment of a receiver, trustee, liquidator, custodian or the like of the Contractor or of all or any substantial portion of his assets, or (vi) a receiver, trustee, liquidator, custodian or the like is appointed with respect to the Contractor or takes possession of all or any substantial portion of his assets; or (vii) the Contractor makes an assignment for the benefit of creditors; or (viii) the Contractor refuses or fails, except in cases for which extension of time is provided, to supply enough properly skilled workmen or proper materials; or (ix) the Contractor fails to make prompt payment to any Subcontractor(s), or for materials or labor, or disregards laws, ordinances, rules, regulations or orders of any public authority having jurisdiction, or otherwise is guilty of a violation of any provision of the Contract Documents, then, and in any such event, the Authority may, without prejudice to any other right or remedy, and after giving the Contractor and his surety seven (7) days' written notice, terminate the Contract and the employment of the Contractor and hold the Contractor and his sureties liable in damages for breach of the Contract, or may direct the Contractor to discontinue the Work or any designated portion thereof and take possession of the site or any portion thereof and possession and use of any and all materials, equipment, tools, construction equipment and machinery thereon owned by the Contractor and may finish the Work or any portion thereof by whatever method it may deem expedient. In such case the Contractor shall not be entitled to receive any further payment until the Work is fully completed. The Authority shall not be liable for any depreciation, loss or damage to such materials, equipment or tools during such use thereof, nor thereafter prior to removal thereof by the Contractor after completion of the Work. The Authority may, at its option, require the Contractor's surety or sureties to complete the Work in accordance with the Contract Documents.

16.1.2 When the Work is fully completed, if the costs incurred by the Authority in finishing the Work, including the cost of any additional services of the Engineer or others, when added to the payments made to the Contractor prior to termination, exceed the Contract Sum, the Contractor or its Sureties shall pay the amount of such excess to the Authority. If the sum of such costs and payments is less than the Contract Sum, the Contractor shall be paid for any costs, as certified by the Engineer on the basis of his determination of "cost" under Subparagraph 13.1.4, incurred by the Contractor but not paid for prior to the termination, to

the extent that such payment does not cause the total of payments to the Contractor when added to the cost of finishing the Work to exceed the Contract Sum. In case of such termination of the Contract pursuant to this Article 16, the Authority may, at its election, assume and become liable for obligations, commitments and unsettled claims that the Contractor has previously undertaken or incurred in good faith in connection with the Work. Without limiting the generality of the foregoing, the Authority shall have the right (but shall have no obligation) to assume and/or assign to a general contractor or construction manager or other third party who is qualified and has sufficient resources to complete the work, the rights of the Contractor under his subcontracts with any or all Subcontractors. In the event of such assumption or assignment by the Authority, no such Subcontractor shall have any claim against the Authority or such third party for Work performed by such Subcontractor or other matters arising prior to termination of the Contract, and the Authority or such third party, as the case may be, shall be liable only for obligations to the Subcontractor arising after such assumption. Should the Authority so elect, the Contractor shall execute and deliver all such papers and take all such steps, including the legal assignment of his contractual rights, as the Authority may require, for the purpose of fully vesting in itself the rights and benefits of the Contractor under such subcontracts or other obligations or commitments. All payments due the Contractor hereunder shall be subject to a right of offset by the Authority for expenses and damages suffered by the Authority as a result of any default, acts or omissions of the Contractor.

## ARTICLE 17 - AUTHORITY'S RIGHT TO STOP THE WORK AND TO CARRY OUT THE WORK

### 17.1 AUTHORITY'S RIGHT TO STOP THE WORK

17.1.1 If the Contractor fails, in the sole judgment of the Authority, to commence to correct and diligently pursue the correction of defective work as required by Paragraph 14.2 or fails to carry out the Work in accordance with the Contract Documents, the Authority may, by a written order of the Authority or by an agent specifically so empowered by the Authority and without prejudice to any other remedy the Authority may have, order the Contractor to stop the Work or any portion thereof, and the Contractor shall not thereafter incur any further cost or expense therefor without the Authority's prior written approval, until the cause for such order has been eliminated; however, this right of the Authority to stop the Work shall not give rise to any duty on the part of the Authority to exercise this right for the benefit of the Contractor or any other person or entity.

17.2 AUTHORITY'S RIGHT TO CARRY OUT THE WORK

17.2.1 If the Contractor fails to perform the Work diligently and in a timely manner or defaults or neglects to carry out the Work in accordance with the Contract Documents, the Authority may, without prejudice to any other remedy it may have, correct such deficiencies, provided, however, that the Authority shall not take any action to perform the Work or to correct such deficiencies, except in the event of an emergency, unless the Contractor shall have failed, within three (3) business days after receipt of written notice from the Authority or the Engineer of such failure, default or neglect, to commence corrective action and thereafter to promptly and diligently pursue the corrective action to completion. If the Authority undertakes to correct such deficiencies, an appropriate Change Order shall be issued deducting from the payments then or thereafter due the Contractor the cost of correcting such deficiencies, including compensation for the Engineer's or other additional services made necessary by such default, neglect or failure and the Contract Sum shall be likewise reduced. If the payments then or thereafter due the Contractor are not sufficient to cover such amount, the Contractor shall pay the difference to the Authority within thirty (30) days of receipt of an invoice therefor. Further, if the Contractor fails, within such three-business-day notice period, to commence corrective action and thereafter to promptly and diligently pursue correction of such deficiencies, or fails to carry out the Work in a timely manner in accordance with the Contract Documents, or if the Engineer advises the Authority that the Project cannot reasonably be completed by the Contractor within the Contract Time, then, at the request of the Authority, the Contractor's Surety shall promptly complete the Work in accordance with the terms of the Contract Documents.

ARTICLE 18 - WARRANTY

18.1 The Contractor guarantees and warrants to the Authority and the Engineer that all materials and equipment furnished under the Contract Documents will be new and of recent manufacture unless otherwise expressly required or permitted by the Contract Documents, and that all work will be of good quality, free from faults and defects and in conformance with the Contract Documents. All work not conforming to these requirements, including substitutions not properly approved and authorized, may be considered defective or as failing to conform to the Contract Documents.

18.2 It is specifically agreed that the Contractor's warranties of materials, equipment and labor under this Article 18 and all other warranties, guarantees, responsibilities and liabilities

of the Contractor under the Contract Documents or otherwise provided under law, shall apply to all products and equipment, if any, furnished by the Authority as referred to in the Specifications and to the installment thereof by the Contractor or its Subcontractors or Sub-subcontractors under this Contract as fully as if such products and equipment had been purchased directly by the Contractor for incorporation in the Work. The Contractor acknowledges that it has received and approved all information and specifications for such Authority-furnished products and equipment sufficient so as to permit the Contractor to make this agreement. Such specifications for Authority-furnished products and equipment shall be considered a part of the Contract Documents, and such Authority-furnished products and equipment, upon delivery to and acceptance by the Contractor, shall become part of the Work.

18.3 The Contractor shall obtain and preserve for the benefit of the Authority manufacturer's warranties on materials, fixtures and equipment incorporated into the Work, and the Contractor shall prepare and execute a written guarantee and warranty applicable to all phases of the Work in accordance with the provisions of this Article and all other applicable provisions of the Contract Documents pertaining to warranties and guarantees, and shall also secure and pass through to the Authority written guarantees and warranties prepared in a similar manner from each Subcontractor engaged in the performance of the Work and, prior to Substantial Completion, shall deliver three (3) sets of all such guarantees and warranties to the Engineer for review.

18.4 All materials, equipment, supplies, appliances, fixtures, and specialty devices requiring replacement during any guarantee period specified in the Contract Documents shall be subject to a supplementary guarantee and warranty extending the guarantee period to cover all such items for the full guarantee period specified, beginning as of the date of acceptance of each such replacement item or element of work.

18.5 The warranty and guarantee provisions of this Article 18 shall be in addition to and not in limitation of any other warranties, guarantees or remedies allowed by law or the Contract Documents.

18.6 Any additional cost, or any loss or damage arising from the substitution of any material or any method for those originally specified shall be borne by the Contractor, including, without limitation, the costs of modifying documents and additional fees of the Authority's consultants or engineers, notwithstanding approval or acceptance of such substitution by the Authority or the Engineer, unless such substitution was made at the written request or direction of the Authority or the Engineer.

18.7 No charge shall be made for the Contractor or any Sub-contractor or Sub-subcontractor attending meetings at the site to diagnose problems or to instruct the Authority's personnel in the proper operation or maintenance of the Work, or for making initial or seasonal adjustments (not including normal maintenance) of mechanical systems or other movable work during the applicable guarantee period (as it may be extended with respect to certain items pursuant to Subparagraph 18.4). The Contractor shall provide such service promptly upon notice from the Authority. In case of emergency, service shall be provided as necessary to avoid loss or damage or to maintain normal use of the premises. The Contractor shall furnish to the Engineer and to the Authority a list of names and telephone numbers, with a back-up name and telephone number, covering each area of potential emergency.

## ARTICLE 19 - DISPUTE RESOLUTION

19.1 The decision of the Engineer with respect to any and all claims, disputes or other matters in question relating to the execution or progress of the Work or the interpretation of the Contract Documents shall be final and conclusive, provided that any party may, subject to the provisions of Paragraph 19.2 below, file an action in a court of competent jurisdiction challenging the decision of the Engineer or otherwise seeking final resolution of the claim, dispute or other matter in question. No such claim, dispute or other matter in question shall constitute grounds for the Contractor to delay progress of the Work, and the Contractor shall carry on the Work and maintain its progress during consideration of any such claim, dispute or other matter by the Engineer and during any court or other proceedings.

19.2 The decision of the Engineer on any such claim, dispute or other matter in question shall be final and binding upon the Contractor unless the Contractor gives written notice to the Authority and to the Engineer of its objection to such decision within ten (10) days after receipt by the Contractor of the Engineer's decision and commences an action challenging the Engineer's decision in a court of competent jurisdiction within the time permitted by law. If the Contractor fails to give notice of objection to the Engineer's decision within such ten-day period, he shall be conclusively deemed to have waived his right to object to such decision. If the Engineer renders a decision after court proceedings have been commenced, such decision may be entered as evidence but will not supersede any such proceedings unless the decision is acceptable to all

parties concerned. In any matter as to which litigation is instituted, the tribunal shall be entitled to award attorney's fees, costs, and expenses if it shall determine that any party acted in a frivolous manner, exaggerated or inflated any claim or used dilatory tactics in any regard. It is the intent of the foregoing provisions to insure that any dispute shall be promptly and expeditiously resolved without delay in the progress of the Work either by the parties reaching agreement or by an independent tribunal before whom each claim or dispute shall be diligently and efficiently prosecuted.

## ARTICLE 20 - MISCELLANEOUS PROVISIONS

### 20.1 CONTRACT DOCUMENTS

20.1.1 The Contract Documents form the Contract for Construction and comprise the entire agreement between the parties hereto, and supersede all prior negotiations, representations and agreements, whether written or oral. The Contract Documents are complimentary; the requirements of any one of the Contract Documents shall be as binding as if required by all of them. Except for the special agreements in Article 5, nothing contained in the Contract Documents shall be construed to create any contractual relationship between the Engineer and the Contractor, but the Engineer shall be entitled to performance of obligations contained herein intended for his benefit, and to enforcement thereof. Nothing contained in the Contract Documents shall be construed to modify or affect in any way the rights and obligations of the Authority and the Engineer under any contract or agreement between the Authority and the Engineer. Nothing contained in the Contract Documents shall be construed to create any contractual relationship between the Authority or the Engineer and any Subcontractor.

20.1.2 The Contract shall be governed by the laws of the Commonwealth of Massachusetts. The Contractor, all Subcontractors, and other persons performing any part of the Work agree that each of them shall be subject to the jurisdiction of the courts of the Commonwealth of Massachusetts with respect to any actions or suits at law or in equity arising out of or related to the bidding, award or performance of the Contract, and that any such actions or suits commenced by any of such parties shall be commenced in the courts or appropriate administrative tribunals of the Commonwealth of Massachusetts and not otherwise.

### 20.2 SUCCESSORS AND ASSIGNS

20.2.1 The Authority and the Contractor each binds himself, his partners, successors, assigns and legal representatives to the

other party hereto and to the partners, successors, assigns and legal representatives of such other party in respect to all covenants, agreements and obligations contained in the Contract Documents. The Contractor shall not assign the Contract or sublet or subcontract it (other than subcontracting portions of the Work as expressly permitted by and in accordance with the Contract Documents) without the previous written consent of the Authority, which consent may be withheld by the Authority in its sole discretion, nor shall the Contractor assign any moneys due or to become due to him hereunder, without such previous written consent of the Authority.

**20.3 NOTICES**

20.3.1 Whenever written notice is required or permitted pursuant to the Contract Documents, the same shall be deemed to have been properly given if given in writing and delivered by hand in person or by registered or certified mail or express delivery service, return receipt requested, in the case of notices to the Authority or to the Engineer, to:

**Massachusetts Water Resources Authority**
**Charlestown Navy Yard**
**100 First Avenue**
**Boston, Massachusetts 02129**

to the attention of the Chief Engineer or the Director of the respective Division of the Authority with respect to the work covered by the Contract; and, in the case of notices to the Contractor, to the Contractor's Superintendent or any other officer, principal or member of the Contractor, addressed to any such person at the Contractor's principal office or at the Contractor's field office at the site, if any. Any of the persons or addresses specified above for notice purposes may be changed by notice given in the manner provided herein from the party concerned to each of the other parties.

**20.4 ANTI-BOYCOTT COVENANT**

20.4.1 The Contractor warrants, represents and agrees that during the time this Contract is in effect, neither it nor any affiliated company, as hereafter defined, participates in or cooperates with an international boycott, as defined in Section 999(b)(3) and (4) of the Internal Revenue Code of 1954, as amended, or engages in conduct declared to be unlawful by Section 2 of Chapter 151E, Massachusetts General Laws. If there shall be a breach in the warranty, representation and agreement contained in this paragraph, then without limiting such other

rights as it may have the Commonwealth shall be entitled to rescind this contract. As used herein, an affiliated company shall be any business entity or which at least 51% of the ownership interests are directly or indirectly owned by the Contractor or by a person or persons or business entity or entities directly or indirectly owning at least 51% of the ownership interest of the Contractor, or which directly or indirectly owns at least 51% of the ownership interests of the Contractor. This provision is included in the Contract pursuant to Commonwealth of Massachusetts Executive Order No. 130.

**20.5 RIGHTS AND REMEDIES**

20.5.1 The duties and obligations imposed by the Contract Documents and the rights and remedies available thereunder shall be in addition to and not a limitation of any duties, obligations, rights and remedies otherwise imposed or available by law.

20.5.2 No action or failure to act by the Authority, Engineer or Contractor shall constitute a waiver of any right or duty afforded any of them under the Contract, nor shall any such action or failure to act constitute an approval of or acquiescence in any breach thereunder, except as may be specifically agreed in writing.

**20.6 RIGHT OF AUDIT**

20.6.1 The Authority, the Governor of the Commonwealth of Massachusetts or his designee, the Secretary of Administration and Finance of the Commonwealth of Massachusetts, and the State Auditor or his designee shall have the right at reasonable times and upon reasonable notice to examine the books, records and other compilations of data of the Contractor and all Subcontractors which pertain to the performance of the provisions and requirements of this Contract. This provision is included in the Contract pursuant to Commonwealth of Massachusetts Executive Order No. 195.

**20.7 FINANCIAL RECORDS OF CONTRACTOR**

20.7.1 The following provisions and the provisions of Subparagraphs 20.7.2 through 20.7.5 are included in this Contract pursuant to Massachusetts General Laws Chapter 30, §39R:

(1) The Contractor shall make, and keep for at least six years after final payment, books, records, and accounts

which in reasonable detail accurately and fairly reflect the transactions and dispositions of the Contractor, and

(2) until the expiration of six years after final payment, the Office of Inspector General, and the Deputy Commissioner of Capital Planning and Operations shall have the right to examine any books, documents, papers or records of the Contractor or of his/her Subcontractors that directly pertain to, and involve transactions relating to, the Contractor or his/her Subcontractors, and

(3) the Contractor shall describe any change in the method of maintaining records or recording transactions which materially affect any statements filed with the Awarding Authority, including in his/her description the date of the change and reasons therefor, and shall accompany said description with a letter from the Contractor's independent certified public accountant approving or otherwise commenting on the changes, and

(4) the Contractor has filed a statement of management on internal accounting controls as set forth in Subparagraph 20.7.2 below prior to the execution of the Contract, and

(5) the Contractor has filed prior to the execution of the Contracts and will continue to file annually, an audited financial statement for the most recent completed fiscal year as set forth in Subparagraph 20.7.3 below.

20.7.2 Every Contractor awarded a contract shall file with the Awarding Authority a statement of management as to whether the system of internal accounting controls of the Contractor and its subsidiaries reasonably assures that:

(1) transactions are executed in accordance with management's general and specific authorization;

(2) transactions are recorded as necessary

i. to permit preparation of financial statements in conformity with generally accepted accounting principles, and

ii. to maintain accountability for assets;

(3) access to assets is permitted only in accordance with management's general or specific authorization; and

(4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action was taken with respect to any difference.

Chapter 30

Every Contractor awarded a contract shall also file with the Awarding Authority a statement prepared and signed by an independent certified public accountant, stating that s/he has examined the statement of management on internal accounting controls, and expressing an opinion as to

(1) whether the representations of management in response to this paragraph and Subparagraph 20.7.1 above are consistent with the result of management's evaluation of the system of internal accounting controls and

(2) whether such representations of management are, in addition, reasonable with respect to transactions and assets in amounts which would be material when measured in relation to the applicant's financial statements.

20.7.3 Every Contractor awarded a contract by the Commonwealth or by any political subdivision thereof shall annually file with the Deputy Commissioner of Capital Planning and Operations during the term of the contract a financial statement prepared by an independent certified public accountant on the basis of an audit by such accountant. The final statement filed shall include the date of final payment. All statements shall be accompanied by an accountant's report. Such statements shall be made available to the Awarding Authority upon request.

20.7.4 Records and statements required to be made, kept or filed under the provisions of M.G.L. c.30 §39R shall not be public records as defined in M.G.L. c.4 §7, and shall not be open to public inspection; provided, however, that such records and statements shall be made available pursuant to the provisions of Subparagraph 20.7.1(2).

20.7.5 As used in this Paragraph 20.7, the following terms have the meanings set forth below:

(1) "Contractor" means any person, corporation, partnership, joint venture, sole proprietorship, or other entity awarded a contract pursuant to section thirty-nine M of chapter thirty, sections forty-four A through H, inclusive, of chapter one hundred and forty-nine and sections thirty B through thirty P, inclusive, of chapter seven.

(2) "Contract" means any contract awarded or executed pursuant to sections thirty B through thirty P, inclusive, of chapter seven and any contract awarded or executed pursuant to section thirty-nine M of chapter thirty, or sections forty-four A through H, inclusive, of chapter one hundred and forty-nine, which is for an amount or estimated amount greater than one hundred thousand dollars.

(3) "Records" means books of original entry, accounts, checks, bank statements and all other banking documents, correspondence, memoranda, invoices, computer printouts, tapes, discs, papers and other documents or transcribed information of any type, whether expressed in ordinary or machine language.

(4) "Independent Certified Public Accountant" means a person duly registered in good standing and entitled to practice as a certified public accountant under the laws of the place of his/her residence or principal office and who is in fact independent. In determining whether an accountant is independent with respect to a particular person, appropriate consideration should be given to all relationships between the accountant and that person or any affiliate thereof. Determination of an accountant's independence shall not be confined to the relationships existing in connection with the filing of reports with the awarding authority.

(5) "Audit", when used in regard to financial statements, means an examination of records by an independent certified public accountant in accordance with generally accepted accounting principles and auditing standards for the purpose of expressing a certified opinion thereon, or, in the alternative, a qualified opinion or a declination to express an opinion for stated reasons.

(6) "Accountant's Report", when used in regard to financial statements, means a document in which an independent certified public accountant indicates the scope of the audit which s/he has made and sets forth his/her opinion regarding the financial statements taken as a whole with a listing of noted exceptions and qualifications, or an assertion to the effect that an overall opinion cannot be expressed. When an over-all opinion cannot be expressed the reason therefor shall be stated. An accountant's report shall include as a part thereof a signed statement by the responsible corporate officer attesting that management has fully disclosed all material facts to the independent certified public accountant, and that the audited financial statement is a true and complete statement of the financial condition of the contractor.

(7) "Management", when used herein, means the chief executive officers, partners, principals or other person or persons primarily responsible for the financial and operational policies and practices of the contractor.

**20.8 Price Reduction for Defective Cost or Pricing Data**

20.8.1. The following provision is applicable if this Contract is in excess of $500,000.00.

20.8.2. This provision shall become operative only for any Change Order or claim settlement under this Contract involving aggregate increases and/or decreases in costs, plus applicable profits, of more than $100,000.00 except that this provision does not apply to any change to the Contract for which the price of the work involved in the change is:

20.8.2.1. Based on adequate price competition;

20.8.2.2. Based on established catalog or market prices of commercial items sold in substantial quantities to the general public; or

20.8.2.3. Set by Laws or Regulations.

20.8.3. If any price, including profit, negotiated in connection with any Change Order, or claim settlement under this provision, was increased by any significant amount because (1) the Contractor or a Subcontractor, Supplier, other person or organization furnished Cost or Pricing data that were not complete, accurate, and current as certified in his Certificate of Current Cost or Pricing Data; (2) a designated or prospective Subcontractor, Supplier other person or organization furnished the Contractor Cost or Pricing data that were not complete, accurate, and current as certified in the Contractor's Certificate of Current Cost or Pricing Data; or (3) any of these parties furnished data of any description that were not accurate, the price shall be reduced accordingly and the Contract shall be adjusted to reflect the reduction. This right to a decrease in Contract Price is limited to that resulting from defects in data relating to amendments to the Contract for which this provision becomes operative under paragraph 20.8.2., above.

20.8.4. Any decrease in Contract Price under paragraph 20.8.3., above due to defective data from a designated or prospective Subcontractor, Supplier, other person or organization that was subsequently not awarded the Subagreement (or purchase order), shall be limited to the amount, plus applicable overhead and profit markup, by which (1) the actual Subagreement (or purchase order) or (2) the actual cost to the Contractor, if there was no Subagreement (or purchase order), was less than the prospective Subagreement (or purchase order) cost estimate submitted by the Contractor, provided that the actual tract (or purchase order) price was not itself affected by defective Cost or Pricing data.

20.8.5. Before awarding any Subagreement (or purchase order) expected to exceed $100,000.00 when entered into, or pricing any Change Order or claim settlement under Article 13 of the General Conditions involving a pricing adjustment expected to exceed $10,000.00, the Contractor shall require the Subcontractor, Supplier, other person or organization to submit Cost or Pricing data (actually or by specific identification in writing), unless the price is:

20.8.5.1. Based on adequate price competition;

20.8.5.2. Based on established catalog or market prices of commercial items sold in substantial quantities to the general public; or

20.8.5.3. Set by Laws or Regulations.

20.8.5.4. The Contractor shall require such Subcontractor, Supplier, other person or organization to certify in substantially the form prescribed in the Contract Documents that, to best of his knowledge and belief, the data submitted under paragraph 20.8.5. above were accurate, complete, and current as of the date of agreement on the negotiated price of the Subagreement (or purchase order) or Change Order, or claim settlement affecting the Subagreement.

20.8.5.5. The Contractor shall insert the substance of this provision, including this paragraph, in each Subagreement (or purchase order) that exceeds $100,000.00 when entered into.

0038