UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10487-GAO

INSITUFORM TECHNOLOGIES, INC.,
Plaintiff

v.

AMERICAN HOME ASSURANCE CO.,
Defendant

MEMORANDUM AND ORDER
March 30, 2005

O'TOOLE, D.J.

In this action, Insituform seeks insurance coverage for expenses it incurred correcting defects in its work on a construction project. Insituform alleges that its insurance claim is covered by Endorsement No. 4 attached to an excess liability insurance policy issued by American Home. It makes no argument that its claim is covered by the standard terms and conditions of that policy. On summary judgment, the principal dispute concerns the proper construction of the terms of Endorsement No. 4.

Endorsement No. 4 contains the primary heading, "CONTRACTOR'S ENDORSEMENT," and two subheadings. Under the first subheading, "Excluded Hazards," the endorsement indicates that the "insurance does not apply to" four categories of "Property Damage" and/or "Bodily Injury" that are designated 1, 2, 3, and 4. Under the second subheading, "Following Form Hazards," the endorsement indicates that "[i]t is further agreed that this insurance does not apply to" certain "Property Damage" designated 1(a), (b) and (c) and "[a]ny liability assumed by the Insured under any contract or agreement," which is designated 2. Without more, it would be clear that all of the

"Property Damage," "Bodily Injury," and "liability" described in both the Excluded Hazards section and the Following Form Hazards section would be excluded from the insurance coverage. The endorsement, however, concludes with the following:

> However, if insurance for such **Bodily Injury** or **Property Damage** is provided by a policy listed in the Schedule of Underlying Insurance:
>
> 1. This exclusion shall not apply; and
>
> 2. The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.
>
> All other terms and conditions of this policy remain unchanged.

(bold emphasis in original). The issue to be resolved is whether the However clause modifies all of the preceding text, that is, both the Excluded Hazards and the Following Form Hazards (as Insituform argues), or only the immediately preceding text, that is, only the Following Form Hazards (as American Home argues).

Generally, "[t]he interpretation of an insurance contract is no different from the interpretation of any other contract . . . ." Hakim v. Massachusetts Insurers' Insolvency Fund, 675 N.E.2d 1161, 1164 (Mass. 1997).[1] "[T]he words of the policy" must be construed "in their usual and ordinary sense," id., taking into account "what an objectively reasonable insured, reading the relevant policy

---

[1] In their summary judgment submissions, the parties agree that either Massachusetts or Missouri law applies to this dispute and that any dispute concerning which law applies need not be resolved at this stage because the laws of Massachusetts and Missouri are similar with respect to construction of an insurance policy. I therefore do not resolve the choice of law issue, but rather refer to statements of the relevant principles under Massachusetts decisions, which may be taken – in light of the parties' agreement – as statements of the principles under Missouri law as well.

2

language, would expect to be covered," Hazen Paper Co. v. United States Fidelity and Guar. Co., 555 N.E.2d 576, 583 (Mass. 1990).  However, if an ambiguity exists and "there is more than one rational interpretation of policy language," then "the insured is entitled to the benefit of the [interpretation] more favorable to it." Hakim, 675 N.E.2d at 1165 (internal quotations and citations omitted).  "This rule of construction applies with particular force to exclusionary provisions"; ambiguous exclusions from coverage must be construed strictly against the insurer. Id.  Here, the language of Endorsement No. 4 is ambiguous, permitting more than one rational interpretation, and must be construed in Insituform's favor.

According to Insituform, the However clause must be read to modify both the Excluded Hazards and the Following Form Hazards portions of the endorsement.  The principal justification for this interpretation is that the term "Bodily Injury," appearing in the However clause, would otherwise be superfluous.  The However clause refers to "such Bodily Injury or Property Damage" (emphasis added), the word "such" indicating that the clause modifies the earlier use of the terms "Bodily Injury" and "Property Damage" in the endorsement.  The term "Property Damage" appears in both the Excluded Hazards section and the Following Form Hazards section, but the term "Bodily Injury" appears only in the former section.  It is not unreasonable, therefore, to read the However clause to modify both of those sections because if it modified only the Following Form Hazards section, the reference to "such Bodily Injury" would be meaningless.

In addition, Insituform points out that its interpretation of the However clause in the Contractor's Endorsement would be consistent with the substance of similar provisions in other endorsements to its American Home excess policy.  In other words, in analogous circumstances, the parties, in clearer terms, evinced an intention to "follow form" to the underlying comprehensive

3

general liability policy, and it is therefore reasonable to think that that was their intention in the Contractor's Endorsement as well.

On the other hand, American Home argues that the However clause can be read, according to its placement in the text, as modifying only the Following Form Hazards. Under this interpretation, then the term "Bodily Injury" is not surplusage, American Home argues, because it refers back to the phrase "Any liability assumed by the Insured" as described in the Following Form Hazards 2, "any liability" presumably including the possibility of liability for "Bodily Injury." This construction is perhaps literally possible, but it seems unlikely. The term "liability" (lower case "l") is not a defined term in the contract. American Home's interpretation inclines to treating an undefined term as a load-bearing member, something insurance contracts seldom do.

The better argument from American Home's side rests on the typographical organization of the endorsement. The page is divided by two subheadings, "Excluded Hazards" and "Following Form Hazards," with the However clause seemingly placed in the text under the latter. This suggests an intention to confine its reach to the text with which it is apparently grouped under the common subheading. But this interpretation would emphasize placement over meaning, because, as noted above, it requires ignoring part of the substance of the section ("such Bodily Injury") as surplusage.

In the end, neither side's proposal is wholly unreasonable, and neither's is entirely satisfactory. Although the parties strain mightily to solve the language puzzle, they each end up with pieces left over. The simple but unhappy fact is that one interpretation of the endorsement is not so superior to the other that it can be said to be the "better" one. The endorsement is the apparent outcome of some careless drafting, probably induced by the inattentive overemployment of a word processor's cut-and-paste function. (Who among us has not committed that sin?)

In this circumstance, the tie-breaking rule must be invoked. Though perhaps not less plausible than the alternative, the insurer's interpretation must be rejected where it cannot be said that it is more plausible. A tie results in victory being awarded to the insured, under the settled principle mentioned above. Although it would perhaps be more edifying if the contract could be confidently construed to have an unambiguous meaning, the hope for such a result should not tempt us into a pretended clarity so that resort to the tie-breaker would be unnecessary. Tie-breaking rules exist to be employed in such circumstances, and there is no embarrassment in their proper use. Accordingly, as proposed by Insituform, I construe the However clause in Endorsement No. 4 to modify both the Excluded Hazards and the Following Form Hazards sections of the endorsement. Consequently, those hazards "follow form" (as that term is used in the parties' submissions) to the primary insurance policy issued by Liberty Mutual Insurance Company to Insituform, as it is uncontroverted that the Liberty policy is "a policy listed in the Schedule of Underlying Insurance."

The parties have also cross-moved for summary judgment on count three of Insituform's complaint, which alleges a violation of Mo. Rev. Stat. § 375.420 (2002). That statute allows an insured to recover attorney's fees, costs, and penalties from an insurance company when it appears that the insurer has refused to pay a claim "without reasonable cause or excuse." American Home's motion for summary judgment is granted and Insituform's motion is denied with respect to count three. In light of the hopelessly ambiguous language in Endorsement No. 4, which could plausibly be interpreted in American Home's favor, Insituform will not be able to establish that American Home denied its claim "without reasonable cause or excuse." See Perkins v. Philadelphia Life Ins. Co., 586 F. Supp. 296, 300-01 (W.D. Mo. 1984) (insurer's denial of life insurance claim did not violate §

375.420 where state statute and regulation governing insurance claim at issue "creates an ambiguous and confusing situation for insurance companies").

Accordingly, Insituform's motion for partial summary judgment is granted with respect to count two, seeking a declaration as to the proper construction of the terms of Endorsement No. 4 of the insurance policy, and American Home's motion is granted with respect to count three of the complaint. The respective cross-motions are denied in all other respects.

It is SO ORDERED.

| | |
|---|---|
| March 30, 2005 | \s\ George A. O'Toole, Jr. |
| DATE | DISTRICT JUDGE |