UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 04-10487 GAO |
| AMERICAN HOME ASSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**AMERICAN HOME ASSURANCE COMPANY'S MOTION FOR RECONSIDERATION OF THE COURT'S MEMORANDUM AND ORDER DATED MARCH 30, 2005**

Defendant American Home Assurance Company ("American Home") moves this Court to reconsider its Memorandum and Order dated March 30, 2005 (the "March 30, 2005 Order") insofar as it granted plaintiff Insituform Technologies, Inc.'s ("Insituform") motion for partial summary judgment with respect to Count II of the Complaint. As set forth below, the Court's declaration of coverage in favor of Insituform on Count II is not supported by the record and is based on an incomplete legal analysis. In support of its Motion, American Home respectfully states as follows:

**I.    There is No Evidence or Factual Finding Establishing Coverage for the MWRA Claim Under the Hazards Listed in Endorsement No. 4 of the American Home Policy.**

1.    In its March 30, 2005 Order, the Court found that Endorsement No. 4 of the American Home excess liability insurance policy (the "American Home Policy") issued to Insituform is ambiguous and, therefore, construed the "However" clause in that endorsement to

modify both the "Excluded Hazards" and the "Following Form Hazards" sections of the endorsement.

2. Because the "However" clause as construed by the Court modifies all hazards listed in Endorsement No. 4, the Court concluded that "**those hazards** 'follow form' . . . to the primary insurance policy issued by Liberty Mutual Insurance Company to Insituform." (Emphasis added).

3. The effect of the Court's conclusion in this regard is that, to the extent the underlying Liberty Mutual policy provides coverage for any of the **eight (8) specific hazards** set forth in Endorsement No. 4, the American Home Policy also provides coverage for those hazards.

4. The Court's March 30, 2005 Order does **not** result in a declaration that the American Home Policy follows form to the **entire** Liberty Mutual policy, a position even Insituform rejects. (Insituform's Response to American Home Statement of Undisputed Facts ¶ 13.) Rather, the American Home Policy only "follows form" for those specific hazards listed in Endorsement No. 4.

5. The March 30, 2005 Order contains no factual finding that the underlying MWRA Claim[1] for which Insituform seeks coverage actually comes within **any** of the eight (8) hazards listed in Endorsement No. 4.

6. As American Home argued in its previous submissions, regardless of whether some or all of the Endorsement No. 4 hazards "follow form" to the Liberty Mutual policy, none of them provide coverage for the MWRA Claim.

---

1   Insituform seeks coverage for costs it allegedly incurred in having to repair and replace a sewer pipe liner it negligently installed. (Complaint, ¶¶ 17-20.) The alleged damage to the sewer pipe occurred **after** Insituform
*(Footnote continued on next page)*

7.      Insituform bears the burden of proof to establish coverage under the American Home Policy.  See Trustees of Tufts Univ. v. Commercial Union Ins. Co., 415 Mass. 844, 853 (1993) ("The burden of showing that property damage occurred within the coverage of the policies is on the insured."); National Union Fire Ins. Co. v. Structural Sys. Tech., Inc., 964 F.2d 759, 760 (8th Cir. 1992) ("[I]n Missouri the insured has the burden of proving that the loss and damages claimed are covered by the insuring provisions . . . .").  Insituform has submitted no evidence, thereby failing to meet its burden of proof, that the MWRA Claim falls within one of the eight (8) hazards listed in Endorsement No. 4.

8.      In its March 30, 2005 Order, the Court appeared to assume that the hazards listed in Endorsement No. 4 provide the same coverage as that provided by the Contractor Rework Coverage Amendment in the Liberty Mutual primary policy.  They do not.  Unlike the Contractor Rework Coverage Amendment in the primary policy, Endorsement No. 4 contains no reference to "rework."  (American Home Statement of Undisputed Facts, ¶¶ 14, 23.)  In addition, coverage is granted under the Contractor Rework Coverage Amendment for "your product" and "your work," (American Home Statement of Undisputed Facts, ¶ 14), but Endorsement No. 4 contains neither of these terms.  In fact, Endorsement No. 4 does not even mention the Contractor Rework Coverage Amendment in the Liberty Mutual policy.

9.      The only hazard in Endorsement No. 4 that remotely resembles the MWRA Claim, Excluded Hazard No. 2, does not apply.[2]  Based on its plain language, written in the **present** tense, Excluded Hazard No. 2 ("**Property Damage** to property *being* installed, erected or worked upon by the **Insured** or by any agents or subcontractors of the **Insured**"), applies only

---

*(Footnote continued from previous page)*
   completed its work on the MWRA project.  (Complaint, ¶ 18) ("After Insituform finished the job, it was notified that there was some leaking occurring at the ends of the new liner installed.").

to ongoing operations, and not completed operations, the type of claim at issue here.  Thus, pursuant to the March 30, 2005 Order, Excluded Hazard No. 2 provides coverage for property damage to property **being** worked on by Insituform which is **not yet completed**, if the Liberty Mutual policy provides such coverage.  Because the MWRA Claim is based on Insituform's completed operations, no coverage is available under Excluded Hazard No. 2.

10.     Accordingly, even if Endorsement No. 4 is ambiguous, as the Court has concluded, there is no coverage for the MWRA Claim under the American Home Policy, because there is no evidence or factual finding that the MWRA Claim actually falls within any of the Excluded Hazards or Following Form Hazards in Endorsement No. 4.  In these circumstances, Insituform's motion for partial summary judgment must be denied.

**II.     There is No Coverage for the MWRA Claim Under the Standard Terms and Conditions of the American Home Policy.**

11.     In its March 30, 2005 Order, the Court also found that Insituform is **not** claiming that the MWRA Claim is covered by the standard terms and conditions of the American Home Policy.

12.     Insituform's concession is fatal to its claim under the American Home Policy.  As American Home argued in its summary judgment memoranda, and Insituform conceded, the standard terms and conditions of the American Home Policy specifically exclude coverage for faulty workmanship by excluding coverage for property damage to "Your Work" and "Your Product."  (See Exclusions F & G at 6, of the American Home Policy; see also American Home Assurance Company's Memorandum in Support of its Cross-Motion for Summary Judgment and Opposition to Insituform Technologies, Inc.'s Motion for Partial Summary Judgment, at 10-11).

---

*(Footnote continued from previous page)*
2     None of the other Excluded Hazards, Nos. 1, 3 or 4, on their face apply to the MWRA Claim.

13.     As the costs for which coverage is sought here result from Insituform's failure to properly install its product, no coverage is available under the standard terms and conditions of the American Home Policy.

14.     Even under the Court's analysis in its March 30, 2005 Order, the "However" clause modifies only those hazards listed in Endorsement No. 4.  Endorsement No. 4 does not refer to or modify any other terms and conditions of the American Home Policy.  In fact, the endorsement expressly states that "[a]ll other terms and conditions of this policy remain unchanged."

15.     Therefore, even if Endorsement No. 4 is ambiguous, and even if the "However" clause applies to both the hazards listed in the "Following Form Hazards" and the "Excluded Hazards" sections, it does not modify or change any of the other standard terms and conditions of the American Home Policy, including Exclusions F ("Your Product") and G ("Your Work").  Put another way, regardless of how the Court construes Endorsement No. 4 – whether it is ambiguous or not – it does not modify Exclusions F and G of the American Home Policy.

16.     It is well settled that exclusions in insurance policies must be read and applied independently of each other and that if any one exclusion applies, coverage is barred. See Barry R. Ostrager & Thomas R. Newman, Handbook on Insurance Coverage Disputes § 1.03[b] at 20 (12th ed. 2004) ("Each exclusion in a policy is meant to be read with the insuring agreement, independently of every other exclusion."); 2 Lee R. Russ, Couch on Insurance §22:30 at 22-65 (3d ed. 2000) ("[E]ach separate exclusion must be separately construed.").  In this case, as conceded by Insituform, coverage is plainly barred by the standard terms and conditions of the American Home Policy, including Exclusions F and G, which were **not** modified by

Endorsement No. 4 and, therefore, remain in full force and effect.  Thus, Exclusions F and G still apply to bar coverage and Insituform's motion for partial summary judgment must be denied.

WHEREFORE, for each of the foregoing reasons, American Home requests that this Honorable Court:

1. Grant its Motion for Reconsideration of the Court's Memorandum and Order dated March 30, 2005;

2. Deny Insituform's Motion for Partial Summary Judgment and grant American Home's Cross-Motion for Summary Judgment in its entirety; and

3. Grant such other further relief as the Court deems just and appropriate.

## LOCAL RULE 7.1(A) CERTIFICATION

The undersigned certifies that he conferred with counsel for plaintiff on April 4, 2005, in a good faith effort to resolve or narrow the issues presented by this Motion, but was unable to do so.

/s/ G. Deschenes
Gregory P. Deschenes

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), American Home requests a hearing on this motion and believes that oral argument will assist the Court.

- 7 -

                AMERICAN HOME ASSURANCE COMPANY,

                By its attorneys,

                _____/s/ G. Deschenes_____
                Gregory P. Deschenes (BBO #550830)
                Gregg A. Rubenstein (BBO #639680)
                NIXON PEABODY LLP
                100 Summer Street
                Boston, Massachusetts  02110
                (617) 345-1000
                (617) 345-1300 (facsimile)

Dated:  April 7, 2005

BOS1479877.2