IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04 10487 GAO |
| AMERICAN HOME ASSURANCE COMPANY, | ) |
| Defendant. | ) |

**INSITUFORM TECHNOLOGIES, INC.'S RESPONSE TO
AMERICAN HOME'S MOTION FOR RECONSIDERATION
OF THE COURT'S MEMORANDUM AND ORDER DATED MARCH 30, 2005**

Plaintiff Insituform Technologies, Inc. ("Insituform"), by its attorneys, hereby responds to American Home Assurance Company's ("American Home") Motion for Reconsideration of the Court's Memorandum and Order Dated March 30, 2005 as follows:

I.  **AMERICAN HOME RAISES NOTHING THAT WARRANTS RECONSIDERATION**

Reconsideration is not an opportunity chance for the disappointed litigant to "rehash" previously launched, but defeated arguments. *In re Oil Spill by Amoco Cadiz*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Nor is reconsideration an opportunity to float new theories that could have and should have been made before judgment issued. *Harley Davidson Motor Co. v. Bank of New England*, 894 F. Supp. 611, 616 (1st Cir. 1990). Motions for reconsideration "must clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to argue a new legal theory." *FDIC v. World Industry, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (citation omitted).

American Home has identified neither a manifest error of law nor any newly discovered evidence. Instead, American Home rehashes old arguments or floats new legal theories that

could have been made during the original briefing. Accordingly, American Home's motion for reconsideration should be denied out of hand.

II. **AMERICAN HOME OFFERS NEW ARGUMENTS ABOUT THE MEANING OF THE "HOWEVER" CLAUSE**

American Home's sole basis for denial of the MWRA Claim was that its Contractor's Endorsement did not follow form to the primary policy's Contractor Rework Coverage Amendment. American Home Answer, ¶ 24. Insituform devoted its motion for partial summary judgment to challenging the sole reason advanced by American Home for its denial of Insituform's coverage claim.

Specifically, Insituform chronicled how the "However" clause[1] in the American Home policy caused the umbrella to follow form to specific coverages in the underlying primary policy. Insituform Memorandum, pp. 8-12. In addition, Insituform cited court authority interpreting substantially similar wording and holding that the "However" clause caused the umbrella policy to provide coverage for whatever the primary policy gave the insured, with the only limitation being that coverage cannot be broader than the primary policy. Insituform Memorandum, pp. 12-13, *citing, Gould, Inc. v. Arkwright Mutual Ins. Co.*, 907 F. Supp. 103, 107 (M.D. Pa. 1995).

American Home could have challenged the holding in *Gould*, but it did not. Instead, American Home dedicated its response and cross-motion for summary judgment to whether the "However" clause referred to all eight hazards set forth in the Contractor's Endorsement or just

---

[1] The "However" clause provides:

> However, if insurance for such **Bodily Injury** or **Property Damage** is provided by a policy listed in the Schedule of Underlying Insurance:
>
> 1. This exclusion shall not apply; and
> 2. The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance. (Bold face in original.)

Insituform's Motion for Partial Summary Judgment, Exhibit B, at I-134

2

the "following form hazards." It is now too late for American Home to float new coverage defenses about the meaning of the "However" clause.

Even if the Court were to consider American Home's after-the-fact arguments concerning the effect of the "However" clause, they are of no avail.

A.      **American Home Follows Form To The Liberty Mutual Primary.**

In paragraphs three and four of the Motion for Reconsideration, American Home argues that "The American Home policy only 'follows form' for those specific hazards listed in Endorsement No. 4." Motion for Reconsideration, ¶ 4. Essentially, American Home argues that the American Home policy follows form to itself. It does not.

American Home follows form to the primary "if such 'Bodily Injury' or 'Property Damage' is provided by [a scheduled primary] policy." It is undisputed that the Liberty Mutual Contractor Rework Coverage Amendment covers property damage to property being installed by Insituform. Therefore, American Home follows form to the Contractor Rework Coverage Amendment, the only restriction being that American Home's Contractor's Endorsement does not provide coverage which is broader than Liberty Mutual's Contractor Rework Coverage Amendment. *Gould*, 907 F. Supp. at 107.

Moreover, American Home's argument would defeat the fundamental purpose of following form insurance, *i.e.*, to create concurrency between two policies. *United Fire & Cas. Co. v. Arkwright Mut. Ins. Co.*, 53 F. Supp. 2d 632, 641 (S.D.N.Y. 1999) ("the purpose of following form is to achieve concurrency between the reinsured contract and the policy of reinsurance...."). Here, the parties employed the "However" clause to cause the American Home policy to extend coverage for the contractor's risks covered by the Liberty Mutual primary and to do so concurrently.

3

American Home's new found argument that it only covers risks specified in the Contractor's Endorsement would destroy any concurrency between the primary policy and the umbrella. It also renders the second prong of the "However" clause surplusage. Thus, the interpretation is unreasonable.

### B.   Liberty Mutual's Primary Policy Covers The MWRA Claim.

At paragraphs 5-10 of its Motion, American Home argues that Insituform offered no evidence, and the court made no factual finding that the underlying MWRA Claim falls within any of the eight hazards listed in American Home's Contractor's Endorsement. However, the issue has never been whether the MWRA Claim falls within the terms of the American Home policy or its Contractor's Endorsement. The issue is, and has always been, whether the American Home policy follows form to the underlying Liberty Mutual policy's Contractor Rework Coverage Amendment.[2]

This Court properly concluded that the Contractor's Endorsement in the American Home policy causes the American Home policy to follow form to the Liberty Mutual primary policy with respect to the Contractor Rework Coverage Amendment, so that: "Whatever [the primary] policy gave the insured will be applicable in [the umbrella] policy. The only limitation is that the coverage cannot be broader than the [primary] policy." *Gould*, 907 F. Supp. at 107. Whether the MWRA Claim falls within the terms of American Home's Contractor's Endorsement is an irrelevant and improper consideration.

Whether the MWRA Claim is covered by Liberty Mutual's Contractor Rework Coverage Amendment would be relevant if American Home had denied coverage on the grounds that the Liberty Mutual policy does not cover all or part of MWRA Claim. But American Home did not.

---

[2] American Home admitted that its sole ground for denial was that the American Home policy does not follow form to the primary policy. American Home Answer to Insituform complaint, ¶ 24.

4

Moreover, there can be no good faith dispute that the Liberty Mutual Contractor Rework Coverage Amendment provides coverage for the MWRA Claim. Insituform submitted the MWRA Claim to Liberty Mutual and American Home. The amount of the claim when originally submitted was $6,824,000. Kelley Supplemental Affidavit, ¶ 2. Liberty Mutual investigated the MWRA Claim and determined that the claim was covered under the primary policy. Kelley Supplemental Affidavit, ¶ 1, Exh. A. Liberty Mutual made indemnification payments to Insituform on account of the MWRA Claim in satisfaction of the primary policy limit of liability. Kelley Supplemental Affidavit, ¶ 3, Exh. B[3].

Because American Home follows form to the Liberty Mutual Contractor Rework Coverage Amendment, American Home also covers the MWRA Claim up to the policy limit of liability. Therefore, all that remains in this case is a determination of Insituform's damages by virtue of American Home's improper denial.

C.   **American Home Is Estopped From Raising New Found Defenses.**

The only grounds upon which American Home denied coverage for the MWRA Claim is that the American Home policy did not follow form to the Liberty Mutual Contractor Rework Amendment. American Home Answer, ¶ 24. The case authorities pertaining to what constitutes an appropriate subject matter for reconsideration preclude American Home from raising new arguments that could have been raised on the original summary judgment. *FDIC,* 978 F.2d at 16. In addition, the substantive law of Missouri and Massachusetts also bar new found denial theories. An insurer, having denied liability on a specific ground, may not thereafter deny liability on a different ground. *Brown v. State Farm Mut. Auto Ins. Co.,* 776 S.W.2d 384, 386

---

[3] The Supplemental Affidavit of Robert Kelley and the exhibits attached thereto have been submitted to the Court with Plaintiff's Motion for Leave to Supplement the Record. As of the date of filing of this opposition, the defendant has not yet responded to that motion, nor has the motion been ruled upon by the Court.

5

(Mo. banc 1989); *Jimmy's Diner, Inc. v. Liquor Liability Joint Underwriting Ass'n of Massachusetts*, 410 Mass. 61, 64, 571 N.E.2d 4, 6 (1991).

This rule, based in estoppel, requires (1) an admission, statement or act inconsistent with the claim afterwards asserted and sued upon; (2) action by the other party on the faith of such admission, statement or act; and (3) injury to such other party, resulting from allowing the first party to contradict or repudiate the admission, statement or act. *Burns Nat'l Lock Installation Co. v. American Family Mut. Ins. Co.*, 61 S.W.3d 262, 267 (Mo. App. 2001).

Here, each element is satisfied. American Home originally denied the MWRA Claim on the grounds that it was barred by the "your work" and "your work product" exclusions in the policy jacket, without regard to the Contractor's Endorsement. American Home subsequently revised its denial by advising Insituform that the Contractor's Endorsement did not cause the American Home umbrella to follow form to the primary policy's Contractor Rework Coverage Amendment. American Home Answer, ¶ 24.

As a result of American Home's wrongful denial, Insituform has expended over $5 million that should have been indemnified by American Home. Thereafter, Insituform relied on American Home's representation by filing suit and then drafting and prosecuting a motion for partial summary judgment dedicated to the sole grounds for denial. Insituform would be injured if American Home were permitted to repudiate its denial and raise new theories in defense of coverage for the MWRA Claim.

Since the Court has addressed the sole basis for American Home's denial and concluded that the American Home policy does follow form to Liberty Mutual's Contractor Rework Coverage Amendment, American Home covers the MWRA Claim up to the policy limit of

liability. Therefore, all that remains as to Count I, Breach of Contract, is the determination of Insituform's damages by virtue of American Home's improper denial.

### III. AMERICAN HOME REHASHES ITS "FAULTY WORKMANSHIP" ARGUMENT

At page 10 of its Memorandum in Opposition to Insituform Motion for Summary Judgment and in support of its own cross-motion for summary judgment, American Home argues that the "faulty workmanship" exclusions in the American Home policy jacket (provisions that exclude coverage for property damage to "your work" and "your product") bar coverage for the MWRA Claim. American Home Memorandum, pp. 10-11.

American Home rehashes the same argument at paragraphs 11-16 of the Motion for Reconsideration. The argument is preposterous in that it would make all of the following form provisions in the American Home policy.

The Liberty Mutual Contractor Rework Coverage Amendment specifically excepts the "your work" and "your product" exclusions with respect to the coverage provided by that endorsement. The American Home policy follows form to Liberty Mutual's Contractor Rework Coverage Amendment. Therefore, "Whatever [the primary] policy gave the insured will be applicable in [the umbrella] policy. The only limitation is that the coverage cannot be broader than the [primary] policy." *Gould*, 907 F. Supp. at 107.

### VI. CONCLUSION

This Court properly entered summary judgment as to Count II for declaratory relief in Insituform's favor. The only issue remaining to be determined with respect to Count I – Breach of Contract, is the measure of Insituform's damages. Accordingly, Insituform respectfully requests that this Court deny American Home's motion for reconsideration and schedule this matter for a hearing at which Insituform will prove up its damages.

|  |  |
|---|---|
| April 25, 2005 | Respectfully submitted,<br><br>INSITUFORM TECHNOLOGIES, INC.<br><br>By: __/s/ Stanley A. Martin__<br>Stanley A. Martin, Esq.<br>Holland & Knight LLP<br>10 St. James Avenue<br>Boston, MA 02116<br>(617) 523-2700 |

Of counsel

Charles L. Philbrick, Esq.
Holland & Knight LLP
131 S. Dearborn St., 30th Fl.
Chicago, IL 60603-5547
(312) 263-3600

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the following document was served upon the attorney of record for the Defendant by virtue of electronically filing this document with the Court on the 25th day of April 2005:

Insituform Technologies, Inc.'s Response to American Home's Motion for Reconsideration of the Court's Memorandum and Order Dated March 30, 2005

By: __/s/ Stanley A. Martin__
Stanley A. Martin, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700