UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 04-10487 GAO |
| | ) | |
| AMERICAN HOME ASSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## AMERICAN HOME ASSURANCE COMPANY'S ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Defendant American Home Assurance Company ("American Home") hereby moves for leave to file the accompanying Reply Memorandum in Support of its Motion for Reconsideration of the Court's Memorandum and Order dated March 30, 2005 (the "Reply") attached as Exhibit A. In support of this Motion, American Home states the following:

1.     American Home's accompanying Reply is necessary to respond to certain arguments contained in Plaintiff Insituform Technologies, Inc.'s Response ("Insituform's Response") to American Home's Motion for Reconsideration not previously presented to the Court and will assist the Court in its consideration of the pending Motion for Reconsideration.

2.     It is in the interest of justice to permit American Home to file the Reply and the filing thereof will neither prejudice Plaintiff nor delay resolution of the pending Motion for Reconsideration.

3.     Counsel for Plaintiff assents to the relief requested in this Motion.

- 2 -

WHEREFORE, American Home requests that its Motion for Leave to File a Reply Memorandum be granted.

## LOCAL RULE 7.1(A) CERTIFICATION

By signing below, the undersigned certifies that he conferred with counsel for plaintiff on April 20, 2005 in a good faith effort to resolve or narrow the issue presented by this motion and that counsel for plaintiff assents to the relief requested in this Motion.

_____/s/ G. Deschenes_____
Gregory P. Deschenes

AMERICAN HOME ASSURANCE COMPANY,

By its attorneys,

_____/s/ G. Deschenes_____
Gregory P. Deschenes (BBO #550830)
Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000
(617) 345-1300 (facsimile)

Dated: April 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on April 28, 2005 and upon all parties registered for electronic notification via the Court's electronic filing system.

_____/s/ G. Deschenes_____
Gregory P. Deschenes

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 04-10487 GAO |
| | ) | |
| AMERICAN HOME ASSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**AMERICAN HOME ASSURANCE COMPANY'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S
MEMORANDUM AND ORDER DATED MARCH 30, 2005**

Defendant American Home Assurance Company ("American Home") submits this Reply

Memorandum to respond briefly to certain of the arguments contained in Plaintiff Insituform

Technologies, Inc.'s Response ("Insituform's Response") to American Home's Motion for

Reconsideration of the Court's Memorandum and Order dated March 30, 2005 (the "March 30,

2005 Order").

**ARGUMENT**

**I.      Insituform Has Argued the Wrong Legal Standard.**

Insituform first argues that motions for reconsideration "must clearly establish a manifest

error of law or must present newly discovered evidence.  They may not be used to argue a new

legal theory."  See Insituform's Response at 1.  However, the cases upon which Insituform relies

in making this argument are inapposite – they all address the standard for deciding a Rule 59(e)

motion to alter or amend a judgment.  In this case, no judgment has been entered and the proper

standard for American Home's Motion is governed by Rules 54(b) and 56(d), which establish

that any order or form of decision which adjudicates fewer than all of the claims in a case is

subject to the Court's revision at any time before the entry of judgment. See Alberty-Velez v.

Corporacion de Puerto Rico, 242 F.2d 418, 422 (1st. Cir. 2001), citing 10B C. Wright, A. Miller

& M. Kane, Federal Practice and Procedure § 2737 (3d ed. 1998) (the trial court retains

jurisdiction to modify an order issued pursuant to Rule 56(d) at any time prior to the entry of a

final judgment). Accordingly, this Court should not apply the wrong legal standard advocated

by Insituform.

**II.     Based on the Court's March 30, 2005 Order, the American Home Policy Follows Form to the Liberty Mutual Policy Only to the Extent of the Eight Specific Hazards Listed in Endorsement No. 4.**

In the March 30, 2005 Order, the Court found that Endorsement No. 4 of the American

Home excess liability insurance policy (the "American Home Policy") issued to Insituform is

ambiguous and, therefore, construed the "However" clause at the bottom of that endorsement to

modify both the "Excluded Hazards" and the "Following Form Hazards" sections of the

endorsement. Ruling that the "However" clause modifies all hazards listed in Endorsement No.

4, the Court concluded that "**those hazards** 'follow form' . . . to the primary insurance policy

issued by Liberty Mutual Insurance Company to Insituform." (Emphasis added). It did not rule,

as Insituform argues, that the American Home Policy generally follows form to whatever

coverage is provided in the Liberty Mutual policy.

Contrary to Insituform's assertion, American Home does not contend that the American

Home Policy "follows form to itself." See Insituform's Response at 3. Rather, as pointed out in

American Home's Motion for Reconsideration, the effect of the Court's conclusion is that, **to the**

**extent** the underlying Liberty Mutual policy provides coverage for any of the **eight (8) specific**

**hazards** set forth in Endorsement No. 4, the American Home Policy also provides coverage for

those hazards. In other words, the American Home Policy follows form to the Liberty Mutual

policy **only to the extent** that the MWRA Claim actually comes within any of the eight specific

hazards listed in Endorsement No. 4. Accordingly, American Home has moved for

reconsideration of the Court's March 30, 2005 Order on the grounds that (1) there is no evidence

or factual finding that the MWRA Claim actually falls within any of the eight hazards set forth in

Endorsement No. 4; and (2) Endorsement No. 4 does not modify the "Your Work" and "Your

Product" exclusions, which, as Insituform has conceded, plainly bar coverage for the MWRA

Claim.

> **A.     Insituform has conceded that the MWRA Claim does not fall within
> any of the eight specific hazards listed in Endorsement No. 4 of the
> American Home Policy.**

In responding to the Motion for Reconsideration, Insituform does not argue that the

MWRA Claim actually falls within any of the eight hazards listed in Endorsement No. 4 of the

American Home Policy. Instead, Insituform insists that it is irrelevant: "Whether the MWRA

Claim falls within the terms of American Home's Contractor's Endorsement is an irrelevant and

improper consideration." See Insituform's Response at 4.[1] Insituform's concession is fatal to its

claim.

The essence of Insituform's Response appears to be that the American Home Policy

broadly follows form to the Liberty Mutual policy, arguing that as a result of the "However"

clause in Endorsement No. 4, the American Home Policy provides coverage "for whatever the

primary policy gave the insured." See Insituform's Response at 2. However, that is not what

---

[1]     Insituform also argues that "[i]t is undisputed that the Liberty Mutual Rework Coverage Amendment covers
property damage to property *being installed* by Insituform." See Insituform's Response at 3 (Emphasis added).
However, that argument is irrelevant because the MWRA Claim is based on Insituform's *completed*
operations, not ongoing operations. As pointed out in American Home's Motion for Reconsideration, based on
its plain language, written in the **present** tense, Excluded Hazard No. 2 ("**Property Damage** to property *being*
installed, erected or worked upon by the **Insured** or by any agents or subcontractors of the **Insured**") applies
only to ongoing operations, and not completed operations, the type of claim at issue here. Thus, because the
MWRA Claim is based on Insituform's completed operations, no coverage is available under Excluded Hazard
No. 2.

- 4 -

Endorsement No. 4 says. The "However" clause in Endorsement No. 4 states, "if insurance for *such* **Bodily Injury** or **Property Damage** is provided by a policy listed in the Schedule of Underlying Insurance," this exclusion shall not apply. (Emphasis added). The word "such" operates as a term of limitation. Under any fair reading of the clause "*such* **Bodily Injury** or **Property Damage**", the term "such" refers to the hazards listed above in Endorsement No. 4, meaning that if the underlying Liberty Mutual policy provides coverage for any of those specific hazards listed in Endorsement No. 4, then the American Home Policy also provides coverage.[2] For example, under the Court's analysis in the March 30, 2005 Order, if the Liberty Mutual policy provides coverage for claims arising out of a project under a "wrap-up" or similar rating plan (see Excluded Hazard No. 2), then that exclusion in the American Home Policy would not apply and the American Home Policy would also provide coverage for a project under a "wrap-up" or similar rating plan. The "However" clause does not result in a *carte blanche* follow form now suggested by Insituform: "whatever [the primary] policy gave the insured will be applicable in [the umbrella] policy." Moreover, Insituform's interpretation is patently unreasonable since it would render superfluous the eight hazards listed in Endorsement No. 4. Accordingly, the American Home Policy does not generally follow form. If it did, Endorsement No. 4 would have simply said, in a one line endorsement, that American Home follows form to the Contractor Rework Coverage Amendment in the Liberty Mutual policy.[3]

---

[2] Accordingly to <u>Black's Law Dictionary</u>, the word "such" means "[i]dentical with, being the same as what has been mentioned" and is a "descriptive and relative word, referring to the last antecedent." <u>Black's Law Dictionary</u> at 1284 (5th Ed. 1979).

[3] Insituform also responded to American Home's Motion by filing Plaintiff's Motion for Leave to Supplement the Record on April 22, 2005. American Home has opposed Plaintiff's motion on the grounds that it is untimely and contains irrelevant and inadmissible hearsay evidence. While American Home does not believe that any of the "new evidence" is relevant, Insituform's apparent need to supplement the record at this late date only underscores American Home's argument that there is insufficient record evidence and factual findings to support the Court's March 30, 2005 Order. Further, while Insituform contends that Liberty Mutual covered the MWRA Claim under its policy, American Home is not bound by Liberty Mutual's coverage determinations.

- 5 -

In addition, Gould, Inc. v. Arkwright Mutual Ins. Co., 907 F. Supp. 103 (M.D. Pa. 1995), a case relied upon by Insituform, is clearly distinguishable. The "following form" provision in Gould differs markedly from the provision in this case, as it states: "this policy shall not apply, unless insurance is provided by a policy listed in the schedule of underlying insurance and then for no broader coverage than is afforded by such insurance." In this case, unlike in Gould, the "However" clause, by referring to "*such* **Bodily Injury** or **Property Damage**," expressly limits the "following form" coverage in the American Home Policy to those specific hazards listed in Endorsement No. 4.

Finally, Insituform argues that the fundamental purpose of following form insurance is "to create concurrency between two policies," citing United Fire & Cas. Co. v. Arkwright Mut. Ins. Co., 53 F.Supp. 2d 632, 641 (S.D.N.Y. 1999). See Insituform's Response at 3. The Arkwright case is inapplicable since it involves a reinsurance contract in which the reinsurer is presumed to follow all of the terms of the reinsured policy, absent express exclusions in the reinsurance contract. Id. at 641. Moreover, again, if the American Home Policy was intended to provide concurrent coverage with the Liberty Mutual policy for contractor's risks, with no limitations whatsoever, as Insituform argues, it would have said so. A review of Endorsement No. 4 reveals no language or intent to provide such concurrent coverage and, in any event, such an interpretation would render the eight hazards listed in Endorsement No. 4 superfluous.

**B.    Endorsement No. 4 does not modify the "Your Work" and "Your Product" exclusions, which, as Insituform has conceded, plainly bar coverage for the MWRA Claim.**

As pointed out in American Home's Motion for Reconsideration, under the Court's analysis in its March 30, 2005 Order, the "However" clause in Endorsement No. 4 modifies only those eight hazards listed in Endorsement No. 4. Endorsement No. 4 does not refer to or modify

- 6 -

any other terms and conditions of the American Home Policy. In fact, the endorsement expressly states that "[a]ll other terms and conditions of this policy remain unchanged."

In responding to the Motion, Insituform ignores this language in Endorsement No. 4 in favor of language in the Contractor Rework Coverage Amendment in the Liberty Mutual policy which specifically excepts the "your work" and "your product" exclusions. Insituform then insists that the American Home Policy "follows form" to Liberty Mutual's Contractor Rework Coverage Amendment. However, the language in Endorsement No. 4 of American Home, not the language in the Liberty Mutual policy, governs the extent to which the American Policy "follows form."

Unlike the Contractor Rework Coverage Amendment in the Liberty Mutual policy, Endorsement No. 4 contains no reference to "rework." (American Home Statement of Undisputed Facts, ¶¶ 14, 23.) In addition, while coverage is granted under the Contractor Rework Coverage Amendment for "your product" and "your work," (American Home Statement of Undisputed Facts, ¶ 14), Endorsement No. 4 contains neither of these terms. In fact, Endorsement No. 4 does not even mention the Contractor Rework Coverage Amendment in the Liberty Mutual policy.

Accordingly, even if Endorsement No. 4 is ambiguous, and even if the "However" clause applies to both the hazards listed in the "Following Form Hazards" and the "Excluded Hazards" sections, pursuant to its terms, it does not modify or change any of the other standard terms and conditions of the American Home Policy, including Exclusions F ("Your Product") and G ("Your Work"). As conceded by Insituform, coverage is plainly barred by the standard terms and conditions of the American Home Policy, including Exclusions F and G, which were **not** modified by Endorsement No. 4 and, therefore, remain in full force and effect.

**III.    Insituform's Estoppel Claim Should be Rejected.**

Insituform also argues that American Home should be estopped from raising new defenses in support of its denial of the MWRA Claim.  Insituform further argues that under Missouri and Massachusetts law, an insurer having denied liability on a specific ground may not thereafter deny liability on a different ground.  See Insituform's Response at 5.  Insituform is wrong on both the facts and the law.

First, American Home has not raised any new defenses.  Instead, American Home has consistently maintained that there is no coverage under the American Home Policy in connection with the MWRA Claim, and that the American Home Policy does not "follow form" to the Liberty Mutual policy under Endorsement No. 4 with respect to the MWRA Claim.  As Insituform admits, American Home originally denied the MWRA Claim on the grounds that the "your work" and "your product" exclusions in the American Home Policy bar coverage.  American Home also later disclaimed coverage on the ground that the American Home Policy does not "follow form" to the Liberty Mutual policy under Endorsement No. 4 with respect to the MWRA Claim.  See Insituform's Response at 6.

Second, American Home has expressly reserved all of its rights and defenses under the American Home Policy.  See letter dated February 13, 2004  from Juanita M. Britton to Insituform attached as Exhibit C to the Complaint.  Thus, Insituform could not have reasonably relied on any alleged representations made by American Home.

Third, estoppel requires proof that an insured relied to its detriment on the something the insurer did or did not do – it requires a showing of actual prejudice.  Merrimack Mut. Fire Ins. Co. v. Nonaka, 414 Mass. 187, 189, 606 N.E.2d 904 (1993).  Estoppel is disfavored in the law, and the party asserting estoppel has a "heavy burden" to prove each of the required elements.

- 8 -

See Salonen v. Paananen, 320 Mass. 568, 573 (1947); Harrington v. Fall River Hous. Auth., 27

Mass. App. Ct. 301, 309 (1989).  Here, there is no record evidence that Insituform relied to its

detriment on anything American Home did or did not do.

      Finally, the doctrines of waiver and estoppel may not be invoked to extend insurance

coverage or to create coverage were none exists.  See, e.g., United Fire & Cas. Co. v. Arkwright

Mut. Ins. Co., 53 F.Supp. 2d 632, 643 (S.D.N.Y. 1999).  Accordingly, Insituform's belated

estoppel claim should be rejected.

**CONCLUSION**

      For the foregoing reasons, and for those reasons originally stated in its Motion for

Reconsideration, American Home respectfully requests that this Honorable Court grant its

Motion for Reconsideration of the Court's Memorandum and Order dated March 30, 2005, deny

Insituform's Motion for Partial Summary Judgment, and grant American Home's Cross-Motion

for Summary Judgment in its entirety.

AMERICAN HOME ASSURANCE COMPANY,

By its attorneys,


_____/s/ G. Deschenes_____
Gregory P. Deschenes (BBO #550830)
Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000
(617) 345-1300 (facsimile)


Dated:  April 28, 2005