UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN HOME ASSURANCE )<br>COMPANY, )<br>)<br>Defendant. )<br>) | CASE NO. 04-10487 GAO |

**AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

Pursuant to Local Rule 7.1(B)(3), defendant American Home Assurance Company ("American Home") hereby opposes Plaintiff's Motion for Leave to Supplement the Record. In support of its Opposition, American Home states the following:

1.  After hearing argument, this Court issued its Memorandum and Order dated March 30, 2005 (the "March 30, 2005 Order"), ruling on the parties' cross-motions for summary judgment.

2.  On April 7, 2005, American Home filed a Motion for Reconsideration of the March 30, 2005 Order insofar as it granted plaintiff Insituform Technologies, Inc.'s ("Insituform") motion for partial summary judgment with respect to Count II of the Complaint.

3.  On April 22, 2005, after receiving the Court's decision, Insituform filed the instant Motion seeking leave to supplement the record with a Supplemental Local Rule 56.1 Statement, which contains newly alleged facts to which American Home has not had an

- 2 -

opportunity to respond. Insituform also seeks leave to file a Supplemental Affidavit of Robert Kelley alleging facts to which American Home has not had an opportunity to respond.

4.   Given that the cross-motions for summary judgment were fully briefed some time ago, and the Court has already ruled on the motions, Plaintiff's Motion should be denied as untimely. Alternatively, Plaintff's Motion should be denied on the grounds that the additional facts contained in the Supplemental Local Rule 56.1 Statement and Supplemental Affidavit are not admissible in evidence, as required by Rule 56(e). Instead, the additional facts are irrelevant and not probative of any issue currently before the Court and constitute inadmissible hearsay evidence. The thrust of the supplemental facts Insituform seeks to introduce is Liberty Mutual's investigation and determination to pay the MWRA Claim under its primary policy. However, whether Liberty Mutual decided to cover the MWRA Claim under its policy is not relevant to the issues presented by the cross-motions for summary judgment or the pending Motion for Reconsideration, *i.e.*, whether the American Home Policy "follows form" to the Liberty Mutual policy under Endorsement No. 4 with respect to the MWRA Claim. Moreover, American Home clearly is not bound by Liberty Mutual's coverage determination. Finally, certain of the additional facts constitute inadmissible hearsay evidence. See, e.g , Kelley Supplemental Affidavit, ¶ 1 ("Liberty Mutual investigated the MWRA claim and determined that the claim was covered under the Liberty Mutual policy issued to Insituform.").

BOS1487396.1

WHEREFORE, American Home requests that this Honorable Court:

1. Deny Plaintiff's Motion for Leave to Supplement the Record; and

2. Grant such other further relief as is just and appropriate.

AMERICAN HOME ASSURANCE COMPANY,

By its attorneys,

_____/s/ G. Deschenes_____
Gregory P. Deschenes (BBO #550830)
Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000
(617) 345-1300 (facsimile)

Dated: April 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on April 28, 2005 and upon all parties registered for electronic notification via the Court's electronic filing system.

_____/s/ G. Deschenes_____
Gregory P. Deschenes

BOS1487396.1