UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10487-GAO

INSITUFORM TECHNOLOGIES, INC.,
Plaintiff,

v.

AMERICAN HOME ASSURANCE COMPANY,
Defendant.

MEMORANDUM AND ORDER
ON MOTION FOR RECONSIDERATION
May 24, 2006

O'TOOLE, D.J.

Insituform Technologies, Inc. previously moved for partial summary judgment under Count II of its Complaint against American Home Assurance Company. Count II prayed for a "declaration that defendant American Home Assurance Company is obligated to indemnify [Insituform] for all losses suffered" with respect to a claim made against Insituform by the Massachusetts Water Resources Authority ("MWRA"). The focus of the parties' arguments was on the proper interpretation to be given the Contractor's Endorsement to the American Home umbrella policy. I resolved the interpretation dispute in Insituform's favor. Specifically, I stated:

> I construe the However clause in Endorsement No. 4 to modify both the Excluded Hazards and the Following Form Hazards sections of the endorsement. Consequently, those hazards "follow form" (as that term is used in the parties' submissions) to the primary insurance policy issued by Liberty Mutual Insurance Company to Insituform, as it is uncontroverted that the Liberty policy is "a policy listed in the Schedule of Underlying Insurance."

Mem. and Order, March 30, 2005 (dkt. no. 24), at 5.

Summing up at the conclusion of the memorandum and order, I also stated that "Insituform's motion for partial summary judgment is granted with respect to count two, seeking a declaration as to the proper construction of the terms of Endorsement No. 4" to the American Home umbrella policy. Id. at 6. The reference was to the limited construction quoted above. That construction focused solely on the Contractor's Endorsement, which was the center of attention in the parties' arguments on the cross-motions for summary judgment, and that was the only issue I resolved in the prior memorandum and order. I did not intend to resolve, and did not resolve, the broader question whether the MWRA claim falls within the coverage of the American Home umbrella policy, because I did not understand that to be the question raised by the motions.

In its present motion for reconsideration, American Home says that I "appeared to assume that the hazards listed in Endorsement No. 4 provide the same coverage as that provided by the Contractor Rework Coverage Amendment in the Liberty Mutual primary policy." (Dkt. no. 25 at 3.) I did not make that assumption; I did not even consider the question. Insituform takes the occasion of the American Home motion to argue for a broader ruling than sought by the original summary judgment motion. I decline to consider issues not previously argued when raised in this indirect and truncated manner.

I have resolved in the prior memorandum and order that Endorsement No. 4 "follows form" to the Liberty Mutual policy to the extent stated in the endorsement and that the "However clause" modifies all the preceding language in the endorsement. I leave it to another day (and perhaps another motion) to determine what implications or consequences the construction of that endorsement might have for the larger dispute.

2

In sum, the present motion asks me to "reconsider" a ruling I did not make. It does provide the occasion for clearing up the misunderstanding, however, and to that extent the motion, treated as one for clarification, is granted.


May 24, 2006                                              \s\ George A. O'Toole, Jr.
DATE                                                      DISTRICT JUDGE