UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INSITUFORM TECHNOLOGIES, INC.,               )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )    CASE NO. 04-10487 GAO
                                             )
AMERICAN HOME ASSURANCE                      )
COMPANY,                                     )
                                             )
            Defendant.                       )
                                             )

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, Plaintiff Insituform Technologies, Inc. ("Insituform") and Defendant American Home Assurance Company ("American Home") (collectively "the parties") hereby acknowledge and agree that certain documents and information in the possession of each party is Confidential Information, as defined below, and that the public disclosure of such information would have a deleterious effect on Insituform's and American Home's current business interests; and

WHEREAS, the parties desire to enter into a Stipulation, as defined below, so that such Confidential Information can be used by the parties in this action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the parties, and the Court so ORDERS for this and other good cause shown, that:

1.     This Confidentiality Stipulation and Protective Order (the "Stipulation") shall apply to all information, documents and things subject to discovery in this action and to all discovery taken of any party or non-party, including without limitation (a) all documents and

10047579.1

interrogatory answers; responses to requests for admission, deposition testimony and transcripts of deposition testimony and exhibits, summaries and recaps thereof, and other information contained therein; (b) all information, documents and things voluntarily transferred between counsel for the parties in connection with these actions; (c) all documents and things required to be served by any party pursuant to the Federal Rules of Civil Procedure or other rule of court; and (d) all notes, abstractions, or other work product derived from, containing, summarizing, or abstracting confidential material.

2.      Any producing party or non-party may designate any document or material as "Confidential" under the terms of this Stipulation if such party in good faith believes that such document or material contains nonpublic, confidential, proprietary or commercially sensitive trade secrets or other information, the disclosure of which would cause harm to the party's current business interests ("Confidential Information"). For purposes of this Stipulation, information considered to be Confidential Information may include nonpublic materials containing information related to: trade secrets; proprietary technical information; customer lists and information; financial results or data; financial or business plans and strategies, projections or analyses; proposed strategic transactions or other business combinations; acquisition offers or expressions of interest; studies or analyses by internal or outside experts; competitive analyses; business and marketing plans and strategies; tax data; personnel; business information; or personal financial information.

3.      Written information or documents, or any portion thereof, shall be designated as Confidential Information by placing on each page a stamp or notice stating "Confidential" in a manner that will not interfere with the legibility of the written information.

4.      The designation by any producing person or entity of discovery material as

2

"Confidential" shall constitute a representation that such discovery material has been reviewed by an attorney for the designating person or entity and that there is a good faith basis for such designation.

     5.     Any Confidential Information that is produced by a non-party may also be designated as Confidential Information by any party to this action pursuant to this Stipulation by notifying counsel for the parties to the action, within 14 days of receipt of the information or material, that the information or material so produced is confidential and subject to the terms and conditions of this Stipulation. All information produced by non-parties or experts shall be considered Confidential Information and subject to this Stipulation until expiration of such 14-day period, unless notified as prescribed herein.

     6.     Information disclosed at a deposition may be designated as Confidential Information either by counsel so stating during the deposition or by sending a written notice of confidentiality within 20 days after receipt of the transcript of the deposition to all counsel of record for the parties to the action. All transcripts shall be considered confidential and subject to this Stipulation until expiration of such 20-day period, unless notified as prescribed herein.

     7.     Confidential Information, or information derived therefrom, shall be used solely for purposes of this litigation.

     8.     Confidential Information shall not be disclosed, given, shown, made available or communicated in any way to anyone other than the following:

          (A)     the attorneys for each of the parties to this litigation, including their paralegals, secretaries, and employees;

          (B)     the parties and the officers, directors, partners, and employees of the parties to this action, who are necessarily involved in the prosecution or

3

defense of this action;

(C)     persons retained by a party or counsel to assist in the pre-trial preparation
        of the action including, without limitation, independent accountants,
        statisticians, economists, or other experts or consultants who are directly
        participating in the pre-trial preparation in the action and who must have
        the information from the confidential material for purposes of such
        preparation;

(D)     non-party witnesses or deponents (other than directors, officers, partners,
        or employees of the parties), and their counsel, during the course of or, to
        the extent necessary, in preparation for depositions or testimony in this
        litigation;

(E)     judicial officers and personnel (including stenographic reports);

(F)     court reporters employed in connection with this litigation; and

(G)     any other person upon order of the Court or upon stipulation of the party
        that produced the Confidential Information.

9.      Before any examination of Confidential Information, the persons identified in
paragraph 8 (C), (D), and (G) above to whom Confidential Information is provided shall read
this Stipulation in its entirety and shall agree in writing to be bound by its terms. Counsel for the
disclosing party shall preserve and keep all executed undertakings for as long as this Stipulation
remains effective.

10.     If any party files with the Court any pleading, transcript, interrogatory answer,
affidavit, motion, brief, or other document using, containing, summarizing, excerpting, or
otherwise embodying Confidential Information, the pleading or other document in which such

4

information is embodied shall be filed under seal and those portions of the pleading or other document in which such information is embodied shall not be available for public inspection or become part of the public record. The party making the filing shall be responsible for filing the pleading or other document in a sealed envelope or container marked with the title of the action, an identification of the contents, and a statement declaring that its contents are subject to a confidentiality stipulation and order.

11.    The inadvertent or unintentional disclosure by a person or entity of Confidential Information shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed, except as provided by law. Nothing in this Stipulation shall be deemed to affect or constitute a waiver of any privileges or rights any party may have to withhold any item or material and this Stipulation shall be without prejudice to any party's right to oppose or object to any request of counsel for any other party to disclose, produce, or provide access to such item or material or to move for a separate protective order relating to any particular document or material. Upon the request of any party for proper designation of an improperly designated document, all copies of the document shall be marked with the proper designation and the document shall be retrieved by counsel from any person who would not have been allowed access to the document if its had been properly designated.

12.    Prior to trial of the action, counsel for the parties shall attempt to reach agreement on the handling of Confidential Information at trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for consideration.

13.    Within 60 days after the conclusion of this litigation, including all appeals, any Confidential Information (including copies and originals) shall, at the request of the party who designated the information confidential, be certified that it has been destroyed, or returned to the

5

designating party at the designating party's expense.

14.    Neither the termination of this litigation nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such information.

15.    Nothing in this Stipulation shall prohibit the use of, or reference to, any Confidential Information in court, at trial, or in any deposition; provided, however, that the party using or planning to use such information shall take whatever steps are necessary to eliminate or minimize the risk of disclosure. Such steps shall include: (a) bringing to the Court's attention his intention to disclose Confidential Information in open court and requesting the assistance of the Court in limiting disclosure; and (b) showing the Stipulation to a deponent and requiring a deponent to sign a statement that he has read the Stipulation.

16.    This Stipulation shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

17.    The Stipulation is without prejudice to any right of a party to make any lawful use of information obtained apart from discovery process, and the fact that information obtained apart from the discovery process is also contained in Confidential Information shall have no effect on a party's right to make any lawful use of information.

18.    Nothing in this Stipulation shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning persons who might reasonably be expected to have knowledge or information about topics that are discussed in

6

Confidential Information.

19.     Nothing in this Stipulation shall prevent any party from seeking a modification of
this agreement, objecting to discovery that it believes to be otherwise improper, or seeking
review of whether the designation of confidentiality by a party is appropriate and necessary.
Any amendment shall be in the form of a written stipulation ~~filed with~~ approved by the Court or by an order    *~GAO~*
of the Court after a duly noticed motion.

20.     This Stipulation is entered solely for the purpose of facilitating the exchange of
documents and information between the parties to this action without involving the Court
unnecessarily in the process.  Nothing in this Stipulation nor the production of any information
or document under the terms of this Stipulation nor any proceedings pursuant to this Stipulation
shall be deemed to have the effect of an admission or waiver by either party or of altering the
confidentiality or non-confidentiality of any such document or information or altering any
existing obligation of any party or the absence thereof.

21.     This Stipulation shall survive the final termination of this action, to the extent that
the information contained in Confidential Information is not or does not become known to the
public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of
information disclosed hereunder.

22.     The remedies for violation of this Stipulation shall includes all remedies
applicable hereto in law and equity.

23.     In the event that any person having possession, custody or control of any
Confidential Information receives any subpoena, process or order ("Process") to produce such
information, from any person who is not a party, such receiving person shall (a) notify by mail
the counsel of record for the parties, (b) furnish a copy of said Process to counsel of record for

7

the parties, and (c) cooperate, in good faith, with respect to all reasonable procedures sought to

be pursued by either party with respect to the Process. Said notice shall be given as soon as

practicable to permit action by any affected party, but in no event later than five (5) business

days after the receipt of the Process. The person receiving the Process shall be entitled to

comply with the Process except to the extent an order is entered modifying or quashing the

Process. The person responding to the Process shall not be subject to sanctions for violating this

Stipulation if that person is ordered by a Court to respond to said Process or none of the Parties

moves to quash or modify said Process prior to the date that a response to said Process is due.

> Respectfully submitted,
> PLAINTIFF,
>
> INSITUFORM TECHNOLOGIES, INC.,
>
> By its attorneys,
>
> Stanley A. Martin
> Holland & Knight LLP
> 10 St. James Avenue
> Boston, MA 02116
> (617) 523-2700
>
> Charles L. Philbrick
> Holland & Knight LLP
> 131 S. Dearborn Street, 30th Floor
> Chicago, IL 60603-5547
> (312) 263-3600

Dated: July 26, 2006

8

DEFENDANT,

AMERICAN HOME ASSURANCE COMPANY,

By its attorneys,

Gregory P. Deschenes (BBO # 550830)
Gregg A. Rubenstein (BBO # 639680)
Kurt M. Mullen (BBO # 651954)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
(617) 345-1000

Dated:  July 26, 2006

Entered this 2̸ day of July, 2006.

United States District Court Judge

9

10047579.1