UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
INSITUFORM TECHNOLOGIES, INC.,              )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )        CASE NO. 04-10487 GAO
                                            )
AMERICAN HOME ASSURANCE                     )
COMPANY,                                    )
                                            )
                    Defendant.              )
_____)

**AMERICAN HOME ASSURANCE COMPANY'S**
**STATEMENT OF UNDISPUTED FACTS**

In accordance with Local 56.1, American Home Assurance Company ("American Home") hereby sets forth its concise statement of the material facts as to which American Home contends there is no genuine issue of material fact to be tried.

In setting forth these facts, American Home does not concede all such facts to be true for purposes of trial, but instead accepts all such facts as true for purposes of its Motion for Summary Judgment. Not every fact included in this statement is material to each alternative legal theory pursuant to which the Court may grant summary judgment in this case. Further, some facts are included solely to provide the Court with useful background information and context.

1.     Insituform specializes in sewer rehabilitation through trenchless pipeline technologies. (Complaint, ¶ 8.)

### THE MWRA CLAIM

2.      In approximately August 2003, Insituform performed sewer rehabilitation work valued at $1,000,000 for the Massachusetts Water Resources Authority ("MWRA") pursuant to Contract #6840.  (Complaint, ¶¶ 16-18.)

3.      After Insituform finished the job, it was notified of leakage occurring at the end of the newly installed liner.  (Complaint, ¶ 18.)

4.      On or about October 31, 2003, the MWRA notified Insituform that the work Insituform performed did not meet the contract document requirements, was unacceptable, and must be repaired or replaced (the "MWRA Claim").  (Complaint, ¶ 19.)

5.      As a result, Insituform has incurred costs and expenses in excess of $1 million to repair and replace its own defective work.  (Complaint, ¶ 20.)

### INSITUFORM'S INSURANCE POLICIES

6.      Insituform purchased primary comprehensive general liability insurance from Liberty Mutual Insurance Company ("Liberty Mutual").  Specifically, Liberty Mutual issued to Insituform insurance policy no. RG2-641-004218-33, effective July 1, 2003 to July 1, 2004, with limits of liability of $1,000,000 per occurrence and $2,000,000 products-completed operations aggregate limit (the "Primary Policy").  (Complaint, ¶ 9.)  A copy of the Primary Policy was attached to the Complaint as Exhibit A.

7.      The Primary Policy contains, among other provisions, a Contractor Rework Coverage Amendment (the "Rework Amendment").  (Complaint, ¶ 10.)  The Rework Amendment provides:

### CONTRACTOR REWORK COVERAGE AMENDMENT

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

It is agreed that the policy is hereby amended as indicated.  All other terms and conditions of this policy remain unchanged.

We will pay those sums which you become legally obligated to pay for the required removal or repair of "your product" or "your work" including concrete, cement, sand or aggregate, concrete blocks, concrete products or other products manufactured, sold, handled or distributed by or on behalf of the Insured which are defective, subject to the limits of liability and deductible and the provisions specified below.

The amount we will pay under this coverage shall be limited to the less[e]r of:

      1.     Your actual cost of removing and replacing any of the above items; or

      2.     Your actual cost of remedial action taken to avoid removal or replacement of such products.

We will also pay damages for the loss of use of real property and/or consequential business interruption resulting from necessary removal, replacement or remedial action taken to avoid removal or repair of "your product" or "your work."

This coverage shall not apply unless the defect requiring removal or repair of "your work" or "your product" results from an error in the design, prescription, manufacture, blending, mixing or compounding of such work or product and the repair, replacement or removal is made necessary because such work or product has been rejected by the owner, his authorized representative, or a municipality or other authority having jurisdiction.

Defective shall mean that upon testing by an accredited, independent testing agency, "your work" or your product" does not meet the contractual specifications or accepted standards required for the specific construction in which such materials were incorporated.

Coverage provided under this endorsement shall be subject to all exclusions applicable to "property damage," except exclusions j.(5), j.(6), k., l., m. and n.

This endorsement shall not apply to any amount which is covered under any other provision of this policy.

Our obligations to pay any amount under this endorsement applies only to amounts in excess of the deductible amount stated below.

The terms of this insurance, including those with respect to:

      (a)     Our right and duty to defend any "suits" seeking damages; and

- 4 -

  (b)  Your duties in the event of an "occurrence," claim or "suit" apply
irrespective of the application of the deductible.

We may pay any part or all of the deductible to effect settlement of any claim or "suit"
and, upon notification of the action taken, you shall promptly reimburse us for such part
of the deductible as has been paid by us.

This insurance is excess over any other insurance (including any deductible) which is
available under a policy of property insurance, such as, but not limited to, fire and
extended coverage, builder's risk or installation coverage.

| | | |
|---|---|---|
| Limits of Liability: | $1,000,000 | per occurrence |
| | $1,000,000 | aggregate |
| | | |
| Deductible | $250,000 | per occurrence |
| Premium | Included in GL Premium | |

(Complaint, ¶ 10.)

  8.  American Home issued an umbrella liability policy, Policy No. BE 3206923, to

Insituform for the period July 1, 2003 to July 1, 2004 (the "American Home Policy").

(American Home Answer, ¶ 11.)  A copy of the American Home Policy was attached to the

Complaint as Exhibit B.

  9.  A Liberty Mutual general liability policy is listed on the Schedule of Underlying

Insurance in the American Home Policy.  (American Home Answer, ¶ 12.)

  10.  The insuring agreement of the American Home Policy provides as follows:

**I.**  **Coverage**

  We will pay on behalf of the **Insured** those sums in excess of the Retained Limit
that the **Insured** becomes legally obligated to pay by reason of liability imposed
by law or assumed by the Insured under an Insured Contract because of . . .
**Property Damage** . . . that takes place during the Policy Period and is caused by
an **Occurrence** happening anywhere in the world.  The amount we will pay for
damages is limited as described in Insuring Agreement III, Limits of Insurance.

If we are prevented by law or statute from paying on behalf of the Insured, then we will, where permitted by law or statute, indemnify the Insured for those sums in excess of the Retained Limit.

(Ex. B to Complaint.)

    11.    The American Home Policy contains the following definitions which are relevant to this action:

## IV.    Definitions

\*    \*    \*

**H.**    **Occurrence** means:

    1.    As respects . . . **Property Damage**, an accident, including continuous or repeated exposure to conditions, which results in . . . **Property Damage** neither expected nor intended from the standpoint of the **Insured.**  All such exposure to substantially the same general conditions shall be considered as arising out of one **Occurrence** . . . .

\*    \*    \*

**J.** 1.  **Products-Completed Operations Hazard** includes . . . **Property Damage** occurring away from your premises you own or rent and arising out of **Your Product** or **Your Work** except:

    a.    products that are still in your physical possession; or

    b.    work that has not yet been completed or abandoned.

  2.  **Your Work** will be deemed completed at the earliest of the following times:

    a.  When all of the work called for in your contract has been completed.

    b.  When all of the work to be done at the site has been completed if your contract calls for work at more than one site.

    c.  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\*        \*        \*

**K.    Property Damage** means:

1.    Physical injury to tangible property, including all resulting loss of use of the property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

2.    Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the **Occurrence** that caused it.

\*        \*        \*

**M.    Your Product** means:

1.    Any goods or products, other than real property, manufactured, sold handled, distributed or disposed of by:

     a.    you;

     b.    others trading under your name; or

     c.    a person or organization whose business or assets you have acquired; and

2.    Containers (other than vehicles) materials, parts or equipment furnished in connection with such goods or products.

**Your Product** includes:

1.    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Product**; and

2.    The providing of or failure to provide warnings or instructions.

**Your Product** does not include vending machines or other property rented to or located for the use of others but not sold.

**N.    Your Work** means:

1.    work or operations performed by you or on your behalf; and

2.    materials, parts or equipment furnished in connection with such work or operations.

(Ex. B to Complaint.)

12.    The American Home Policy contains the following exclusions which are relevant

to this action:

**V.    Exclusions**

This insurance does not apply to:

*        *        *

**F.    Property Damage** to **Your Product** arising out of it or any part of it.

**G.    Property Damage** to **Your Work** arising out of it or any part of it and included
in the **Products-Completed Operations Hazard.**

This exclusion does not apply if the damaged work or the work out of which the
damage arises was performed on your behalf by a subcontractor.

(Ex. B to Complaint.)

13.    The American Home Policy also contains Endorsement No. 4, titled

"CONTRACTOR'S ENDORSEMENT," (the "Contractor's Endorsement" or "Endorsement No.

4"), which provides in its entirety as follows:

<u>**CONTRACTOR'S ENDORSEMENT**</u>

<u>**Excluded Hazards**</u>

This insurance does not apply to:

1.    **Property Damage** to any property or equipment leased by the **Insured**;

2.    **Property Damage** to property being installed, erected or worked upon by
the Insured or by any agents or subcontractors of the **Insured**;

3.    **Bodily Injury** or **Property Damage** arising out of any project insured
under a "wrap-up" or any similar rating plan; or

4.    **Bodily Injury** or **Property Damage** arising out of any professional
services performed by or on behalf of the Insured, including but not
limited to the preparation or approval of maps, plans, opinions, reports,
surveys, designs or specifications, and any supervisory, inspection or
engineering services.

**Following Form Hazards**

It is further agreed that this insurance does not apply to:

1.      **Property Damage** arising out of:

      a.      Blasting or explosion other than the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment;

      b.      The collapse of or structural injury to any building or structure due to:

            1)      the grading of land, paving, excavating, drilling, burrowing, filling, back-filling, tunneling, pile driving, coffer-dam or caisson work,

            2)      the moving, shoring, underpinning, raising, or demolition of any building or structure, or the removal or rebuilding of any structural support thereof; or

      c.      Damage to or destruction of wires, conduits, pipes, mains, sewers, tanks, tunnels, any similar property, and any apparatus in connection therewith, beneath the surface of the ground or water, caused by and occurring during the use of mechanical equipment for the purpose of grading land, paving, excavating, drilling, burrowing, filling, back-filling or pile driving; or

2.      Any liability assumed by the **Insured** under any contract or agreement.

However, if insurance for such **Bodily Injury** or **Property Damage** is provided by a policy listed in the Schedule of Underlying Insurance:

1.      This exclusion shall not apply; and

2.      The insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance.

All other terms and conditions of this policy remain unchanged.

(American Home Answer, ¶ 14.)

## NOTICE OF AND RESPONSE TO THE MWRA CLAIM

### American Home's denial of the MWRA Claim

14.     On December 29, 2003, Insituform provided notice of a contractor's rework claim by the MWRA to American Home.  (See Affidavit of Lawrence B. Butler, submitted in connection with Insituform's Local Rule 56.1 Statement in support of Insituform's Motion for Partial Summary Judgment (the "Butler Aff."), at ¶ 6.)

15.     AIG Technical Services, Inc. ("AIGTS"), the claims administrator on behalf of American Home at the time, disclaimed coverage for this claim on the basis of Exclusion F ("**Property Damage** to **Your Product** arising out of it or any part of it") and Exclusion G ("**Property Damage** to **Your Work** arising out of it or any part of it and included in the **Products-Completed Operations Hazard**".  (See Ex. C to Complaint.)

16.     Insituform thereafter demanded that American Home withdraw its declination of coverage.  (American Home Answer, ¶ 23.)

17.     American Home has informed Insituform that there is no coverage under the American Home Policy in connection with the MWRA Claim, and that that American Home Policy does not follow form to the Primary Policy under the American Home Policy's Contractor's Endorsement.  (American Home Answer, ¶ 24.)

AMERICAN HOME ASSURANCE COMPANY,

By its Attorneys,


/s/ Gregory P. Deschenes
Gregory P. Deschenes (BBO #550830)
gdeschenes@nixonpeabody.com
Gregg A. Rubenstein (BBO #639680)
grubenstein@nixonpeabody.com
Kurt M. Mullen (BBO #651954)
kmullen@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000
(617) 345-1300 (facsimile)

Dated:  August 24, 2006


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 24, 2006.


/s/ Gregory P. Deschenes
Gregory P. Deschenes

1599972.2