UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 04-10487 GAO |
| ) | |
| AMERICAN HOME ASSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF AMERICAN HOME ASSURANCE COMPANY'S
MOTION TO STAY DISCOVERY**

Pursuant to Local Rule 7.1(B), defendant American Home Assurance Company ("American Home") submits this memorandum in support of its motion to stay discovery pending the resolution of American Home's motion for summary judgment as to Count I (Breach of Contract) and Count II (Declaratory Judgment) of the Complaint of plaintiff Insituform Technologies, Inc. ("Insituform"). In support of American Home's motion to stay, American Home states that:

1.      Insituform in this action seeks insurance coverage for costs it allegedly incurred correcting defects in its work on a construction project for the Massachusetts Water Resources Authority (the "MWRA Claim"). Insituform alleges that the MWRA Claim is covered by Endorsement No. 4, titled "CONTRACTOR'S ENDORSEMENT," attached to a commercial umbrella liability insurance policy issued to Insituform by American Home (the "American Home Policy"). Insituform does **not** allege that the MWRA Claim is covered by the standard terms and conditions of the American Home Policy. Instead, Insituform contends that pursuant

10076391.1

to Endorsement No. 4, the American Home Policy follows form to a "Contractor Rework Coverage Amendment," endorsed to a primary policy issued by Liberty Mutual Insurance Company (the "Primary Policy").

2. The Contractor's Endorsement to the American Home Policy already has been the subject of cross-motions for summary judgment, the first of which was filed by Insituform twenty days after American Home's Answer, as well as a motion for reconsideration. In its March 30, 2005 Memorandum and Order (the "Summary Judgment Order"), the Court held that Endorsement No. 4 is ambiguous and, therefore, construed the "However" clause in that endorsement to modify both the "Excluded Hazards" and the "Following Form Hazards" sections of the endorsement. (See Summary Judgment Order, at 5.)  As a result, the American Home Policy "follows form" to the Liberty Mutual Primary Policy, but only with respect to the eight (8) specific hazards enumerated in Endorsement No. 4.

3. American Home thereafter moved for reconsideration of the Summary Judgment Order on the grounds that Endorsement No. 4 does not provide blanket "follow-form" coverage for Insituform's defective work and, even if ambiguous, it does not cover the MWRA Claim. American Home contended that the "following form" coverage in the American Home Policy is limited to the eight specific hazards listed in Endorsement No. 4, none of which provide coverage for the MWRA Claim. Insituform opposed the motion, arguing that the Court necessarily concluded in the Summary Judgment Order that the MWRA Claim was covered by the American Home Policy.

4. On May 24, 2006, the Court issued an order clarifying its prior ruling (the "Clarification Order"). The Court held that, although it ruled in the Summary Judgment Order that Endorsement No. 4 is ambiguous, it did not intend to resolve the broader question of

whether the MWRA Claim falls within the coverage of the American Home Policy.  (See Clarification Order, at 2.)  The Court clarified that it did not consider the question whether there is coverage for the MWRA Claim under the eight hazards listed in Endorsement No. 4.  (See id.) The Court concluded that the Summary Judgment Order only determined that Endorsement No. 4 "follows form" to the Liberty Mutual Primary Policy "*to the extent stated in the endorsement*," and that the "However" clause modified all the preceding language in the endorsement.  (See id.) (Emphasis added).  The Court left to "another day (and perhaps another motion) to determine what implications or consequences the construction of [the Contractor's] endorsement might have for the larger dispute."  (See id.)

5.    On August 24, 2006, American Home moved for summary judgment on the grounds that Endorsement No. 4 – and the eight specific hazards described therein – does not provide Contractor Rework Coverage or any other type of coverage that would obligate American Home to indemnify Insituform for its defective work under the American Home Policy.  First, even if Endorsement No. 4 is ambiguous, as the Court has concluded, the American Home Policy only "follows form" to the Liberty Mutual Primary Policy with respect to the eight specific hazards listed in Endorsement No. 4 and Insituform has not and cannot demonstrate, by offering admissible evidence under Rule 56, that the MWRA Claim actually falls within the coverage of any of those eight hazards.  Second, coverage for the MWRA Claim is plainly barred by the standard terms and conditions of the American Home Policy, including the so-called "faulty-workmanship" exclusions (Exclusions F and G), which were **not** modified by Endorsement No. 4 and, therefore, remain in full force and effect.

6.    The Court previously granted American Home's motion for summary judgment on Count III of the Complaint, which alleged a violation of Mo. Rev. Stat. § 375.420 (2002).

See <u>Insituform Technologies, Inc. v. American Home Assur. Co.</u>, 364 F. Supp. 2d 3, 7 (D. Mass. 2005). Accordingly, the disposition of this Motion for Summary Judgment in American Home's favor would resolve all of Insituform's remaining claims.

7. Document discovery is substantially completed and the parties have been working in good faith to resolve any outstanding document production issues. Depositions of fact witnesses and experts are the only outstanding discovery matters.

8. Insituform has noticed two fact witness depositions and has indicated that it will issue a subpoena for a third individual. American Home anticipates noticing and/or subpoenaing three to five fact witnesses as well as Insituform's expert witnesses.

9. The current discovery schedule requires discovery to be completed by September 29, 2006. The Court has scheduled a status conference for October 12, 2006. No trial date has been set.

10. The outstanding discovery is not necessary to the disposition of the issues addressed American Home's Motion for Summary Judgment. See <u>R.W. Int'l Corp. v. Welch Food, Inc</u>, 13 F.3d 478, 488 (1st Cir. 1994) ("The decision whether to allow discovery while a summary judgment motion is pending rests within the discretion of the district court . . . and the party seeking additional time for discovery . . . must show that the facts sought will, if obtained, suffice to engender an issue both genuine and material") (Citations omitted; internal quotation marks omitted). In fact, Insituform itself moved for partial summary judgment as to Count II (Declaratory Judgment) on May 10, 2004. In support of Insituform's May 10, 2004 motion for partial summary judgment, Insituform attached only three documents to its supporting affidavit (the Liberty Mutual Primary Policy, the American Home Policy, and American Home's declination of coverage letter). These three documents were attached to Insituform's Complaint.

11. Requiring the parties to proceed with discovery in light of American Home's potentially dispositive Motion for Summary Judgment would cause the parties to incur unnecessary fees and costs and be a waste of judicial resources.

12. By contrast, a limited stay of discovery while the Court considers American Home's Motion for Summary Judgment would not unduly delay a trial, would save the parties substantial costs and expense, and could streamline or clarify legal issues remaining for trial, if any.

## **CONCLUSION**

For each of the foregoing reasons, American Home respectfully requests that its motion to stay discovery pending the resolution of American Home's motion for summary judgment be granted.

Respectfully submitted,

AMERICAN HOME ASSURANCE COMPANY,

By its Attorneys,

/s/ Gregory P. Deschenes
Gregory P. Deschenes (BBO #550830)
gdeschenes@nixonpeabody.com
Gregg A. Rubenstein (BBO #639680)
grubenstein@nixonpeabody.com
Kurt M. Mullen (BBO #651954)
kmullen@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000
(617) 345-1300 (facsimile)

Dated:  August 24, 2006

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 24, 2006.

                                              /s/ Gregory P. Deschenes  
                                              Gregory P. Deschenes