IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04 10487 GAO |
| | ) | |
| AMERICAN HOME ASSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### INSITUFORM'S RESPONSE TO AMERICAN HOME'S MOTION TO STAY DISCOVERY

Plaintiff Insituform Technologies, Inc. ("Insituform"), by its attorneys, responds to the Motion To Stay Discovery filed by defendant American Home Assurance Company ("American Home").

### Introduction

This case has been pending for 2½ years. Discovery should be over, not stayed. Moreover, American Home has not show the "good grounds" needed to support such a motion, and has consistently failed to pursue discovery in a diligent manner. As such, the motion to stay should be denied.

### Procedural History

Insituform filed its complaint on March 10, 2004. American Home filed its answer on April 20, 2004. Immediately thereafter, Insituform moved for partial summary judgment and American Home filed a cross motion for summary judgment. Because no initial case conference was scheduled, discovery did not begin.

On March 30, 2005 the court granted Insituform's motion for partial summary judgment and denied American Home's motion for summary judgment. Therein, the court resolved the principal insurance contract interpretation issue between the parties. Thereafter, American Home moved for reconsideration. Still discovery had not begun.

It was not until January of 2006, almost two years after the complaint was filed, that an initial status conference was set and formal discovery began. On January 23, 2006, the parties filed a joint statement pursuant to Federal Rule of Civil Procedure 16 that called for the completion of all discovery by June 30, 2006. The parties have since sought to amend the case schedule on two occasions, each time pushing back the discovery deadlines. Currently, American Home was to disclose its experts on August 21, 2006. It did not. All discovery is set to close on September 29, 2006.

## American Home Delays

American Home has avoided or delayed discovery throughout this case. For instance, Insituform served its Rule 26 Initial Disclosure on American Home on May 4, 2004, at the outset of the case. Notwithstanding Insituform's requests to American Home to do likewise, American Home refused to make its initial disclosure until required to do so in advance of an initial pretrial conference. American Home finally made its initial disclosure on January 30, 2006, one year and eight months after the filing of the complaint.

In terms of actual discovery, American Home has done the bare minimum. During the past eight months, American Home has served one set of interrogatories

and two sets of production requests. American Home has also served two records subpoenas on third parties. That is it. American Home has yet to seek a single deposition of any Insituform personnel, expert or any other individual.

## Analysis

Federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order. *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987); *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (courts have inherent power to stay actions in their entirety). Discovery should be stayed, however, only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive. *Hachette Dist. Inc. v. Hudson County News Co. Inc.*, 136 F.R.D. 356, 358 (E.D. N.Y. 1991).

In considering whether a stay of all discovery pending the outcome of a dispositive motion, a case-by-case analysis is required. *Id.* The Court should consider the following non-dispositive factors: the type of motion and whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances. *Id.*

Ultimately, a motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c). *Knon*

3

*Medical Corp v. Groth*, 119 F.R.D. 636, 637 (M.D. N.C. 1988). The moving party bears the burden of showing good cause and reasonableness for such an order. *Medlin v. Andrew*, 113 F.R.D. 650, 652-53 (M.D.N.C.1987). Motions for a protective order which seek to prohibit or delay discovery are not favored. *Id.* In considering such motions, the Court needs to remain mindful of its responsibility to expedite discovery and minimize delay. *Parkway Gallery Furn. v. Kittinger/Pennsylvania*, 116 F.R.D. 363, 365 (M.D. N.C. 1987). Disruption or prolongation of the discovery schedule is normally in no one's interest. A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted. Matters of importance may be mislaid or avenues unexplored. A case becomes more of a management problem to the Court when it leaves the normal trial track. While time may heal some disputes, in others it merely permits more opportunity for festering. *Knon Medical Corp.*, 119 F.R.D. at 638.

  Here, American Home has failed to offer the required good cause or reasonableness for a complete stay of discovery. Moreover, the posture of the case, the complexity of the coverage issues and the lack of discovery diligence by the moving party all weigh heavily against staying discovery.

  American Homes' attempt to use a Rule 56 motion in conjunction with this motion to stay is a transparent attempt to prolong resolution of this case. American Home could have completed discovery by September 29, 2006 as called for in the case schedule and then filed its dispositive motion. Instead, it took no discovery, identified no experts and has moved for summary judgment knowing that doing so will provoke the required cross-motion for summary judgment from Insituform.

Inevitably, American Home will respond to Insituform's cross-motion for summary judgment pursuant to Rule 56 (e) claiming that additional discovery is needed in order to respond, thereby extending discovery many months and potential resolution of the case even longer. This simply must not be allowed.

## Conclusion

Accordingly, for the reasons set forth above, Insituform respectfully requests that the Court deny American Home's motion to stay discovery.


Dated: September 7, 2006                    Respectfully submitted,

                                            INSITUFORM TECHNOLOGIES, INC.

                                            By: /s/Stanley A. Martin
                                                Stanley A. Martin
                                                Holland & Knight LLP
                                                10 St. James Avenue
                                                Boston, Massachusetts 02116
                                                (617) 523-2700

Of counsel:

Charles L. Philbrick
Holland & Knight LLP
131 S. Dearborn St., 30th Floor
Chicago, Illinois 60603-5547
(312) 263-3600


# 4029140_v1