Exhibit A to Plaintiff's Cross Motion



## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

INSITUFORM TECHNOLOGIES, INC.,  )
 )
 )
   Plaintiff,  )
 )
v.  )   CASE NO. 04-10487 GAO
 )
AMERICAN HOME ASSURANCE  )
COMPANY,  )
 )
   Defendant.  )
 )

### RESPONSES OF AMERICAN HOME ASSURANCE COMPANY TO INSITUFORM'S FIRST REQUEST FOR ADMISSIONS WITH ACCOMPANYING INTERROGATORY AND PRODUCTION REQUEST

 Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, defendant American Home Assurance Company ("American Home") hereby responds to Plaintiff's First Request for Admissions with Accompanying Interrogatory and Production Request as follows:

### RESPONSES TO REQUEST FOR ADMISSIONS

### GENERAL OBJECTIONS AND RESPONSES

 Each request is responded to subject to the general objections set forth below. These limitations and objections form a part of each response and are set forth in this manner to avoid the duplication of restating them. These general objections may be specifically referred to in a response to certain requests for the purpose of clarity. However, the failure to specifically incorporate a general objection is not a waiver of the general objection.

 1. American Home objects to the requests to the extent that they purport to impose duties and obligations beyond those set forth in Federal Rules of Civil Procedure 26 and 36.

1599342.1

- 2 -

2.    American Home objects to the requests to the extent that they are irrelevant and are not reasonably calculated to lead to the discovery of admissible evidence.

3.    American Home objects to the requests to the extent that they are vague, overbroad, ambiguous, unduly burdensome and oppressive and calculated to harass.

4.    American Home objects to the requests to the extent that they are compound.

5.    American Home objects to the requests to the extent that they call for a legal conclusion or characterize facts.

6.    American Home objects to the requests to the extent that they call for the disclosure of (i) information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine, or (ii) information otherwise not discoverable under Fed. R. Civ. P. 26 and/or 36.

7.    American Home objects to the requests to the extent that they call for the disclosure of confidential, proprietary and sensitive business information, and American Home asserts each and every applicable privilege and rule governing confidentiality to the fullest extent provided by law.

8.    American Home objects to the requests to the extent that they purport to seek information not in American Home's possession, custody or control.

9.    American Home objects to the requests to the extent that they seek information or material from entities other than American Home, to the extent that they purport to encompass each of American Home's subgroups, divisions, subsidiaries, affiliates, parents, successors and predecessors in interest.

10.    American Home objects to the "Definitions" and "Instructions" set forth in the requests to the extent that they seek to impose obligations different from or in addition to the

- 3 -

requirements of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts. American Home further objects to the "Definitions" and "Instructions" to the extent that the requirements they seek to impose are overly broad, unduly burdensome and oppressive.

11.     These responses are based on American Home's present knowledge. American Home reserves the right to supplement, amend or otherwise change these responses in the event that discovery reveals facts that would justify such supplementation, amendment or change.

## INDIVIDUAL RESPONSES AND OBJECTIONS

Subject to its General Objections, American Home specifically responds to the enumerated requests for admission as follows:

### REQUEST NO. 1

Liberty Mutual investigated the MWRA Claim to determine whether Insituform was entitled to coverage under the Liberty Mutual policy no. RG2-641-004218-033 (the "Liberty Mutual Primary Policy").

### RESPONSE NO. 1

After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

### REQUEST NO. 2

Attached as Exhibit A is a genuine copy of Liberty Mutual's December 10, 2004 correspondence to Insituform concerning its investigation of the MWRA claim.

### RESPONSE NO. 2

After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

- 4 -

**REQUEST NO. 3**

Insituform was subcontracted by D'Alessandro Corp. to rehabilitate approximately 5,400 feet of brick and stone lined sewer owned by the MWRA.

**RESPONSE NO. 3**

American Home admits that Insituform entered into a subcontract with D'Allesandro Corp. and, responding further, states that the terms and conditions of that subcontract speak for themselves. Except as expressly admitted, denied.

**REQUEST NO. 4**

The MWRA pipe was unusual in that it was an inverted egg-shape with the larger part (40") at the bottom and the smaller part (36") at the top, and it was 30 feet below ground level and there was substantial ground water pressure and infiltration.

**RESPONSE NO. 4**

After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

**REQUEST NO. 5**

The design for the CIPP developed by Insituform was based on a circular pipe with a diameter of 40 inches, which Insituform submitted to MWRA for acceptance. MWRA's engineer, Jacobs Civil Engineering, accepted Insituform's design and approved the submission.

**RESPONSE NO. 5**

After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

### REQUEST NO. 6

The installation of the CIPP began on August 13, 2003 and was competed on September 8, 2003.

### RESPONSE NO. 6

American Home admits that Insituform completed its work on the liner. After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny the remainder of this request.

### REQUEST NO. 7

Visual inspections of the installation revealed fins or straight line horizontal protrusions on the side of the pipe, and wrinkles that were in the entire circumference of the pipe.

### RESPONSE NO. 7

After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

### REQUEST NO. 8

On October 31, 2003, the MWRA notified Insituform that the installation failed to meet the contract specifications and that the job was rejected.

### RESPONSE NO. 8

American Home admits that Jacobs Civil Inc. sent a letter dated October 31, 2003 to Jon D'Allessandro, President, D'Allessandro Corp., stating in part that Jacobs Civil Inc.'s "observations indicate the [CIPP] liner with the repairs made to it does not meet the Contract Document requirements and is therefore unacceptable at this time." Responding further, American Home states that the content of this letter speaks for itself. After reasonable inquiry,

the information known or readily obtainable by American Home is insufficient to enable it to admit or deny the remainder of this request.

## REQUEST NO. 9

Insituform tried various remedies to remediate the defects of the installation, including remedies included increasing the pressure of the water use to wash the liner and increasing the size of the felt part of the liner and using a lubricant.

## RESPONSE NO. 9

American Home objects to this request on the grounds that it is vague, ambiguous and compound.

Subject to and without waiving its objections, American Home states that, after reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

## REQUEST NO. 10

Notwithstanding the efforts to remediate the defects, wrinkles and fins remained in most areas.

## RESPONSE NO. 10

After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

## REQUEST NO. 11

Insituform tried to trim the fins and some of the wrinkles, but the pipe showed leakage through the liner at the trimmed fins as well as other areas.

- 7 -

## RESPONSE NO. 11

American Home objects to this request on the grounds that it is vague, ambiguous and compound.

Subject to and without waiving its objections, American Home states that, after reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

## REQUEST NO. 12

Attempts at remedying the installation failed.

## RESPONSE NO. 12

After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

## REQUEST NO. 13

Plans were made to remove and replace the installation, which began in October 3, 2003, removal and reinstallation was completed in May 2004, and inspection and testing of the reinstallation was completed May 8, 2004.

## RESPONSE NO. 13

After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

## REQUEST NO. 14

Following its investigation, Liberty Mutual concluded that the MWRA claim "appears to involve 'an error in the design, prescription, manufacture, blending, mixing or compounding [your work].'"

**RESPONSE NO. 14**

American Home admits that the quoted language appears in Liberty Mutual's December 10, 2004 letter to Insituform. After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny the remainder of this request.

**REQUEST NO. 15**

Liberty Mutual concluded that "there is coverage under the [Contractor's Rework Coverage Amendment] Endorsement for [the MWRA] claim."

**RESPONSE NO. 15**

American Home admits that the quoted language appears in Liberty Mutual's December 10, 2004 letter to Insituform. After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny the remainder of this request.

**REQUEST NO. 16**

After a review of all the invoices submitted by Insituform, Liberty Mutual concluded that it would pay the full limit of $1 million available under the Contractor Rework Endorsement.

**RESPONSE NO. 16**

After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

**REQUEST NO. 17**

The Contractor Rework Coverage Amendment provides coverage for property damage to property being installed, erected or worked upon by Insituform or by any agents or subcontractors of Insituform.

**RESPONSE NO. 17**

American Home objects to this request on the ground that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. American Home further objects to this request to the extent that it calls for a legal conclusion.

Subject to and without waiving its objections, American Home states that the Contractor Rework Coverage Amendment ("Rework Amendment") in the Liberty Mutual primary policy speaks for itself. Otherwise, denied.

**REQUEST NO. 18**

Insituform assumed liability for the removal and reinstallation of the CIPP under the Contract with D'Alessandro and MWRA.

**RESPONSE NO. 18**

Denied.

**REQUEST NO. 19**

Liberty Mutual paid its full limit of liability under the Liberty Mutual Primary Policy for the MWRA Claim, so that the MWRA Claim has pierced the American Home Umbrella limit of liability.

**RESPONSE NO. 19**

After reasonable inquiry, the information known or readily obtainable by American Home is insufficient to enable it to admit or deny this request.

**REQUEST NO. 20**

Attached as Exhibit B is a genuine copy of Liberty Mutual check numbers A0-80195880 and A0-8019420 in the amounts of $650,000 and $350,000, respectively.

**RESPONSE NO. 20**

After reasonable inquiry, the information known or readily obtainable by American

Home is insufficient to enable it to admit or deny this request.

**REQUEST NO. 21**

American Home could have but chose not to participate in Liberty Mutual's investigation

of the MWRA Claim.

**RESPONSE NO. 21**

American Home objects to this request on the grounds that it is vague, ambiguous,

compound and confusing.

Subject to and without waiving its objections, American Home admits that it did not

participate in Liberty Mutual's investigation of the MWRA Claim.  Otherwise, denied.

**REQUEST NO. 22**

American Home does no [sic] dispute any of Liberty Mutual's findings or conclusions

concerning the MWRA Claim.

**RESPONSE NO. 22**

Denied.

**REQUEST NO. 23**

As an excess carrier, it is American Home's practice to accept and adopt as its own the

findings and conclusions of the primary carrier's claim investigation.

**RESPONSE NO. 23**

Denied.

1599342.1

- 11 -

**REQUEST NO. 24**

American Home accepts and adopts as its own Liberty Mutual's finding and conclusions concerning the MWRA claim.

**RESPONSE NO. 24**

Denied.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1**

Are any of your responses to the preceding requests for admission something other than an admission free of qualification or restriction? If so, then for each response that is not an admission free of qualification or restriction: (a) identify each such request for admission; (b) state all facts that support your denial or qualified admission for each such request; (c) identify all witnesses with knowledge of the facts concerning your denial or qualified admission for each such request; (d) explain the basis for your refusal to admit each such request; (e) identify all documents concerning your denial or qualified admission for each such requests.

**RESPONSE NO. 1**

American Home objects to this interrogatory on the ground that it purports to impose duties and obligations beyond those set forth in Federal Rules of Civil Procedure 26, 33 and 36, including that it exceeds the number of interrogatories permitted under Fed. R. Civ. P. 33. American Home further objects to this interrogatory on the grounds that it is vague, overbroad, ambiguous, unduly burdensome and oppressive and calculated to harass. Finally, American Home objects to this interrogatory to the extent that it calls for the disclosure of (i) information protected by the attorney-client privilege, the work-product doctrine, or any other applicable

1599342.1

- 12 -

privilege or doctrine, or (ii) information otherwise not discoverable under Fed. R. Civ. P. 26, 33 and/or 36.

## RESPONSE TO PRODUCTION REQUEST

### REQUEST NO. 1

Produce all documents responsive to the accompanying interrogatory.

### RESPONSE NO. 1

American Home objects to this request on the ground that it purports to impose duties and obligations beyond those set forth in Federal Rules of Civil Procedure 26, 34 and 36. American Home further objects to this request on the grounds that it is vague, overbroad, ambiguous, unduly burdensome and oppressive and calculated to harass. Finally, American Home objects to the request to the extent that it calls for the disclosure of (i) information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or doctrine, or (ii) information otherwise not discoverable under Fed. R. Civ. P. 26, 34 and/or 36.

Without waiving and subject to its objections, American Home states that it has already produced all non-privileged, relevant documents in its possession, custody or control in response to Insituform's First Request for Production of Documents to American Home dated May 22, 2006.

- 13 -

As to Objections:

AMERICAN HOME ASSURANCE COMPANY,

By its attorneys,

Gregory P. Deschenes (BBO # 550830)
Gregg A. Rubenstein (BBO # 639680)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Dated:  July 11, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on July 11, 2006.

Gregory P. Deschenes

## VERIFICATION

STATE OF NEW YORK     )
                      )
COUNTY OF NEW YORK   )

    KENNETH P. HORENSTEIN declares:

    1.    That I am a Complex Director for AIG Domestic Claims, Inc., the authorized claims administrator for American Home Assurance Company, the defendant in this action, and am authorized to make this verification for and on its behalf.

    2.    I have read and know the contents of the foregoing responses to Request for Admissions, and that the responses were prepared by and with the assistance of the corporation's employees and representatives, upon which I relied, and that the foregoing responses are true to the best of my present knowledge, information and belief.

    3.    I declare under the penalty of perjury that the foregoing is true and correct. Executed on this 10th day of July, 2006.

                                Kenneth P. Horenstein