UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HOME ASSURANCE COMPANY, <br><br> Defendant. | CASE NO. 04-10487 GAO |

## AFFIDAVIT OF GREGORY P. DESCHENES

I, Gregory P. Deschenes, depose and state as follows:

1. I am a member in good standing of the bar of the Commonwealth of Massachusetts and the bar of this Court. I am a partner in the law firm of Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110, and I am an attorney of record for defendant American Home Assurance Company ("American Home") in the above-entitled action. I have personal knowledge of the matters set forth herein and make this Affidavit in support of American Home's Opposition to Plaintiff's Cross-Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56(f).

2. On August 24, 2006, American Home filed a Motion for Summary Judgment against Plaintiff Insituform Technologies, Inc. ("Insituform"). On September 7, 2006, Insituform filed a response to American Home's Motion for Summary Judgment and a Cross-Motion for Summary Judgment. In its Cross-Motion for Summary Judgment, Insituform seeks summary judgment as to Counts I (Breach of Contract) and II (Declaratory Judgment) of the Complaint

10130258.1

and an award of money damages of $6,398,299.05, plus pre-judgment interest of $1,249,134.36 and costs.

3.  For the reasons set forth in American Home Assurance Company's Memorandum in Opposition to Plaintiff's Cross-Motion for Summary Judgment and in Further Support of its Motion for Summary Judgment filed herewith and incorporated by reference, the Court should deny Plaintiff's Cross-Motion for Summary Judgment.

4.  If the Court determines that the issue of damages is otherwise amenable to summary judgment, American Home respectfully requests, pursuant to Fed. R. Civ. P. 56(f), that the Court refuse the application at this time or order a continuance so that American Home can conduct its noticed depositions of the individuals that Insituform has identified as knowledgeable regarding the costs allegedly incurred in connection with the MWRA Claim. As forth more fully below, American Home is unable to present by affidavit facts essential to justify its Opposition to Plaintiff's Cross-Motion for Summary Judgment because discovery has not been taken or completed on numerous issues related to Insituform's claimed damages.

5.  Insituform claims in its Cross-Motion for Summary Judgment that it spent $7,398,299.05 to remove and replace its original liner installation and that American Home's share is $6,398,299.05. These alleged costs result from a contract that originally valued Insituform's work in its entirety at $1,000,000. Insituform's costs to repair and/or replace the defective liner are more than seven times the original contract price. Accordingly, American Home has raised issues concerning, <u>inter alia</u>, whether Insituform satisfied its duty to mitigate its damages and whether the costs Insituform allegedly incurred were reasonable and necessary.

6.  Formal discovery in this matter did not begin until January 2006. Since that time, American Home has diligently pursued discovery, including propounding a set of interrogatories

and two sets of request for production of documents on Insituform; serving keeper of the record deposition notices and subpoenas on and receiving records from third parties, including Liberty Mutual Insurance Company ("Liberty Mutual"), which issued a primary policy to Insituform to which Insituform alleges the American Home policy follows form, and D'Allessandro Corp., the general contractor on the Massachusetts Water Resource Authority ("MWRA") project on which Insituform was a subcontractor; and serving a public records request on the MWRA. In addition, notwithstanding American Home's pending Motion to Stay Discovery, American Home has noticed the depositions of two of Insituform's personnel, Tom Porzio and Larry Mangels, each of whom Insituform previously identified as witnesses knowledgeable about costs associated with the MWRA Claim, and Insituform's expert, Chris Campos.

7. Without the opportunity to conduct this discovery, including depositions, American Home cannot "present by affidavit facts essential to justify its opposition," and Insituform's motion should be denied without prejudice, pursuant to Fed. R. Civ. P. 56(f).

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 21st day of September, 2006.

_____
Gregory P. Deschenes

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on September 21, 2006 and upon all parties registered for electronic notification via the Court's electronic filing system.

_____
Gregory P. Deschenes

10130258.1