IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04 10487 GAO |
| ) | |
| AMERICAN HOME ASSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**INSITUFORM TECHNOLOGIES, INC.'S OBJECTION AND RESPONSE
TO AMERICAN HOME'S MOTION FOR LEAVE TO SUPPLEMENT
THE RECORD**

Plaintiff, Insituform Technologies, Inc. ("Insituform") objects in response to Defendant American Home Assurance Company's ("American Home") Motion for Leave to Supplement the Record (ECF Doc. No. 67) as follows:

**A.     Procedural Background**

American Home moved for summary judgment on August 24, 2006, one month before the close of discovery. Insituform cross-moved for summary judgment that: (a) American Home's umbrella policy provides coverage for the MWRA claim; and (b) Insituform's actual cost to remove and replace the CIPP was $7,398,299.05 of which Insituform's primary insurance carrier, Liberty Mutual, paid $1,000,000.00, plus pre-judgment interest and costs; so that, (c) American Home owes Insituform $6,398,299.05.

This Court heard oral argument on the cross-motions on November 20, 2006. Afterward, the Court took the matter under advisement. Now, several weeks after oral argument, American

Home seeks to offer additional argument[1] and evidence concerning the amount Insituform's damages.

### B. Argument

#### 1. American Home Is Playing Both Sides Against The Middle

While American Home moved for summary judgment a month before discovery closed, it also moved to stay discovery (ECF Doc. No. 48). Insituform opposed the motion. Yet, in response to Insituform's cross-motion for summary judgment, American Home made a plea under F.R.C.P. 56(f) to take discovery because it could not controvert the amount of Insituform's damages due to an adequate opportunity to take discovery. See Deschenes Aff., ¶ 4 (ECF Doc. No. 59). Insituform opposed that request as well, pointing out how American Home could not meet the requirements of F.R.C.P. 56(f) to justify relief. Insituform Reply Memorandum, pp. 14-16 (ECF Doc. No. 64).

This Court has not ruled on American Home's request under F.R.C.P. 56(f). Until such time, American Home's Motion to Supplement the Record should be denied without prejudice. Otherwise, allowing the motion to supplement the record would trump a denial of American Home's F.R.C.P. 56(f) request.

#### 2. The Proffered Evidence Does Not Create A Genuine Issue of Material Fact

The motion for leave to Supplement should also be denied because it does not offer any relevant information. At no point in the submission does American Home attempt to put a dollar value on any of the supposed, improper items of Insituform's damages.

For instance, the proffered argument and deposition testimony points out that general liability insurance and worker's compensation premiums are included in Insituform's calculation

---

[1] The name of American Home's motion is misleading. American Home does not seek to merely supplement record. It also seeks to file a sur-reply brief that contains additional argument about the amount of Insituform's damages and evidence. On this point alone, the motion should be denied.

of payroll burden. American Home Motion, Ex. A, pp. 4-7. But American Home does not tell the court how much these items amount to, because those items amount to next to nothing compared to the unchallenged damages. For instance, American Home failed to include the claim documentation that the value of the insurance premiums in the payroll burden amount to approximately $59,000.00, which is less than one percent of Insituform's undisputed damages.

The items of supposed fixed costs, as opposed the variable costs, that American Home takes issue with amount to mere pebbles. Since American Home does not quantify the disputed items for the Court, these pebbles fall far short of raising a genuine issue of material fact.

WHEREFORE, Insituform requests that American Home's Motion for Leave to Supplement the Record be denied. Alternatively, Insituform asks for an opportunity to reply to the merits of the proffered materials in the event the motion is granted.

Respectfully submitted,
INSITUFORM TECHNOLOGIES, INC.

By: /s/Charles L. Philbrick
    Holland & Knight LLP
    131 S. Dearborn St., 30th Floor
    Chicago, Illinois 60603-5547
    (312) 263-3600

    Stanley A. Martin
    Holland & Knight LLP
    10 St. James Avenue
    Boston, Massachusetts 02116
    (617) 523-2700

Dated: January 22, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04 10487 GAO |
| | ) | |
| AMERICAN HOME ASSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Insituform Technologies, Inc.'s Objection and Response to American Home's Motion for Leave to Supplement the Record was served upon:

> Gregory P. Deschenes
> Kurt Mullen
> Nixon Peabody LLP
> 100 Summer Street
> Boston, MA 02110-2131

by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Charles L. Philbrick

# 4314855_v1