UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 04-10487 GAO |
| AMERICAN HOME ASSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

**AMERICAN HOME ASSURANCE COMPANY'S
OPPOSITION TO INSITUFORM'S MOTION FOR LEAVE TO SUPPLEMENT THE
RECORD IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Undermining its previous (and erroneous) argument that no further discovery was needed on the issue of costs incurred in connection with the MWRA Claim (see Insituform's Objection and Response to American Home's Motion for Leave to Supplement the Record, ECF Doc. No. 68), Insituform now moves to present a reduced amount of allegedly recoverable costs. Insituform's motion does not "put to rest all questions" that American Home raised with respect to Insituform's costs (compare Insituform's Motion, ¶ 3), but instead raises several issues of material fact that undermine its own cross-motion. American Home opposes Insituform's motion to supplement the record and believes that the Court should deny Insituform's cross-motion for summary judgment in its entirety.

Insituform through its Motion again fails to carry its burden of submitting admissible evidence on the issue of damages. (See American Home's Memorandum in Opposition to Insituform's Cross-Motion, "American Home's Opposition Memo," ECF Doc. No. 58, at 11-12.)

10658758.1

- 2 -

Additionally, American Home notes that the weight given to expert testimony is inherently a matter to be determined by a fact-finder. (See id. at 13.) On these bases alone, Insituform's cross-motion on damages should be denied.

Furthermore, Insituform's Motion raises issues of material fact that undermine its position that the Court can grant summary judgment on costs. These include:

- ***Insituform cannot fix its alleged recoverable costs***

Simply put, Insituform's claimed costs are a moving target. Insituform initially claimed $6,398,299.05 in costs recoverable against American Home. (See Insituform's Motion, Ex. A, at 2.) American Home thereafter moved to supplement the record based on issues of material facts about Insituform's costs that were identified during the deposition of Larry Mangels, Insituform's Director of Finance for North America. (See ECF Doc. No. 67.) In opposing American Home's motion, Insituform characterized any improperly included costs as "mere pebbles," quantifying by example the value of its insurance premiums at approximately $59,000. (See ECF Doc. No. 68, at 3.)

Insituform's current Motion, however, reduces its claim against American Home to $6,054,652.95, a reduction of approximately 5 percent, based on the subtraction of fixed costs attributable to equipment burden and a lesser amount of closeout costs. (See Insituform's Motion at 6-7.) Perhaps because of these reductions, Insituform attempts to recover some of its "pebbles," noting that Chris Campos, Insituform's damages expert and the individual whose testimony and findings Insituform relies upon exclusively in its Motion, disagrees with Mr. Mangels about the propriety of including insurance premiums and fringe benefits in the MWRA Claim. (Id. at 4-5.) Insituform's equivocating on the recoverability of these costs is proof

10658758.1

positive that the amount of its damages is an issue for a trier of fact and not appropriate for summary judgment.

- *Insituform's damages expert is continuing to evaluate whether Insituform's claimed costs are unrelated to removal and replacement*

Not only has Insituform already reduced the amount it is seeking from American Home by approximately 5 percent, it has asked Mr. Campos to continue evaluating Insituform's costs incurred when Insituform was attempting to fix the CIPP instead of replacing it.

As American Home noted in connection with its Motion to Supplement the Record, Insituform is padding its damages claim against American Home by including both the costs Insituform allegedly incurred in its initial repair efforts and the costs incurred in Insituform's removal and replacement of the CIPP. (See ECF Doc. No. 67, Ex. A at 6-7.) The Contractor Rework Coverage Amendment to the Liberty Mutual Policy, to which Insituform contends that the American Home Policy follows form, appears to provide coverage only for the *lesser* of one or the other amount. (Id.)

Apparently in response to American Home raising this issue, Insituform asked Mr. Campos to quantify the costs that Insituform incurred prior to December 31, 2003. (See Insituform's Motion, Affidavit of Charles L. Philbrick, the "Philbrick Aff.," Ex. 1, at 93:22-94:22, 101:24-103:6.) As American Home noted in connection with these motions for summary judgment, removal and replacement of the CIPP began no earlier than mid-January 2004. (See American Home's Response to Insituform's Local Rule 56.1 Response, ECF Doc. No. 61, Response No. 12.) Thomas Porzio, Insituform's site manager for the installation, removal and replacement of the CIPP for the MWRA Claim, has since confirmed that removal of the CIPP began in "either early January [2004] or late December [2003]," and that none of the costs that Insituform incurred up until that point involved removal or replacement of the CIPP. (See

10658758.1

Affidavit of Kurt M. Mullen, the "Mullen Aff.," submitted herewith, at Ex. 1, 175:9-21.)  Mr. Porzio also agreed that Insituform spent a "substantial" amount of time and money exploring repair methods between October and December 2003, and that the bypass pumping costs alone for Phase I (which includes October through December 2003) was $10,000 per day.  (See Mullen Aff., at Ex. 2, 99:5-100:1.)

Insituform has not provided American Home or the Court with the results of Mr. Campos' analysis on Insituform's costs incurred prior to December 31, 2003.

- ***Insituform still fails to demonstrate that its costs were reasonable***

As American Home previously noted, Insituform has failed to carry its burden of demonstrating that the costs for which it seeks recovery are reasonable.  (See American Home's Opposition Memo, ECF Doc. No. 58, at 14-15.)  Mr. Campos conceded that has no opinion as to whether Insituform's claimed costs were reasonably related to the MWRA Claim against American Home.  (See Insituform's Motion, Philbrick Aff., Ex. 1, at 129:4-130:14.)  Mr. Campos also testified that he did not analyze whether Insituform's claimed costs were reasonable and necessary.  (Id. at 130:15-20.)

10658758.1

**Conclusion**

For the above reasons, as well as for those previously identified in American Home's briefing in connection with its motion for summary judgment and Insituform's cross-motion for summary judgment, American Home respectfully requests that the Court deny Insituform's Motion for Leave to Supplement the Record and Insituform's Cross-Motion for Summary Judgment, and grant American Home's Motion for Summary Judgment.

> Respectfully submitted,
>
> AMERICAN HOME ASSURANCE COMPANY,
>
> By its attorneys,
>
> /s/ Kurt M. Mullen
> Gregory P. Deschenes (BBO #550830)
> gdeschenes@nixonpeabody.com
> Gregg A. Rubenstein (BBO #639680)
> grubenstein@nixonpeabody.com
> Kurt M. Mullen (BBO #651954)
> kmullen@nixonpeabody.com
> NIXON PEABODY LLP
> 100 Summer Street
> Boston, Massachusetts 02110
> (617) 345-1000
> (617) 345-1300 (facsimile)

Dated: July 20, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all parties registered for electronic notification via the Court's electronic filing system on July 20, 2007.

> /s/ Kurt M. Mullen
> Kurt M. Mullen

10658758.1