# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

INSITUFORM TECHNOLOGIES, INC.,    )
    )
    Plaintiff,    )
    )
    v.    )    Case No. 04 10487 GAO
    )
AMERICAN HOME ASSURANCE COMPANY,    )
    )
    Defendant.    )

## INSITUFORM'S MOTION TO CONTINUE THE TRIAL
## DATE AND AMEND THE CASE SCHEDULE

Plaintiff, Insituform Technologies, Inc. ("Insituform") hereby moves to continue the trial date of February 4, 2008, and to amend the case schedule to allow defendant American Home Assurance Company additional time to conduct discovery concerning plaintiff's claim for consequential damages.  In support of this motion, Insituform states as follows:

1.    At the onset of this case, Insituform stated in its initial disclosure that American Home's wrongful denial had an adverse impact on its earnings and that Insituform would seek consequential damages:

> As a consequence of American Home's wrongful denial, Insituform has had to book the entire loss against earnings, thereby officially driving down its fourth quarter earnings of 2003.  Those damages are not yet computed due to incomplete information.

Morris Affidavit, ¶ 1 and Exhibit A.

2.    The primary carrier, Liberty Mutual Insurance Company, investigated the MWRA Claim and paid its policy limit of $1 million on December 14, 2004.  Martin Affidavit, ¶ 1.  Had American Home not wrongfully denied coverage on February 13, 2004, it too would have

indemnified Insituform for the amount of the MWRA Claim that is excess of the primary policy limit, an amount well in excess of $2 million.

3.     As a direct result of American Home's failure to indemnify Insituform for the MWRA Claim in December of 2004, Insituform's "Fixed Charges Coverage Ratio" for the close of fiscal 2004 was 1.64 or $1,941,000 short of the income needed to meet the minimum ratio of 1.70, as required by Insituform's covenants with its lenders.  Insituform was in default and had to negotiate waivers of the default and amendments to its notes resulting in increased rates.  Martin Affidavit, ¶ 2 and Exhibit A.

4.     All of the details and documentation concerning Insituform's failure to meet its Fixed Charges Ratio at the close of fiscal 2004 are set forth in Insituform's SEC filings, including its 2004 10K.  Martin Affidavit, ¶ 3 and Exhibit B.

5.     During discovery in this matter, American Home sought discovery of Insituform's audited financial information and its SEC filings, including its Form 10-K for 2004.  Morris Affidavit, ¶ 2 and Exhibit B.

6.     Even though American Home took the deposition of Insituform's Director of Finance for North America, Larry Mangels, who had previously been identified as Insituform's damages witness, American Home did not ask Mr. Mangels a single question about consequential damages as a result of American Home's denial.  Morris Affidavit, Exhibit C.

7.     Likewise, American Home propounded numerous interrogatories that addressed the value of the MWRA Claim, it did not propound any interrogatories seeking information concerning consequential damages, apart from those seeking audited financial reports.  Morris Affidavit, Exhibit D.

8.      As part of its Rule 26(a)(3) disclosure, Insituform provided American Home with spreadsheets, summaries and backup documentation quantifying the consequential damages Insituform incurred in order to negotiate waivers of its debt instruments in early 2005 as a result of its failure to meet the required Fixed Charges Ratio at the close of fiscal 2004. Morris Affidavit, ¶ 5 and Exhibit E. Insituform intends to prove at trial that these consequential damages are the direct result of American Home's wrongful denial of coverage.

9.      In the wake of receiving Insituform's Rule 26(a)(3) disclosure, American Home has claimed that Insituform's identification of certain summaries and documents concerning the calculation of consequential damages constitutes a "new category of damages" and "an entirely new category of cost." Morris Affidavit, ¶ 6 and Exhibit F.

10.     Insituform disagrees with American Home's contention. Relief in the form of consequential damages is within the pleadings, identified in Insituform's initial disclosure and documented in records sought in discovery. See paragraphs 1 and 5 above, Morris Affidavit, Exhibit F.

11.     While Insituform disagrees with American Home's objections, the matter in controversy is narrow in scope, yet substantial in amount (over $3 million). As such, Insituform believes that to best move this case toward a fair yet efficient resolution, the current trial date should be continued in order to allow American Home to take discovery with respect to Insituform's claim for consequential damages.

12.     In determining whether to grant a continuance, the court should evaluate the facts of the particular case and not mechanically apply a test. *Amarin Plastics, Inc. v. Marilyn Cup Corp.*, 946 F.2d 147, 151 (1st Cir. 1991). Nevertheless, the court may look at prior delays and their reasons, hardship to the non-movant, and the good faith of the movant. *Amarin Plastics,*

*Inc.*, 946 F.2d at 151. An unreasoning and arbitrary insistence on expeditiousness in the face of a justifiable request for delay is an abuse of discretion. *Id.*

13. Here, there have been no prior delays in this case nor any discovery disputes. Continuing the trial to allow American Home to take discovery, so as to extinguish its claims of unfair surprise would not add hardship to American Home. Finally, Insituform has acted in good faith and has no interest in obtaining a judgment for which American Home can later claim unfair surprise on appeal.

14. Under the Advisory Committee Note to Fed. Rule of Evidence 403, "the granting of a continuance is a generally more appropriate remedy than exclusion of evidence when claims of unfair surprise are raised." *Conway v. Chemical Laminent Tank Lines, Inc.* 687 Fed. Supp 108, 112 (5th Cir. 1982). Here, there is no reason to depart from the generally appropriate remedy.

15. The case is currently set for a pretrial conference on January 24, 2008 and a jury trial to begin on February 4, 2008. Counsel for Insituform has conferred with counsel for American Home and determined that American Home will not consent to this motion.

WHEREFORE, Insituform requests an order entered continuing the trial date of February 4, 2008 and amending the existing case schedule.

Respectfully submitted,

Dated: January 8, 2008

INSITUFORM TECHNOLOGIES, INC.

By:    /s/ Stanley A. Martin
       Stanley A. Martin, Esq.
       Holland & Knight LLP
       10 St. James Avenue
       Boston, MA 02116
       (617) 523-2700

Of counsel

Charles L. Philbrick, Esq.
Holland & Knight LLP
131 S. Dearborn St., 30th Fl.
Chicago, IL 60603-5547
(312) 263-3600

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the following document was served upon the

attorney of record for the Defendant by virtue of electronically filing this document with the

Court on the 8th day of January, 2008.

INSITUFORM'S MOTION TO CONTINUE
THE TRIAL DATE AND AMEND CASE SCHEDULE

By: ___/s/ Stanley A. Martin_____
Stanley A. Martin, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

# 5035134_v1