# EXHIBIT

# D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 04-10487 GAO |
| ) | |
| AMERICAN HOME ASSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT AMERICAN HOME ASSURANCE COMPANY'S
## FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 26 and 33, defendant American Home Assurance Company

("American Home") propounds the following interrogatories to Plaintiff Insituform

Technologies, Inc. ("Insituform") to be answered under oath within thirty (30) days of service.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to all interrogatories:

1.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.     The term "concerning" means referring to, describing, evidencing, or constituting.

3.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4.     The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

5.     The terms "Insituform," "you," and "yours" mean Plaintiff Insituform Technologies, Inc., including its officers, directors, employees, agents, representatives, and any person acting on its behalf.

- 2 -

6.   The term "American Home" means Defendant American Home Assurance Company, including its officers, directors, employees, agents, representatives, and any person acting on its behalf.

7.   The term "Liberty Mutual" means Liberty Mutual Insurance Company, including its officers, directors, employees, agents, representatives, and any person acting on its behalf.

8.   The term "Complaint" means the Complaint filed by Insituform against American Home in this action.

9.   The term "American Home Policy" means the excess umbrella liability policy, Policy No. BE 3206923, issued by American Home to Insituform for the period July 1, 2003 to July 1, 2004, as alleged in Paragraph 11 of the Complaint.

10.  The term "Liberty Mutual Policy" means the primary comprehensive general liability policy, Policy No. RG2-641-004218-033, issued by Liberty Mutual to Insituform for the period July 1, 2003 to July 1, 2004, as alleged in Paragraph 9 of the Complaint.

11.  The term "MWRA Claim" means the claim made by the Massachusetts Water Resources Authority ("MWRA") against Insituform to repair and replace the defective liner, as alleged in Paragraphs 1 and 19 of the Complaint.

12.  The term "identify, " with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13.  The term "identify," with respect to documents, means to give, to the extent known:

      (a) the type of document;
      (b) the general subject matter;
      (c) date of the document; and
      (d) author(s), addressee(s), and recipient(s).

14.  The term "state the basis," of or for a particular claim, assertion, allegation, or contention, means to:

      (a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

      (b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

      (c) state separately the acts or omissions to act on the part of any person

- 3 -

(identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

15. The singular shall include the plural, and the plural shall include the singular.

16. "And" and "or" shall be construed as disjunctive or conjunctive as the context requires.

17. Your responses to these interrogatories are subject to the requirements of supplementation contained in Fed. R. Civ. P. 26(e)(2).

18. Unless otherwise specified, the time period encompassed by this set of interrogatories shall be from January 1, 2003 to the present.

19. If complete responses to any interrogatory are withheld on the basis of any asserted privilege, including the attorney-client privilege or the work product doctrine, state the basis for withholding such information setting forth (a) the type of privilege asserted, (b) the basis for the assertion of the privilege, and (c) identifying the documents or information being withheld with sufficient particularity to bring the matter before the Court to obtain a ruling on your claim of privilege.

## INTERROGATORIES

### INTERROGATORY NO. 1

Please identify each person involved in answering these interrogatories on your behalf (a) stating each interrogatory that each such person assisted in answering, and (b) identifying all persons you consulted in responding to these interrogatories, including the information that each such person provided.

### INTERROGATORY NO. 2

Please identify each person who has knowledge of the facts and circumstances relevant to this lawsuit, and for each such person, please provide a summary of the knowledge possessed by that person.

### INTERROGATORY NO. 3

Please identify each witness you intend to call at trial in this matter, describe the substance of his or her testimony and identify any documents that relate to or concern that testimony.

**INTERROGATORY NO. 4**

Please identify any settlement agreement Insituform has entered into with any person concerning the MWRA Claim.

**INTERROGATORY NO. 5**

Please identify any payment of money Insituform has received from any source in connection with the MWRA Claim.

**INTERROGATORY NO. 6**

Please identify any experts or consultants Insituform has hired to prepare any reports or studies or conduct any investigations concerning the MWRA Claim and, for each such expert or consultant, please state:

     (a)    the exact date when Insituform hired each such expert or consultant;

     (b)    the purpose(s) of Insituform hiring each expert or consultant;

     (c)    the name(s) and date(s)of any reports or studies prepared or investigations conducted by each such expert or consultant; and

     (d)    any opinions or conclusions contained in such studies or investigations.

**INTERROGATORY NO. 7**

Please identify each person you expect to call as an expert witness at trial, stating the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion, his or her qualifications, provide the basis and amount of his or her compensation, and attach to your response any report made by the expert concerning those facts and opinions.

**INTERROGATORY NO. 8**

Please identify (a) any tests conducted of Insituform's product or work in connection with MWRA Contract #6480; (b) the results of such tests; (c) all persons knowledgeable concerning subparts (a) and (b); and (d) all documents and communications concerning subparts (a) and (b).

**INTERROGATORY NO. 9**

Please describe (a) all repair and restoration work Insituform has performed and/or funded necessitated by the MWRA Claim; (b) the costs of such repair and restoration work; (c) the amounts which Insituform contends it is legally obligated to pay as damages because of Property Damage (as defined in the American Home Policy) covered under the American Home Policy;

- 5 -

(d) identify all persons knowledgeable concerning subparts (a) through (c); and (e) identify all documents and communications concerning subparts (a) through (c).

## INTERROGATORY NO. 10

Please identify all costs and expenses Insituform has allegedly incurred in an effort to repair and replace the defective liner.

## INTERROGATORY NO. 11

Please set forth an itemized statement of all costs, damages or expenses Insituform has allegedly incurred to date and expects to incur in connection with the MWRA Claim for which Insituform is seeking coverage in this action under the American Home Policy.

## INTERROGATORY NO. 12

Please identify and describe in detail all efforts made by Insituform to mitigate any losses or expenses in with the MWRA Claim.  For each such mitigation effort, please identify:

(a)     the date the expense was incurred;
(b)     the date such expense was paid;
(c)     by whom such expense was paid;
(d)     from what source such expense was paid;
(e)     the purpose of such expense; and
(f)     the likely or projected expense by not engaging in such mitigation effort.

## INTERROGATORY NO. 13

Please identify all remedial action alternatives Insituform considered, and their associated estimated cost, to remove and replace the defective liner or to avoid removing or replacing the defective liner.

## INTERROGATORY NO. 14

Please identify all defects discovered in Insituform's work, as alleged in Paragraph 1 of the Complaint.

## INTERROGATORY NO. 15

Please identify the reasons why the liner installed by Insituform failed to meet the contract document requirements and MWRA rejected Insituform's work, as alleged in Paragraphs 1 and 19 of the Complaint.

- 6 -

AMERICAN HOME ASSURANCE COMPANY,

By its attorneys,

_____
Gregory P. Deschenes (BBO # 550830)
Gregg A. Rubenstein (BBO # 639680)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Dated: March 3, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 3, 2006.

_____
Gregory P. Deschenes

BOS1565248.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 04-10487 GAO |
| | ) | |
| AMERICAN HOME ASSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT AMERICAN HOME ASSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 26 and 34, defendant American Home Assurance Company ("American Home") hereby requests that Plaintiff Insituform Technologies, Inc. ("Insituform") produce for inspection, copying and examination all documents and other tangible items that are in the possession, custody, or control of Insituform and are responsive to the following requests. Pursuant to Fed. R. Civ. P. 34(b), within thirty (30) days after being served with these requests, Insituform is also required to serve upon American Home written responses to these requests.

### DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to all document requests:

1.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.  The term "concerning" means referring to, describing, evidencing, or constituting.

3.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4.  The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

5.    The terms "Insituform," "you," and "yours" mean Plaintiff Insituform Technologies, Inc., including its officers, directors, employees, agents, representatives, and any person acting on its behalf.

6.    The term "American Home" means Defendant American Home Assurance Company, including its officers, directors, employees, agents, representatives, and any person acting on its behalf.

7.    The term "Liberty Mutual" means Liberty Mutual Insurance Company, including its officers, directors, employees, agents, representatives, and any person acting on its behalf.

8.    The term "Complaint" means the Complaint filed by Insituform against American Home in this action.

9.    The term "American Home Policy" means the excess umbrella liability policy, Policy No. BE 3206923, issued by American Home to Insituform for the period July 1, 2003 to July 1, 2004, as alleged in Paragraph 11 of the Complaint.

10.    The term "Liberty Mutual Policy" means the primary comprehensive general liability policy, Policy No. RG2-641-004218-033, issued by Liberty Mutual to Insituform for the period July 1, 2003 to July 1, 2004, as alleged in Paragraph 9 of the Complaint.

11.    The term "MWRA Claim" means the claim made by the Massachusetts Water Resources Authority ("MWRA") against Insituform to repair and replace the defective liner, as alleged in Paragraphs 1 and 19 of the Complaint.

12.    The singular shall include the plural, and the plural shall include the singular.

13.    "And" and "or" shall be construed as disjunctive or conjunctive as the context requires.

14.    Your responses to these interrogatories are subject to the requirements of supplementation contained in Fed. R. Civ. P. 26(e)(2).

15.    Unless otherwise specified, the time period encompassed by this set of document requests shall be from January 1, 2003 to the present.

16.    If you maintain that any responsive document has been destroyed, please identify the document and state the date of destruction, the reason, and by whom the document was destroyed.

17.    If any documents are redacted or are not produced based on a claim of privilege or any other grounds, identify the document or information being withheld or redacted and the basis for the privilege or other grounds with sufficient particularity to permit American

- 3 -

Home to move compel production (without redactions) of such documents, including but not limited to the author, recipient, subject matter, document type and number of pages.

## REQUESTS

1. All documents concerning MWRA Contract #6840.

2. All documents concerning any bids or proposals prepared and/or submitted by Insituform in connection with MWRA Contract #6840.

3. All documents concerning the scope of Insituform's work in connection with MWRA Contract #6840.

4. All documents concerning the contractual specifications or requirements for Insituform's work in connection with MWRA Contract #6840, including any designs, drawings or other specifications.

5. All documents concerning communications between Insituform and D'Allessandro Corporation concerning MWRA Contract #6840 or the MWRA Claim.

6. All documents concerning communications between Insituform and MWRA concerning MWRA Contract #6840 or the MWRA Claim.

7. All documents concerning the "Contractor Rework Coverage Amendment" of the Liberty Mutual Policy.

8. All documents concerning the American Home Policy.

9. All documents concerning communications between Insituform and Liberty Mutual concerning the MWRA Claim.

10. All documents concerning communications between Insituform and American Home concerning the MWRA Claim.

11. All documents concerning the MWRA Claim.

12. All documents concerning defects discovered in Insituform's work, as alleged in Paragraph 1 of the Complaint.

13. All documents concerning MWRA's rejection of Insituform's work, as alleged in Paragraph 1 of the Complaint.

14. All documents concerning testing of Insituform's product or work in connection with MWRA Contract #6480.

- 4 -

15.    All documents concerning reports, investigations or studies concerning what allegedly caused the defects in Insituform's product or work.

16.    All documents concerning why the liner installed by Insituform failed to meet the contract document requirements, as alleged in Paragraph 19 of the Complaint.

17.    All documents concerning Insituform's actual cost of removing and replacing Insituform's defective product or work in connection with MWRA Contract #6480.

18.    All documents concerning Insituform's actual cost of remedial action taken to avoid removal or replacement of its defective product or work in connection with MWRA Contract #6480.

19.    All documents concerning Insituform's product or work in connection with MWRA Contract #6480 that did not meet contractual specifications or accepted standards for such construction.

20.    All documents concerning any costs, damages or expenses Insituform has allegedly incurred or expects to incur in connection with the MWRA Claim for which Insituform is seeking coverage in this action under the American Home Policy.

21.    All documents concerning all remedial action alternatives Insituform considered, and their associated estimated cost, to remove and replace the defective liner.

22.    All documents concerning all remedial action alternatives Insituform considered, and their associated estimated cost, to avoid removing or replacing the defective liner.

23.    All documents concerning any bids or proposals Insituform has received in connection with its effort to repair and replace the defective liner.

24.    All documents concerning the costs and expenses Insituform has allegedly incurred in an effort to repair and replace the defective liner.

25.    All documents concerning the amounts which Insituform contends it is legally obligated to pay as damages because of property damage covered under the American Home Policy.

26.    All documents concerning Insituform's efforts to mitigate any losses or expenses in connection with the MWRA Claim.

27.    All documents concerning any settlement agreement Insituform has entered into with any person concerning the MWRA Claim.

- 5 -

28.     All documents concerning any payment of money Insituform has received from any source in connection with the MWRA Claim.

29.     All documents upon which Insituform's expert witnesses rely in formulating or supporting their opinions in this case, including any communications with such expert witnesses concerning this action.

30.     All documents identified, referred to or relied upon by Insituform in responding to Defendant's First Set of Interrogatories, served concurrently with this First Request for Production of Documents.


AMERICAN HOME ASSURANCE COMPANY,

By its attorneys,

Gregory P. Deschenes (BBO # 550830)
Gregg A. Rubenstein (BBO # 639680)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Dated:  March 3, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on March 3, 2006.

Gregory P. Deschenes

BOS1563841.1

# EXHIBIT

# E

## Summary of Costs of 3/16/05 Note Amendment

|  | Costs to 2/04/08 | | Additional Interest Cost 2/05/08 to Maturity |
|---|---|---|---|
|  | Fees | Interest |  |
| 1997 Series |  | 445,571.23 |  |
| 2003 Series | 260,000.00 | 939,383.56 | 1,697,123.29 |
| Fees/Legal Costs | 379,148.51 |  |  |
| Total | **639,148.51** | **1,384,954.79** | **1,697,123.29** |
| Grand Total |  | **$ 2,024,103.30** | **$   3,721,226.59** |

I 00514

**Impact of 3/16/05 Amendment on 1997 Senior Notes**

| | |
|---|---:|
| Principal Balance on 3/16/05 | $ 31,425,000 |
| Principal payment on 2/14/06 | (15,710,000) |
| Principal balance on 2/14/06 | 15,715,000 |
| Principal payment on 2/14/07 | (15,715,000) |
| Principal balance on 2/14/07 | $         - |

**NOTE:  Principal on the 1997 Senior Notes was paid in annual installments of $15.7 million until retirement in 2/14/07**

**NOTE 2:  As a result of the amendment on March 16, 2005, the Note's coupon was increased by 1% annually; Impact is shown below**

| Dates | | Principal Balance | Incremental Coupon | Days O/S | Impact |
|---|---|---:|---:|---:|---:|
| 3/16/05 to 2/14/06 | $ | 31,425,000 | 1.00% | 335 | 288,421.23 |
| 2/14/06 to 2/14/07 | $ | 15,715,000 | 1.00% | 365 | 157,150.00 |
| Total | | | | | $ 445,571.23 |

| | |
|---|---:|
| Date of Installment Pmt (2/14/06 | 2/14/2006 |
| Date of Amendment | 3/16/2005 |
| Days in between | 335 |

I 00515

### Impact of 3/16/05 Amendment on 2003 Senior Notes

Principal Balance                                    $  65,000,000

**NOTE:  Principal on the 2003 Senior Notes will be paid in one balloon payment on 4/24/2013**

**NOTE 2:  As a result of the amendment on March 16, 2005, the Note's coupon was increased by 0.5% annually; Impact to date and maturity is shown below**

| Dates | | Principal Balance | Incremental Coupon | Days O/S | Impact ($) |
|---|---|---|---|---|---|
| 3/16/05 to 2/4/08 | $ | 65,000,000 | 0.50% | 1,055 | 939,383.56 |
| 2/5/08 to 4/24/13 | $ | 65,000,000 | 0.50% | 1,906 | 1,697,123.29 |
| Additional Interest Expense | | | | | 2,636,506.85 |
| Noteholder Waiver Fee | | | | | 260,000.00 |
| Total | | | | | $2,896,506.85 |

| | |
|---|---|
| Date of Trial | 2/4/2008 |
| Date of Amendment | 3/16/2005 |
| Days in between | 1,055 |
| | |
| Date of Maturity | 4/24/2013 |
| Days from Trial to Maturity | 1,906 |

I 00516

**Other Fees paid in Conjunction with Debt Amendment on 3/16/05**

| | |
|---|---:|
| **Chapman and Cutler (legal counsel for Noteholders)** | |
| 3/18/2005 | 30,764 |
| 9/26/2005 | 1,675 |
| | 32,439 |
| **SPP Capital Partners (Amendment Facilitation)** | |
| 2/28/2005 | 25,000 |
| 3/31/2005 | 177,696 |
| | 202,696 |
| | |
| **Bryan Cave (Bank of America legal counsel)** | |
| 3/31/2005 | 13,500 |
| | |
| **Thompson Coburn (Insituform legal counsel)** | |
| 2/24/2005 | 1,742 |
| 3/21/2005 | 54,474 |
| 4/25/2005 | 74,297 |
| | 130,514 |
| | |
| **Total** | **379,149** |

**I 00517**

# EXHIBIT

# F

# NIXON PEABODY LLP
### ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

Gregory P. Deschenes
Direct Dial: (617) 345-1324
E-Mail: gdeschenes@nixonpeabody.com

January 3, 2008

**VIA E-MAIL AND REGULAR MAIL**

Charles L. Philbrick, Esq.
Holland & Knight LLP
131 South Dearborn Street
30th Floor
Chicago, IL 60603

> RE:  Insituform Technologies, Inc. v. American Home Assurance Company
>       United States District Court, District of Massachusetts
>       Civil Action No. 04 10487 GAO

Dear Charlie:

I write pursuant to Local Rule 37.1 regarding the documents that you produced for the first time by e-mail and regular mail on December 24, 2007, December 28, 2007, and yesterday. Although it is not entirely clear what these documents represent, these productions and the subsequent inclusion of certain of such documents as exhibits on Insituform's Fed. R. Civ. P. 26(a)(3) disclosures appear to be an improper attempt to add a new category of damages to Insituform's claim. This goes well beyond the mere "supplementing" of discovery. To the extent that Insituform is now claiming that an entirely new category of costs – apparently associated with refinancing debt – is part of Insituform's claim, it clearly is untimely and must be withdrawn. Such untimely productions and disclosures, made fifteen months after the close of discovery and one month before trial, clearly violate both the rules of discovery and fundamental notions of fair play.

As you know, Insituform's alleged damages had been the subject of considerable discovery in this case. Prior to December 24, 2007, Insituform repeatedly identified the amount it was seeking against American Home as consisting of specific dollar amounts associated with specific categories. Indeed, in September 2006, Insituform cross-moved for summary judgment on damages, claiming that the amount was not disputed and readily ascertainable. While Insituform has since reduced the amount of its claim, this was related to categories previously identified. At no time – either in its mandatory initial disclosures, written discovery responses,

10856968.2

Charles L. Philbrick, Esq.
January 3, 2008
Page 2

depositions, expert reports, motions, or affidavits – did Insituform identify refinancing costs as part of its claim. Indeed, you have repeatedly stated that discovery closed in September 2006 and that any discovery not noticed prior to that date was barred. Insituform's eleventh-hour attempt to add a new category of damages is especially troubling given that, based on my reading of these summaries, such costs were ascertainable in *March 2005*. If Insituform truly believed that these costs were part of its claim, Insituform had numerous opportunities during the discovery process to make its position known. It is too late to do so now.

Accordingly, Insituform is not entitled to press this new category of "damages" at trial and cannot rely on these newly-produced documents. If Insituform intends to now include these costs as part of its claim, American Home will seek appropriate relief, including filing a motion to strike Insituform's Rule 26(a)(3) disclosures and to prohibit the introduction of any of this evidence at trial. We also will seek expenses and sanctions in accordance with the Federal Rules of Civil Procedure related to such motion practice.

If I am mistaken as to Insituform's intent as to its claim for damages, please let me know. Otherwise, I will proceed as noted. I would appreciate your immediate response so that I may proceed accordingly.

Very truly yours,

Gregory P. Deschenes

cc:    Kurt M. Mullen, Esq.

10856968.2

# Holland+Knight

Tel   312 263 3600
Fax  312 578 6666

Holland & Knight LLP
131 South Dearborn Street, 30th Floor
Chicago, IL 60603-5517
www.hklaw.com

Charles L. Philbrick
312 715 5834
charles.philbrick@hklaw.com

January 8, 2008

Gregory P. Deschenes
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110

      Re:    *Insituform Technologies, Inc. v. American Home Assurance Company*
             Case No. 04 10487 GAO

Dear Greg:

      I write pursuant to Local Rule 37.1 and in response to your letter of January 3, 2008.

      Your assertion that Insituform's right to recover consequential damages as a result of American Home's breach of contract constitutes a "new category of damages" and "an entirely new category of cost" is not accurate. From the beginning of the case, Insituform identified consequential damages, in addition to compensatory damages, as a form of relief sought in its initial disclosure: "As a consequence of American Home's wrongful denial, Insituform has had to book the entire loss against earnings, thereby officially driving down its fourth quarter earnings of 2003. Those damages are not yet computed due to incomplete information."

      Further, the details concerning the financial impact of American Homes denial Insituform have been known to American Home and setforth in Insituform's SEC filings. To that end, American Home actively sought to obtain discovery of communications between Insituform and it's auditors as well as its SEC filings. American Home sought to have Insituform actually produce the SEC filings. Insitutform objected to those production requests and directed American Home to the filings themselves, which are publicly available at the SEC website. American Home followed through on this as evidenced by the fact that American Home has included Form 10-K for 2003 as one of its trial submissions. American Home cannot claim surprise concerning the consequential damages caused by American Home's breach as such information is plainly laid out in the SEC filings.

      All that being said, Insituform proposes to resolve the current dispute as to the timelessness of its supplementation by agreeing to continue the trial for a short period so that American Home can take discovery concerning the recently produced documents. Yesterday, you informed me that American Home was not willing to accept this proposal and would seek to enforce the current trial date and bar Insituform from offering any evidence of its consequential damages. By taking this path, it is American Home that seeks a result that it is unfair and

Gregory P. Deschenes
January 8, 2008
Page 2

lacking in substantial justice.   Accordingly, Insituform will proceed with the preparation of the final pretrial Order and its evidence of compensatory and consequential damages.   It will also move to continue the trial along the lines discussed above.  I will be prepared to meet with you beginning at 10:00 tomorrow morning, January 9, 2008 and for the remainder of the afternoon in order to work out as many issues as we can toward the completion of the final pretrial order.

If you have any comments or questions, please do not hesitate to contact me.

Yours very truly,

Charles L. Philbrick

CLP/mp

cc:  Stanley Martin

# 5040494_v1