UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 04-10487 GAO |
| AMERICAN HOME ASSURANCE COMPANY, | ) |
| Defendant. | ) |

**AMERICAN HOME ASSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO CONTINUE TRIAL DATE AND AMEND THE CASE SCHEDULE**

Defendant American Home Assurance Company ("American Home") hereby responds to the motion of plaintiff Insituform Technologies, Inc. ("Insituform") to continue the February 4, 2008 trial date and to amend the case schedule.

Insituform's motion should be denied because it is occasioned by its own blatant disregard of its discovery obligations. On Christmas Eve 2007, and thereafter on December 27 and 28, 2007 and January 2, 2008, Insituform produced, *for the very first time*, documents concerning a damages claim never previously asserted against American Home. As a result of its eleventh-hour productions and disclosures, Insituform is now trying to claim an additional $3.7 million in consequential damages arising out of Insituform's default of a debt covenant at the end of 2004 and resulting March 2005 debt refinancing. This represents an almost 60 percent increase of the $6.1-$6.4 million that Insituform all along has argued represented its claim against American Home. Prior to December 24, 2007, American Home had no knowledge of either the consequential damages claim or documents. Insituform had never articulated this

10863473.2

damages claim in its Complaint, initial disclosure, discovery responses, or cross-motion for summary judgment on damages.

Because such productions and disclosures were clearly untimely – made fifteen months after the close of discovery and one month before trial – and the use of such evidence at trial would severely prejudice American Home, American Home has filed a motion *in limine* to prohibit the introduction of any of this evidence at trial. After almost four years of litigation, on the eve of trial, Insituform should not be permitted to go back to the "drawing board," reopen discovery and add an entirely new damages claim. Accordingly, all documents and other evidence concerning Insituform's new consequential damages claim should be excluded in their entirety. If the Court concludes that this evidence should not be excluded, as even Insituform acknowledges, a continuance of the trial date would be necessary to allow American Home the opportunity to conduct discovery.

In further support of its Response, American Home states as follows:

### *The Complaint Does Not Reference Insituform's Consequential Damages Claim*

1. On March 10, 2004, Insituform filed its Complaint against American Home. The Complaint asserted claims against American Home for breach of contract (Count I), declaratory judgment (Count II), and violation of Missouri's bad faith statute, Mo. Rev. Stat. § 375.420 (2002) (Count III). The breach of contract claim (Count I) makes no reference to consequential damages. The Complaint also does not identify refinancing costs as part of Insituform's damages claim.

2. The discovery deadline in this case was September 29, 2006, and Insituform consistently has taken the position that any discovery not noticed before that date was closed.

10863473.2

### *Insituform's Discovery Responses and Court Filings Did Not Mention Insituform's Consequential Damages Claim*

3.  Insituform argues in its motion that American Home never asked for such damages information in discovery. While that is beside the point (because Insituform was *required* to provide such information under the rules), it is also untrue.

4.  Throughout discovery, American Home repeatedly requested calculations of damages and documents concerning damages. American Home's discovery requests encompassed *all* categories of alleged damages Insituform is claiming in this lawsuit. See, e.g., Affidavit of David F. Morris, in support of Insituform's Motion (the "Morris Affidavit"), Exhibit D, American Home Assurance Company's First Request for Production of Documents, Request No. 20 ("*All* documents concerning *any* costs, *damages* or expenses Insituform has allegedly incurred or expects to incur in connection with the MWRA Claim for which Insituform is seeking coverage in this action under the American Home Policy") (emphases added); American Home Assurance Company's First Set of Interrogatories, Interrogatory No. 11 ("Please set forth an itemized statement of *all* costs, *damages* or expenses Insituform has allegedly incurred to date and expects to incur in connection with the MWRA Claim for which Insituform is seeking coverage in this action under the American Home Policy") (emphases added).

5.  Prior to December 24, 2007, Insituform repeatedly identified the amount it was seeking against American Home as consisting of specific dollar amounts associated with specific categories. At no time – either in its written discovery responses, depositions, expert reports, motions or affidavits – did Insituform make *any* reference to consequential damages or identify refinancing costs as part of its damages claim. For example, consider the following events in this case, all of which occurred well after the March 2005 refinancing that Insituform now claims is part of its damages claim:

- April 7, 2006: In response to interrogatories, Insituform stated: "Insituform refers American Home to the attached 'Total Cost Summary'. . . ." See Insituform's Answers and Objections to American Home's First Set of Interrogatories dated April 7, 2006, Answer to Interrogatory 11, attached as Exhibit 1 to the Affidavit of Gregory P. Deschenes ("Deschenes Affidavit") filed herewith. (The attachment sets forth $7,482,504.77 as the "Total" cost, and does not refer to any consequential damages or increased interest charges).

- April 24, 2006: Insituform produced four binders of cost documents relating to the MWRA Claim. Insituform's "Total Cost Summary," at bates labeled ITI-AIG 000002, sets forth $7,398,299.05 as the "Total" costs and does not refer to any consequential damages or increased interest charges. See Insituform's "Total Cost Summary" dated March 24, 2006 attached as Exhibit 2 to the Deschenes Affidavit.

- May 22, 2006: Insituform provided an expert report on damages stating: "Insituform prepared a claim, which totals $7,398,299, as shown on the attached Schedule I." See Chris Campos Expert Report dated May 22, 2006, at 1, attached as Exhibit 3 to the Deschenes Affidavit.

- September 7, 2006: Insituform cross-moved for summary judgment on damages, claiming that the amount was not disputed and readily ascertainable: "Insituform prays for summary judgment in its favor . . . and an award of money damages in the amount of $6,398,299.05, plus prejudgment interest of $1,249,134.36 and costs." See Insituform's Memorandum in Response to American Home's Motion for Summary Judgment dated September 7, 2006, at 19-20, attached as Exhibit 4 to the Deschenes Affidavit. In support of its cross-motion, Insituform relied on the Affidavit of Chris Campos, which stated: "[T]he total amount of recoverable loss is $7,398,299.05, which is Insituform's actual cost to remove and replace the installed pipe. American Home's share of the recoverable loss is $6,398,299.05 . . . ." See Affidavit of Chris Campos dated September 6, 2006, at 1-2, attached as Exhibit 5 to the Deschenes Affidavit.

- July 6, 2007: While its cross-motion for summary judgment on damages was pending, Insituform reduced the amount of its claim, stating: "[T]his Court . . . based on the undisputed damages record forth [*sic*] above, should also enter judgment in Insituform's favor . . . in the amount of $6,054,652.95, plus prejudgment interest and costs." See Insituform's Supplemental Memorandum in Support of its Cross-Motion for Summary Judgment dated July 6, 2007, at 7, attached as Exhibit 6 to the Deschenes Affidavit.

6.  Perhaps the best proof that Insituform's previously unasserted consequential damages claim is nothing more than litigation afterthought is the fact that when Insituform's counsel first forwarded to American Home's counsel a draft of the joint pretrial memorandum in

10863473.2

October 2007, it contained no reference to Insituform's consequential damages claim or any of the supporting documents at issue. Moreover, as described in American Home's motion *in limine* to prohibit the introduction of such evidence (see pp. 4-6), Insituform produced these documents on December 24, 2007 without any explanation of what they represented. It was only after American Home demanded an explanation did Insituform admit that it was seeking consequential damages. See Morris Affidavit, Exhibit F.

### *Insituform's Initial Disclosure Did Not Identify Insituform's Consequential Damages Claim and Did Not Comply with Rule 26(a)(1)*

7.	Insituform also argues in its motion that it adequately disclosed its consequential damages in its May 4, 2004 initial disclosure. That is not the case. Insituform's disclosure states that as a consequence of American Home's denial of coverage, "Insituform has had to book the entire loss against earnings, thereby officially driving down its fourth quarter earnings of 2003." See Morris Affidavit, ¶ 1, Exhibit A (Emphasis added). The disclosure does not provide any computation, figures, or supporting documents. Instead, the disclosure states: "Those damages are not yet computed due to incomplete information." Nor does Insituform's disclosure identify refinancing costs or any similar such costs as part of its damages claim.

8.	Moreover, the statement contained in Insituform's initial disclosure has nothing to do with the recently-contrived consequential damages claim Insituform is now trying to assert against American Home. The initial disclosure refers to Insituform booking the loss against earnings in the fourth quarter of 2003. In contrast, Insituform is now trying to claim consequential damages on account of a default of a debt covenant allegedly arising out of operating results at the end of 2004. See Affidavit of David A. Martin, in support of Insituform's Motion (the "Martin Affidavit"), ¶ 2.

9. Rule 26(a)(1)(A)(iii) requires that a claimant provide in its initial disclosure a "computation of each category of damages claimed" and that it "make available for inspection and copying as under Rule 34 the documents or other evidentiary material…on which each computation is based" within 14 days of the Rule 26(f) conference.  See Fed. R. Civ. P. 26(a)(1)(C).  "A party is not excused from making [these initial] disclosures because it has not fully investigated the case . . . ."  See Fed. R. Civ. P. 26(a)(1)(E).  The obligation is continuing and requires the claimant to produce responsive documents whenever they become "reasonably available" to it.  See Advisory Committee's Notes, 1993 amendments.  "Subparagraph [iii] imposes a burden of disclosure that *includes* the functional equivalent of a *standing* Request for Production under Rule 34."  Id.  (emphases added).  Finally, Rule 26(e)(1)(A) requires a party to supplement its Rule 26(a) initial disclosures and its discovery answers in a "timely manner" if it learns that "in some material respect" they are "incomplete or incorrect."

10. Here, Insituform clearly violated Rule 26(a)(1)(A)(iii) by failing to provide a computation of its alleged consequential damages and its supporting documents.  Indeed, the very language Insituform quotes from its initial disclosure in its motion reveals that it did not comply with the rule:  "As a consequence…Insituform has had to book the entire loss against earnings, thereby officially driving down its fourth quarter earnings of 2003.  *Those damages are not yet computed due to incomplete information.*"  (emphasis added).  Rule 26(a)(1)(A)(iii) requires a *computation* and *production of documents*.  Further, because the information concerning Insituform's alleged new consequential damages claim was available to it by at least March 2005, it also violated the rule by not disclosing such claim and producing the documents at issue either during its initial production in April 2006 or at any other time during discovery as required by the rule's "equivalent of a standing Request for Production."

11.     In determining its conduct of this litigation, including preparing its case for trial, American Home was entitled to rely on the aforementioned discovery and court filings – all of which were signed under the pains and penalties of perjury or Rule 11.

12.     Insituform also disingenuously suggests that American Home should have been on notice of its consequential damages claim from statements allegedly found in Insituform's filings with the United States Securities and Exchange Commission ("SEC").  However, American Home was under no obligation to somehow divine Insituform's theory of consequential damages from Insituform's SEC filings.  In any event, contrary to Insituform's assertion, Insituform's SEC filings do not set forth Insituform's alleged consequential damages. Rather, Insituform's 10-K and 10-Q filings, certified in accordance with Sarbanes-Oxley, state that Insituform's MWRA Claim allegedly is comprised of documented remediation costs (which appear to match the amount on which Insituform moved for summary judgment), and alleged prejudgment interest.  See, e.g., Insituform's 10-Q for quarter ending September 30, 2007, at 15-16, attached as Exhibit 7 to the Deschenes Affidavit.  The description does not identify any consequential damages.

13.     Moreover, Insituform's 2004 10-K filing, which Insituform now alleges provides all of the details and documentation concerning Insituform's failure to meet its "Fixed Charges Coverage Ratio," actually suggests that Insituform was required to refinance because of a violation of a debt covenant in connection with losses incurred in 2004 in Insituform's *tunneling* division, not its pipe rehabilitation division, and does not mention the MWRA Claim or alleged consequential damages in connection with the refinancing.  See Martin Affidavit, Exhibit B, at I 00455.

10863473.2

### *Exclusion of Evidence and Award of Expenses Are the Appropriate Sanctions*

14.     As set forth in American Home's accompanying motion *in limine*, the appropriate sanction under Rule 37(c)(1) for Insituform's discovery violations is not a continuance, but the exclusion of this evidence and award of American Home's expenses, including attorneys' fees. Rule 37(c)(1), which is mandatory, states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial. . . . In addition to or instead of this sanction, the court . . . may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . and . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv)."

15.     The First Circuit has held that when a party fails to make required disclosures, "the *required* sanction [under Rule 37(c)(1)] in the *ordinary* case is *mandatory* preclusion." Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998), cert. denied, 526 U.S. 1039 (1999) (emphases added).  See also Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 20-21 (1st Cir. 2001) (exclusion of evidence is the "near automatic" remedy).  "[T]he new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches . . . ." Klonoski, 156 F.3d at 269.

16.     Because Insituform at the eleventh hour has presented a previously undisclosed damages claim and produced supporting documents after the close of discovery in violation of Rule 26(a)(1)(A)(iii), this Court should exclude that evidence.  See, e.g., National Fire Prot. Ass'n v. Int'l Code Council, No. 03-10848-DPW, 2006 U.S. Dist. LEXIS 14360 (D. Mass. March 29, 2006) (excluding evidence of corrective advertising damages and entering summary

judgment in defendant's favor on issue where plaintiff produced documentation on such costs after close of fact discovery in violation of Rule 26(a)(1)).

17.    A party that violates Rules 26(a) or (e) can avoid exclusion of evidence only if it carries the burden of showing that the violation was "*substantially* justified" or was "harmless." Rule 37(c)(1)(emphasis added); Wilson, 250 F.3d at 21.  A Rule 26(a) or (e) violation that denies the other party discovery on a relevant issue unfairly surprises and prejudices the party and is not harmless.  Macaulay v. Anas, 321 F.3d 45, 50, 52 (1st Cir. 2003) ("an important object of these rules is to avoid trial by ambush… [D]iscovery was closed and trial was imminent at the time the supplemental report surfaced. . . .  Common sense suggests that when a party makes a last-minute change that adds a new theory of liability, the opposing side is likely to suffer undue prejudice"); Portland Natural Gas Transmission Sys. v. 4.83 Acres, No. 99-2330, 2000 U.S. App. LEXIS 23916, at *7-8 (1st Cir. September 20, 2000) (homeowner's violation not harmless because gas company had not conducted any discovery on historic value damages); National Fire, 2006 U.S. Dist. LEXIS 14360, at *97-98 (plaintiff's violation not harmless because defendant was unable to cross-examine plaintiff's witness on corrective advertising damages within discovery schedule).

18.    Here, Insituform has violated both 26(a)(1)(A)(iii) and 26(e)(1)(A) and has not met its burden of showing that its violation was substantially justified or harmless.  It has provided no justification whatsoever for its extreme delay in disclosing its previously undisclosed damages claim and producing allegedly supporting documents.  Such costs were known by March 2005 at the latest, more than a year before Insituform responded to American Home's discovery requests or produced documents.  Its violations are not harmless.  American Home has made its decisions concerning the conduct of this litigation based on Insituform's

discovery responses and positions on damages. Insituform's actions are exactly the kind of "trial by ambush" tactic the discovery rules are meant to prevent. This Court should impose the "required sanction in the ordinary case" and exclude the documents and any reference to Insituform's consequential damages theory.

19.     Granting a continuance under these circumstances is not the appropriate remedy because it would reward Insituform for its discovery violations. Klonoski, 156 F.3d at 273-274 ("A continuance would have been an inadequate remedy . . . because of the policy concerns regarding incentives for parties to comply with discovery rules.") "If continuances were granted as a matter of course for violations of Rule 26(e), the rule could always be disregarded with impunity. Courts could not set their calendars and conscientious litigants could not count on the stability of trial dates previously established." Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992); see also Macaulay, 321 F.3d at 52-53 (affirming exclusion because otherwise defendant "would have a Hobson's choice: either to [go] to trial without preparation . . . or to reopen discovery and vacate the trial assignment); Licciardi v. TIG Ins. Group, 140 F.3d 357, 367 (1st Cir. 1998) (admitting the evidence would put defendant in an "almost no-lose situation," either the evidence prejudices plaintiff or there is a recess and continuance. "[Defendant's] conduct should not be rewarded.") Here, a continuance would be unfair to American Home, which conducted discovery, made litigation decisions and prepared for trial in good faith reliance on Insituform's discovery responses. A continuance would do nothing to sanction Insituform's violations, and would do nothing to deter future violators.

20.     Finally, American Home disagrees with Insituform's assessment that the matter in controversy involving its previously undisclosed damages claim is "narrow in scope," implying that only a short continuance would be necessary. With more than $3 million at stake, such

10863473.2

discovery would undoubtedly be extensive and complex, necessitate the retention of expert witnesses, and focus on issues of causation, including Insituform's business and numerous factors, other than the MWRA Claim, that caused Insituform to refinance in March 2005.

WHEREFORE, for each of the foregoing reasons, and for those reasons more fully set forth in American Home's accompanying motion *in limine*, American Home requests that this Court enter an order:

(1) Denying Insituform's Motion to Continue the Trial Date and Amend the Case Schedule;

(2) Excluding all of Insituform's documents that it disclosed for the first time on December 24, 2007, December 27 and 28, 2007, and January 2, 2008, concerning its new damages claim (consequential damages in the form of increased costs from its March 2005 debt refinancing) and any related testimony and other evidence;

(3) Excluding any reference by any Insituform witness or attorney to Insituform's new damages claim;

(4) Requiring Insituform to pay American Home's expenses in responding to this motion, including attorney's fees;

(5) Alternatively, if the Court decides not to exclude this evidence, granting a continuance of the trial date to allow American Home the opportunity to conduct discovery on Insituform's new damages claim, and requiring Insituform to pay American Home's expenses and attorney's fees in conducting such discovery, pursuant to Rule 37(c)(1)(A); and

(6) Granting such other further relief as this Court deems just and proper.

10863473.2

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), American Home requests a hearing on this response and believes that oral argument will assist the Court.

>Respectfully submitted,
>
>AMERICAN HOME ASSURANCE COMPANY,
>
>By its attorneys,
>
>/s/ Gregory P. Deschenes
>Gregory P. Deschenes (BBO #550830)
>gdeschenes@nixonpeabody.com
>Kurt M. Mullen (BBO #651954)
>kmullen@nixonpeabody.com
>NIXON PEABODY LLP
>100 Summer Street
>Boston, Massachusetts  02110
>(617) 345-1000
>(617) 345-1300 (facsimile)

Dated:  January 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all parties registered for electronic notification via the Court's electronic filing system on January 18, 2008.

>/s/ Gregory P. Deschenes
>Gregory P. Deschenes

10863473.2