UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
INSITUFORM TECHNOLOGIES, INC.,                      )
                                                    )
                        Plaintiff,                  )
                                                    )
v.                                                  )        CASE NO. 04-10487 GAO
                                                    )
AMERICAN HOME ASSURANCE                             )
COMPANY,                                            )
                                                    )
                        Defendant.                  )
_____)

**AMERICAN HOME ASSURANCE COMPANY'S MOTION *IN LIMINE*
TO EXCLUDE ALL EVIDENCE CONCERNING PLAINTIFF'S
NEW CONSEQUENTIAL DAMAGES CLAIM AND FOR IMPOSITION OF
SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL**

**INTRODUCTION**

Defendant American Home Assurance Company ("American Home") hereby moves *in limine* to prohibit the introduction of any documents, testimony or other evidence that Insituform disclosed, for the very first time, on Christmas Eve 2007, December 27 and 28, 2007, and January 2, 2008, concerning a damages claim never previously asserted against American Home – approximately $3.7 million in costs related to Insituform's March 2005 debt refinancing – which Insituform now claims are consequential damages arising from American Home's denial of coverage. Prior to December 24, 2007, American Home had no knowledge of this damages claim. Insituform had never articulated this damages claim in its Complaint, initial disclosure, discovery responses, or cross-motion for summary judgment on damages.

Because such productions and disclosures were clearly untimely – made fifteen months after the close of discovery and one month before trial – and the use of such evidence at trial

10865884.1

would severely prejudice American Home, this Court should exclude all documents and other evidence concerning Insituform's new consequential damages claim in their entirety.  In addition, because of Insituform's blatant disregard of its discovery obligations, this Court should sanction Insituform and its counsel and award American Home its expenses, including its reasonable attorneys' fees, in connection with this motion.

## FACTUAL BACKGROUND

On March 10, 2004, Insituform filed its Complaint against American Home, seeking coverage for the MWRA Claim under an umbrella liability policy issued by American Home. The Complaint asserted claims against American Home for breach of contract (Count I), declaratory judgment (Count II), and violation of Missouri's bad faith statute, Mo. Rev. Stat. § 375.420 (2002) (Count III).  The breach of contract claim (Count I) makes no reference to consequential damages.  The Complaint also does not identify refinancing costs as part of Insituform's damages claim.

The initial discovery plan provided that discovery would close on June 30, 2006.  This Court thereafter granted two extensions, extending discovery to September 29, 2006.

On May 4, 2004, Insituform made its initial disclosure pursuant to Rule 26(a)(1). Insituform's initial disclosure states, in part:

> As a consequence of American Home's wrongful denial, Insituform has had to book the entire loss against earnings, thereby officially driving down its <u>fourth quarter earnings of 2003</u>.  (Emphasis added).

Affidavit of David F. Morris in support of Insituform's Motion to Continue the Trial Date (the "Morris Affidavit"), ¶ 1, Exhibit A (Emphasis added).  The initial disclosure does not provide any computation, figures, or supporting documents.  Instead, the disclosure states: "Those damages are not yet computed due to incomplete information." <u>Id</u>.  Insituform's initial

disclosure also does not identify refinancing costs or any similar such costs as part of its damages claim.

Throughout discovery, American Home repeatedly requested calculations of damages and documents concerning damages. American Home's discovery requests encompassed *all* categories of alleged damages Insituform is claiming in this lawsuit. See, e.g., Morris Affidavit, Exhibit D, American Home Assurance Company's First Request for Production of Documents, Request No. 20 ("*All* documents concerning *any* costs, *damages* or expenses Insituform has allegedly incurred or expects to incur in connection with the MWRA Claim for which Insituform is seeking coverage in this action under the American Home Policy") (emphases added); American Home Assurance Company's First Set of Interrogatories, Interrogatory No. 11 ("Please set forth an itemized statement of *all* costs, *damages* or expenses Insituform has allegedly incurred to date and expects to incur in connection with the MWRA Claim for which Insituform is seeking coverage in this action under the American Home Policy") (emphases added).

Prior to December 24, 2007, Insituform repeatedly identified the amount it was seeking against American Home as consisting of specific dollar amounts associated with specific categories. At no time – either in its written discovery responses, depositions, expert reports, motions or affidavits – did Insituform make *any* reference to consequential damages or identify refinancing costs as part of its damages claim. For example, Insituform took the following positions in this litigation, all of which occurred well after the March 2005 refinancing that Insituform now claims is part of its damages claim:

- April 7, 2006: In response to interrogatories, Insituform stated: "Insituform refers American Home to the attached 'Total Cost Summary' . . . ." See Insituform's Answers and Objections to American Home's First Set of Interrogatories dated April 7, 2006, Answer to Interrogatory 11, attached as

Exhibit 1 to the Affidavit of Gregory P. Deschenes ("Deschenes Affidavit") filed herewith. (The attachment sets forth $7,482,504.77 as the "Total" cost, and does not refer to any consequential damages or increased interest charges).

- April 24, 2006: Insituform produced four binders of cost documents relating to the MWRA Claim. Insituform's "Total Cost Summary," stamped ITI-AIG 000002, sets forth $7,398,299.05 as the "Total" costs and does not refer to any consequential damages or increased interest charges. See Insituform's "Total Cost Summary" dated March 24, 2006 attached as Exhibit 2 to the Deschenes Affidavit.

- May 22, 2006: Insituform provided an expert report on damages stating: "Insituform prepared a claim, which totals $7,398,299, as shown on the attached Schedule I." See Chris Campos Expert Report dated May 22, 2006, at 1, attached as Exhibit 3 to the Deschenes Affidavit.

- September 7, 2006: Insituform cross-moved for summary judgment on damages, claiming that the amount was not disputed and readily ascertainable: "Insituform prays for summary judgment in its favor . . . and an award of money damages in the amount of $6,398,299.05, plus prejudgment interest of $1,249,134.36 and costs." See Insituform's Memorandum in Response to American Home's Motion for Summary Judgment dated September 7, 2006, at 19-20, attached as Exhibit 4 to the Deschenes Affidavit. In support of its cross-motion, Insituform relied on the Affidavit of Chris Campos, which stated: "[T]he total amount of recoverable loss is $7,398,299.05, which is Insituform's actual cost to remove and replace the installed pipe. American Home's share of the recoverable loss is $6,398,299.05 . . . ." See Affidavit of Chris Campos dated September 6, 2006, at 1-2, attached as Exhibit 5 to the Deschenes Affidavit.

- July 6, 2007: While its cross-motion for summary judgment on damages was pending, Insituform reduced the amount of its claim, stating: "[T]his Court…based on the undisputed damages record forth [*sic*] above, should also enter judgment in Insituform's favor . . . in the amount of $6,054,652.95, plus prejudgment interest and costs." See Insituform's Supplemental Memorandum in Support of its Cross-Motion for Summary Judgment dated July 6, 2007, at 7, attached as Exhibit 6 to the Deschenes Affidavit.

On Christmas Eve 2007, one month before trial and fifteen months after the close of discovery, Insituform suddenly produced, for the very first time, documents allegedly supporting its new consequential damages claim. By letter dated December 24, 2007, Insituform's counsel produced, without explanation, the following documents:

Calculation of Negative Financial Covenants (I00434);

Senior Note Covenant Amendments (I00435);

Washington Post Business Section Article August 21, 2005 (I000436 to I00439);

Fees in Conjunction With Debt Amendment (I00440);

Insituform 10-K 2004 (I00442 to I00509); and

Summary of AIG Impact (I00510 to I00513).

See December 24, 2007 letter from Insituform's counsel to American Home's counsel, attached as Exhibit 8 to the Deschenes Affidavit. Insituform offered no justification for why it had not previously produced these documents during discovery. On the same day, when Insituform made its pretrial disclosures pursuant to Rule 26(a)(3), Insituform included most of the above documents in its list of proposed exhibits.

While Insituform offered no explanation, most of the documents appear to be summaries and spreadsheets containing various calculations. Insituform subsequently confirmed that these documents quantified consequential damages Insituform allegedly incurred as a result of its debt refinancing in March 2005, because it failed to meet its required "Fixed Charges Coverage Ratio" at the close of fiscal 2004. See Morris Affidavit, ¶ 5.

Thereafter, on December 27 and 28, 2007, and again on January 2, 2008, Insituform continued to produce additional documents allegedly supporting its new consequential damages claim. By e-mail dated December 27, 2007, Insituform's counsel reproduced a document entitled, "Fees in Conjunction With Debt Amendment" (I00440). See December 27, 2007 e-mail from Insituform's counsel to American Home's counsel, attached as Exhibit 9 to the Deschenes Affidavit. By letter dated December 28, 2007, Insituform's counsel produced a new set of "additional documents," bates labeled I00514-I00540, stating they "simplify and correct spreadsheets which we previously produced to American Home [on December 24 and 27] as

well as some backup documentation." These documents contained new summaries and spreadsheets with calculations different than those previously produced on December 24 and 27, 2007. <u>See</u> December 28, 2007 letter from Insituform's counsel to American Home's counsel, attached as Exhibit 10 to the Deschenes Affidavit. Finally, by e-mail dated January 2, 2008, Insituform's counsel produced additional "backup documents" to the documents he had produced on December 28, 2007, referring to it as a "Supplemental Production." <u>See</u> January 2, 2008 e-mail from Insituform's counsel to American Home's counsel, attached as Exhibit 11 to the Deschenes Affidavit.

After receiving these documents, counsel for American Home immediately wrote a letter to Insituform's counsel, pursuant to Local Rule 37.1, stating that insofar as Insituform is now pursuing a new damages claim, such productions and disclosures were untimely and demanding that the claim be withdrawn. <u>See</u> January 3, 2008 letter from American Home's counsel to Insituform's counsel, Morris Affidavit, Exhibit F. To date, Insituform has refused. <u>See</u> January 8, 2008 letter from Insituform's counsel to American Home's counsel, Morris Affidavit, Exhibit F. Instead, recognizing the obvious prejudice to American Home by its eleventh-hour productions, Insituform has filed a motion to continue the February 4, 2008 trial date to allow American Home the opportunity to conduct discovery.

## <u>ARGUMENT</u>

I.    **Insituform Violated Rule 26(a)(1)(A)(iii) by Failing to Provide a Computation of Its Alleged Consequential Damages Claim and by Disclosing <u>its Supporting Documents Fifteen Months After the Close of Discovery.</u>**

Rule 26(a)(1)(A)(iii) requires that a claimant provide in its initial disclosure a "computation of each category of damages claimed" and that it "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each

computation is based" within 14 days of the Rule 26(f) conference.  See Fed. R. Civ. P.

26(a)(1)(C).  "A party is not excused from making [these initial] disclosures because it has not

fully investigated the case . . . ."  See Fed. R. Civ. P. 26(a)(1)(E).  The obligation is continuing

and requires the claimant to produce responsive documents whenever they become "reasonably

available" to it.  See Advisory Committee's Notes, 1993 amendments.  "Subparagraph [iii]

imposes a burden of disclosure that *includes* the functional equivalent of a *standing* Request for

Production under Rule 34."  Id.  (emphases added).  Finally, Rule 26(e)(1)(A) requires a party to

supplement its Rule 26(a) initial disclosures and its discovery answers in a "timely manner" if it

learns that "in some material respect" they are "incomplete or incorrect."

  Here, Insituform clearly violated Rule 26(a)(1)(A)(iii) by failing to provide a

computation of its alleged consequential damages and its supporting documents.  Indeed, the

very language Insituform quotes from its initial disclosure in its Motion to Continue reveals that

it did not comply with the rule:  "As a consequence . . . Insituform has had to book the entire loss

against earnings, thereby officially driving down its fourth quarter earnings of 2003.  *Those*

*damages are not yet computed due to incomplete information.*"  (emphasis added).  Rule

26(a)(1)(A)(iii) requires a *computation* and *production of documents*.  Further, because the

information concerning Insituform's alleged new consequential damages claim was available to

it by at least March 2005, it also violated the rule by not disclosing such claim and producing the

documents at issue either during its initial production in April 2006 or at any other time during

discovery as required by the rule's "equivalent of a standing Request for Production."

## II.     Insituform Violated Rule 26(e)(1)(A) by Not Supplementing its Initial Disclosure and its Answers to Interrogatories and Requests for Production in a Timely Manner.

Rule 26(e)(1)(A) requires a party to supplement its Rule 26(a) initial disclosures and its discovery answers in a "timely manner" if it learns that "in some material respect" they are "incomplete or incorrect."  Here, American Home requested information concerning Insituform's damages numerous times through interrogatories, requests for production, and depositions of Insituform witnesses.  Insituform never referred to consequential damages in any of its answers.  During discovery, it never supplemented its Rule 26(a) initial disclosures or any of its discovery answers with information on consequential damages.  It now attempts to do so fifteen months after the close of discovery and one month before trial.  To this day, Insituform has never provided a complete and final calculation of its alleged consequential damages claim.  This is not timely.  Insituform clearly has violated Rule 26(e)(1)(A).

## III.     Rule 37(c)(1) Provides that Exclusion of Evidence and Award of Expenses are the Appropriate Sanctions.

The appropriate sanction under Rule 37(c)(1) for Insituform's discovery violations is not a continuance, but the exclusion of this evidence and award of American Home's expenses, including attorneys' fees.  Rule 37(c)(1), which is mandatory, states:  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial…In addition to or instead of this sanction, the court…may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . and . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv)."

The First Circuit has held that when a party fails to make required disclosures, "the *required* sanction [under Rule 37(c)(1)] in the *ordinary* case is *mandatory* preclusion."  Klonoski

v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998), cert. denied, 526 U.S. 1039 (1999) (emphases added).  See also Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 20-21 (1st Cir. 2001) (exclusion of evidence is the "near automatic" remedy).  "[T]he new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches . . . ."  Klonoski, 156 F.3d at 269 .

Because Insituform at the eleventh hour has presented a previously undisclosed damages claim and produced supporting documents after the close of discovery in violation of Rule 26(a)(1)(A)(iii), this Court should exclude that evidence.  In National Fire Prot. Ass'n v. Int'l Code Council, Inc., the plaintiff sued for trademark infringement.  No. 03-10848-DPW, 2006 U.S. Dist. LEXIS 14630, at *95-98 (D. Mass. March 29, 2006).  The plaintiff's Rule 26(a)(1) damage disclosures did not compute corrective advertising costs.  Id. at *96-97.  After the close of fact discovery, plaintiff's witness prepared a document estimating these costs.  Id. at *97.  Plaintiff gave the document to its expert, who then completed an expert report that included the new costs in plaintiff's damages.  Id.  Plaintiff provided the document to defendant  "shortly before or at" the expert's deposition one month later.  Id.  On the parties' cross-motions for partial summary judgment, the Court found that plaintiff violated Rule 26(a)(1)'s requirement that it provide a computation of every category of damages it claimed and produce supporting documents.  Id. at * 95-98.  Accordingly, the Court excluded plaintiff's evidence and awarded the defendant summary judgment on the corrective advertising damages claim.  Id.; see also Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de P.R.,  248 F.3d 29, 31-32, 34-35 (1st Cir. 2001) (affirming district court's exclusion of expert's testimony *entirely* where plaintiffs failed to provide Rule 26(a)(2)(B) initial disclosure of court cases in which their expert participated).

The First Circuit also has frequently upheld the exclusion of evidence as an appropriate sanction when a party violates Rule 26(e)(1)(A) by waiting until after discovery to supplement its initial disclosures and discovery answers. In Portland Natural Gas Transmission Sys. v. 4.83 Acres, a homeowner stated in his deposition that he was not seeking damages to his historic house. No. 99-2330, 2000 U.S. App. LEXIS 23916, at *6-7 (1st Cir. Sept. 20, 2000). On the day that discovery closed, the homeowner produced an exhibit estimating a loss in the house's historic value. Id. On appeal, the First Circuit upheld the district court's ruling excluding the estimate on the ground that it was produced too late because the homeowner had failed to timely supplement his Rule 26(a) disclosures as Rule 26(e)(1) requires. Id. at *7-8. The First Circuit also concluded that the failure to produce the exhibit until the close of discovery was not harmless. Id. at *8. The court noted that the plaintiff had not conducted any discovery aimed at assessing such a loss and the homeowner offered no justification for his tardiness in producing the document. Id. Given this, the First Circuit held that the district court did not abuse its discretion in following Rule 37(c)(1). Id.; see also Grajales-Romero v. American Airlines, Inc., 194 F.3d 288, 297 (1st Cir. 1999) (district court did not abuse its discretion in excluding substitute witnesses where defendant failed to disclose their identities in response to plaintiff's interrogatories while discovery was open, and first disclosed the substitution in its proposed pretrial order.)

A party that violates Rules 26(a) or (e) can avoid exclusion of evidence only if it carries the burden of showing that the violation was "*substantially* justified" or was "harmless." Rule 37(c)(1) (emphasis added); Wilson, 250 F.3d at 21. A Rule 26(a) or (e) violation that denies the other party discovery on a relevant issue unfairly surprises and prejudices the party and is not harmless. Macaulay v. Anas, 321 F.3d 45, 50, 52 (1st Cir. 2003) ("an important object of these

rules is to avoid trial by ambush . . . .  [D]iscovery was closed and trial was imminent at the time the supplemental report surfaced. . . .  Common sense suggests that when a party makes a last-minute change that adds a new theory of liability, the opposing side is likely to suffer undue prejudice"); Portland Natural Gas, 2000 U.S. App. LEXIS 23916, at *7-8 (1st Cir. 2000) (homeowner's violation not harmless because gas company had not conducted any discovery on historic value damages); National Fire, 2006 U.S. Dist. LEXIS 14360, at *97-98 (plaintiff's violation not harmless because defendant was unable to cross-examine plaintiff's witness on corrective advertising damages within discovery schedule).

Here, Insituform has violated both 26(a)(1)(A)(iii) and 26(e)(1)(A) and has not met its burden of showing that its violation was substantially justified or harmless.  It has provided no justification whatsoever for its extreme delay in disclosing its previously undisclosed damages claim and producing allegedly supporting documents.  Such costs were known by March 2005 at the latest, more than a year before Insituform responded to American Home's discovery requests or produced documents.  Its violations are not harmless.  American Home has made its decisions concerning the conduct of this litigation based on Insituform's discovery responses and positions on damages.  Insituform's actions are exactly the kind of "trial by ambush" tactic that the discovery rules are meant to prevent.  This Court should impose the "required sanction in the ordinary case" and exclude the documents and any reference to Insituform's consequential damages theory.

## IV.    A Continuance is Not an Appropriate Sanction.

Granting a continuance under these circumstances is not the appropriate remedy because it would reward Insituform for its discovery violations.  Klonoski, 156 F.3d at 273-274 ("A continuance would have been an inadequate remedy . . . because of the policy concerns regarding

- 12 -

incentives for parties to comply with discovery rules.")  "If continuances were granted as a matter of course for violations of Rule 26(e), the rule could always be disregarded with impunity. Courts could not set their calendars and conscientious litigants could not count on the stability of trial dates previously established."  Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir. 1992); see also Macaulay, 321 F.3d at 52-53 (affirming exclusion because otherwise defendant "would have a Hobson's choice:  either to [go] to trial without preparation . . . or to reopen discovery and vacate the trial assignment); Licciardi v. TIG Ins. Group, 140 F.3d 357, 367 (1st Cir. 1998) (admitting the evidence would put defendant in an "almost no-lose situation," either the evidence prejudices plaintiff or there is a recess and continuance.  "[Defendant's] conduct should not be rewarded.")

Here, a continuance would be unfair to American Home, which conducted discovery, made litigation decisions and prepared for trial in good faith reliance on Insituform's discovery responses.  A continuance would do nothing to sanction Insituform's violations, and would do nothing to deter future violators.

### V.    Insituform's Disclosure is not a Permissible Pretrial Disclosure or Supplementation of an Expert Report.

Insituform cannot argue that its disclosure of its new consequential damages claim and production of supporting documents are a permissible Rule 26(a)(3)(A)(iii) pretrial disclosure or a 26(e)(2) supplementation of an expert report.  These two rules create additional disclosure requirements, they do not excuse Insituform from complying with the other rules.  Rule 26(a)(3)(A)(iii) requires a party to identify each document it may offer at trial within thirty days of trial.  The purpose of pretrial disclosures under Rule 26(a)(3) is for a party to disclose the evidence it may present at trial; it is not intended to be a discovery vehicle to disclose documents or witnesses for the first time on the eve of trial, as Insituform has done here.  Rule 26(e)(2)

requires a party to supplement an expert report within thirty days of trial.  Neither rule provides

that a party may make its initial disclosure or supplement *its own* discovery answers fifteen

months after the close of discovery and one month before trial.  If they did, Rules 26(a)(1)(A)(iii)

and 26(e)(1)(A) would be meaningless, as parties would always be able to circumvent those rules

and make their initial disclosures and supplement their discovery answers on the thirtieth day

before trial simply by calling them "pretrial trial disclosures" or "expert report

supplementations."

### CONCLUSION

To prevent substantial prejudice to American Home and to sanction Insituform's blatant

disregard of Rules 26(a) and (e), American Home requests that this Court enter an order:

(1)    Denying Insituform's Motion to Continue the Trial Date and Amend the Case
Schedule;

(2)    Excluding all of Insituform's documents that it disclosed for the first time on
December 24, 2007, December 27 and 28, 2007, and January 2, 2008, concerning its new
damages claim (consequential damages in the form of increased costs from its March 2005 debt
refinancing) and any related testimony and other evidence;

(3)    Excluding any reference by any Insituform witness or attorney to Insituform's new
damages claim;

(4)    Requiring Insituform to pay American Home's expenses in bringing this motion,
including attorney's fees;

(5)    Alternatively, if the Court decides not to exclude this evidence, granting a
continuance of the trial date to allow American Home the opportunity to conduct discovery on

Insituform's new damages claim, and requiring Insituform to pay American Home's expenses and attorney's fees in conducting such discovery, pursuant to Rule 37(c)(1)(A); and

(6) Granting such other further relief as this Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), American Home requests a hearing on this motion and believes that oral argument will assist the Court.

## LOCAL RULE 7.1(A) CERTIFICATION

By signing below, the undersigned certifies that he has conferred in good faith with counsel for plaintiff in a good faith effort to resolve or narrow the issue presented by this motion.

Respectfully submitted,

AMERICAN HOME ASSURANCE COMPANY,

By its attorneys,


    /s/ Gregory P. Deschenes
Gregory P. Deschenes (BBO #550830)
gdeschenes@nixonpeabody.com
Kurt M. Mullen (BBO #651954)
kmullen@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000
(617) 345-1300 (facsimile)

Dated:  January 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all parties registered for electronic notification via the Court's electronic filing system on January 18, 2008.

/s/ Gregory P. Deschenes
Gregory P. Deschenes