UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 04-10487 GAO |
| AMERICAN HOME ASSURANCE COMPANY, | ) |
| Defendant. | ) |

**AMERICAN HOME ASSURANCE COMPANY'S MOTION *IN LIMINE*
TO EXCLUDE ALL EVIDENCE CONCERNING AMERICAN HOME'S
CLAIMS HANDLING**

**INTRODUCTION**

Defendant American Home Assurance Company ("American Home") hereby moves *in limine* to prohibit the introduction of any documents, testimony or other evidence by Insituform regarding American Home's claims handling, whether relating to Insituform or any other insured. American Home's liability under the policy already has been determined. See Memorandum Opinion and Order of September 28, 2007 [Docket Entry 72]. Additionally, this Court at the outset of this litigation entered judgment in American Home's favor on Insituform's bad faith claim. See Memorandum Opinion and Order of March 30, 2005 [Docket Entry 24]. The only issue remaining for trial is the amount of Insituform's damages. See Memorandum Opinion and Order of September 28, 2007 [Docket Entry 72]. Documents, testimony or other evidence related to American Home's handling of Insituform's claim, or American Home's handling of other claims, are irrelevant and not probative of the amount of Insituform's damages.

10870302.1

Fed. R. Evid. 402.  Even if such evidence were relevant (which it is not), its admission would cause American Home unfair prejudice, confuse the issues, mislead the jury, and waste this Court's and the jury's time.  See Fed. R. Evid. 403.  Any such evidence therefore should be excluded.

## FACTUAL BACKGROUND

Insituform's Complaint against American Home seeks coverage for the MWRA Claim under an American Home umbrella liability policy (the "American Home Policy").  The Complaint asserted claims against American Home for breach of contract (Count I), declaratory judgment (Count II), and violation of Missouri's bad faith statute, Mo. Rev. Stat. § 375.420 (2002) (Count III).

Twenty days after American Home filed its answer, Insituform moved for summary judgment on Count II, declaratory judgment, and later moved for summary judgment on Count III, statutory bad faith.  [Docket Entries 6, 18.].  American Home opposed Insituform's motion and cross-moved for summary judgment as to all counts [Docket Entry 13].  This Court granted American Home's cross-motion for summary judgment on Count III, concluding that American Home's handling of Insituform's claim did not violate Missouri's bad faith statute.  [Docket Entry 24].  After further motion practice, this Court granted summary judgment in Insituform's favor on liability, but denied Insituform's motion for summary judgment on damages.  [Docket Entry 72].  Therefore, the amount of Insituform's damages is the only issue remaining for trial.  See Memorandum Opinion and Order of September 28, 2007 [Docket Entry 72].

In light of this Court's rulings, it is surprising that Insituform intends to introduce evidence at trial of American Home's claims handling practices.  Indeed, Insituform has listed as "may call" witnesses on the Joint Pretrial Memorandum three current and former employees of

American Home who at one time had involvement in the handling Insituform's claim for coverage – Juanita M. Britton, Lisa Hardy, and Kenneth Horenstein.  Additionally, Insituform has identified as certain proposed exhibits claims correspondence dated February 23, 2004 and April 8, 2004 from its broker, Lockton Companies, to Liberty Mutual and/or American Home (see PL 10 and 11).

## ARGUMENT

The only issue remaining for trial is the amount of damages under the American Home Policy.  [Docket Entry 72].  American Home's liability under the American Home Policy already has been established.  [Id.]  This Court also has concluded that American Home did not handle Insituform's claim in bad faith.  [Docket Entry 24].  Given these rulings, evidence relating to American Home's handling of Insituform's claim, or of any other claims, is irrelevant.  Even if this evidence were relevant (which it is not), its admission would cause American Home unfair prejudice, confuse the issues and mislead the jury, as well as waste this Court's and the jury's time.  See Fed. R. Evid. 403.  Accordingly, this evidence should be excluded.

Evidence is relevant only if it has "any tendency to make the existence of any fact that is of *consequence to the determination of the action* more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401 (emphasis added).  Irrelevant evidence is inadmissible.  Fed. R. Evid. 402.  Even where evidence is relevant, it may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time . . . ."  Fed. R. Evid. 403.  Because the Court already has decided the counts related to American Home's liability under the American Home Policy and American Home's handling of Insituform's claim,

10870302.1

documents, testimony or other evidence related to American Home's claim handling are not relevant and should be excluded.

In analogous circumstances, the First Circuit reversed a jury verdict on a breach of contract claim where evidence relating to a meritless bad faith claim was admitted. In <u>Almonte v. National Union Fire Ins. Co.</u>, 705 F.2d 566, 567-68 (1st Cir. 1983), the trial court, after stating before trial that there was no evidence supporting plaintiffs' bad faith claim, denied the insurer's: (1) motion to dismiss the bad faith claim, (2) motion *in limine* to preclude plaintiffs from referring to bad faith in their opening statement, and (3) motion for a mistrial after plaintiffs referred to the insurer's claim handling in their opening statement. The trial court eventually dismissed the bad faith claim following presentation of the plaintiffs' case. <u>Id.</u> at 569. The jury ultimately came back with a verdict in plaintiffs' favor on breach of contract. <u>Id.</u> at 567.

Reversing and remanding for a new trial, the First Circuit concluded that the challenged statements and related testimony were "highly prejudicial and all of it would have been excluded but for the bad faith claim," which improperly had been allowed to remain through plaintiffs' case. <u>Id.</u> As the trial court itself had recognized before trial, the bad faith claim was meritless. Not only did the <u>Almonte</u> Court conclude that this evidence should have been excluded under Rule 403, it recognized that "*without the bad faith claim*, much of Mrs. Almonte's testimony is irrelevant, and Rule 402 would have prevented its introduction." <u>Id.</u> (emphasis added).

Here, of course, there is no bad faith claim and liability also has been decided. The only remaining issue is the amount of Insituform's damages. Any evidence related American Home's claims handling, whether of Insituform's claim or of any other insured, is irrelevant and Rule 402 compels its exclusion. Even if relevant, such evidence would be highly prejudicial and should be excluded by Rule 403.

## CONCLUSION

For the foregoing reasons, American Home respectfully requests that this Court enter an order:

(1) Prohibiting the introduction of any documents, testimony or other evidence by Insituform of American Home's claims handling, whether relating to Insituform or any other insured;

(2) Excluding any reference by any witness or attorney to American Home's claims handling, whether relating to Insituform or any other insured;

(3) Requiring Insituform to pay American Home's expenses in connection with this motion, including attorney's fees; and

(4) Granting such other further relief as this Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), American Home requests a hearing on this motion and believes that oral argument will assist the Court.

10870302.1

## LOCAL RULE 7.1(A) CERTIFICATION

By signing below, the undersigned certifies that he has conferred in good faith with counsel for plaintiff in a good faith effort to resolve or narrow the issue presented by this motion.

Respectfully submitted,

AMERICAN HOME ASSURANCE COMPANY,

By its attorneys,

/s/ Gregory P. Deschenes
Gregory P. Deschenes (BBO #550830)
gdeschenes@nixonpeabody.com
Kurt M. Mullen (BBO #651954)
kmullen@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110
(617) 345-1000
(617) 345-1300 (facsimile)

Dated:  January 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all parties registered for electronic notification via the Court's electronic filing system on January 18, 2008.

/s/ Gregory P. Deschenes
Gregory P. Deschenes

10870302.1