# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Case No. 04 10487 GAO |
| | ) |
| AMERICAN HOME ASSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

### INSITUFORM'S ANSWERS AND OBJECTIONS TO
### AMERICAN HOME'S FIRST SET OF INTERROGATORIES

Plaintiff Insituform Technologies, Inc. ("Insituform"), by its attorneys, hereby answers and objects to American Home Assurance Company's ("American Home") First Set of Interrogatories as follows:

### PRELIMINARY STATEMENT

At the outset of this insurance coverage action, the parties filed cross motions for summary judgment that addressed all coverage issues in this case, *i.e.*, whether the American Home umbrella policy followed form to the Contractors Rework Coverage Amendment contained in the underlying primary policy issued by Liberty Mutual.

On March 30, 2005, the Court ruled on the cross motions. The Court granted Insituform's motion, declared that the American Home policy follows form to the Contractors Rework Coverage Amendment contained in the underlying primary policy issued by Liberty Mutual, and denied American Home's cross motion.

While the parties' cross motions for summary judgment were pending before the Court, Liberty Mutual investigated and adjusted the MWRA Claim. Liberty Mutual concluded that the MWRA Claim was covered by the Contractors Rework Coverage Amendment and that the loss

amount exceeded Liberty Mutual's limit of liability. Liberty Mutual paid its policy limit for the MWRA Claim, thus exhausting the underlying insurance and piercing American Home's layer of coverage.

As a result of the Court's March 30, 2005 ruling, the only issue still before the court is the measure of Insituform's damages as a result of American Home's breach of contract because of its improper denial of the MWRA Claim. However, American Home has propounded discovery that seeks documents and information about the MWRA contract, the MWRA Claim and whether the MWRA Claim is covered under the Contractors Rework Coverage Amendment contained in the underlying primary policy issued by Liberty Mutual. Because theses issues have been resolved by the Court, the documents and information sought that do not concern the measure of Insituform's damages are irrelevant. Moreover, the documentation concerning these resolved issues are voluminous, making production burdensome and oppressive in light of the lack of relevancy.

Accordingly, as set forth in the following objections and responses, Insituform objects to all discovery that is not reasonably calculated to lead to discovery of *admissible* evidence, *i.e.*, evidence that is probative of Insituform's damages due to American Home's breach of contract.

## OBJECTIONS AND RESPONSES

Interrogatory No. 1: Please identify each person involved in answering these interrogatories on your behalf (a) stating each interrogatory that each such person assisted in answering, and (b) identifying all persons you consulted in responding to these interrogatories, including the information that each such person provided.

**ANSWER**: Insituform objects to interrogatory no. 1 on the grounds that it is overly broad and seeks information that is irrelevant to the limited issues remaining in this lawsuit.

Subject to and without waiving its objections, Robert Kelley, who works in Insituform's general counsel's office, Tom Porzio, Insituform's Project Manager, and Nicholas Campanile,

Insituform's Atlantic District Controller assisted in the preparation of answers to these interrogatories.

Interrogatory No. 2. Please identify each person who has knowledge of the facts and circumstances relevant to this lawsuit, and for each such person, please provide a summary of the knowledge possessed by that person.

**ANSWER**: Insituform objects to interrogatory no. 2 on the grounds that it is overly broad and seeks information that is irrelevant to the limited issues remaining in this lawsuit.

Subject to and without waiving its objections, Insituform refers American Home to its answer to interrogatory no. 3.

Interrogatory No. 3. Please identify each witness you intend to call at trial in this matter, describe the substance of his or her testimony and identify any documents that relate to or concern that testimony.

**ANSWER**: Insituform objects to this interrogatory as being premature. Discovery is ongoing in this matter and Insituform reserves the right to supplement its response to this interrogatory as may be seasonable.

Subject to and without waiving this objection, Insituform may call the following witnesses at trial: Robert Kelley and Nicholas Campanile are expected to testify that the primary carrier, Liberty Mutual, investigated the MWRA claim, acknowledged coverage and paid its limit of liability; Tom Porzio and Nicholas Campanile are expected to testify about the costs Insituform has incurred as a result of the MWRA Claim. Insituform reserves the right to supplement its answers to this interrogatory as may be required or seasonable under the Federal Rules of Civil Procedure.

Interrogatory No. 4. Please identify any settlement agreement Insituform has entered into with any person concerning the MWRA Claim.

**ANSWER**: Insituform objects to interrogatory no. 4 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Further

3

objecting, this request seeks information which are irrelevant to the subject matter of this litigation.

Subject to and without waiving its objections, none.

Interrogatory No. 5. Please identify any payment of money Insituform has received from any source in connection with the MWRA Claim.

**ANSWER**: Insituform objects to interrogatory no. 5 on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Further objecting, this request seeks information which are irrelevant to the subject matter of this litigation.

Subject to and without waiving its objections, the underlying primary insurance carrier, Liberty Mutual, paid Insituform its policy limit pursuant to the Contractors Rework Coverage Amendment for the MWRA Claim.

Interrogatory No. 6. Please identify any experts or consultants Insituform has hired to prepare any reports or studies or conduct any investigations concerning the MWRA Claim and, for each such expert or consultant, please state:
    (a)    the exact date when Insituform hired each such expert or consultant;
    (b)    the purpose(s) of Insituform hiring each expert or consultant;
    (c)    the name(s) and date(s)of any reports or studies prepared or investigations conducted by each such expert or consultant; and
    (d)    any opinions or conclusions contained in such studies or investigations.

**ANSWER**: Insituform objects to interrogatory no. 6 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further objecting, this request seeks information which are irrelevant to the subject matter of this litigation.

Interrogatory No. 7. Please identify each person you expect to call as an expert witness at trial, stating the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, provide a summary of the grounds for each opinion, his or her qualifications, provide the basis and amount of his or her compensation, and attach to your response any report made by the expert concerning those facts and opinions.

**ANSWER**: Insituform objects to this interrogatory as being premature. Discovery is ongoing in this matter and Insituform will disclose its expert witnesses in this matter as called for in the case scheduling order and in accordance with the Federal Rules of Civil Procedure.

Interrogatory No. 8. Please identify (a) any tests conducted of Insituform's product or work in connection with MWRA Contract #6480; (b) the results of such tests; (c) all persons knowledgeable concerning subparts (a) and (b); and (d) all documents and communications concerning subparts (a) and (b).

**ANSWER**: Insituform objects to interrogatory no. 8 on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further objecting, this request seeks information which are irrelevant to the subject matter of this litigation.

Interrogatory No. 9. Please describe (a) all repair and restoration work Insituform has performed and/or funded necessitated by the MWRA Claim; (b) the costs of such repair and restoration work; (c) the amounts which Insituform contends it is legally obligated to pay as damages because of Property Damage (as defined in the American Home Policy) covered under the American Home Policy; (d) identify all persons knowledgeable concerning subparts (a) through (c); and (e) identify all documents and communications concerning subparts (a) through (c).

**ANSWER**: Insituform objects to interrogatory no. 9 to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Insituform refers American Home to documents to be produced in response to this interrogatory. Further answering, Insituform identifies Tom Porzio and Nicholas Campanile.

Interrogatory No. 10. Please identify all costs and expenses Insituform has allegedly incurred in an effort to repair and replace the defective liner.

**ANSWER**: Insituform refers American Home to documents to be produced in response to this interrogatory.

Interrogatory No. 11. Please set forth an itemized statement of all costs, damages or expenses Insituform has allegedly incurred to date and expects to incur in connection with the MWRA Claim for which Insituform is seeking coverage in this action under the American Home Policy.

**ANSWER**: Insituform's analysis and compilation of the costs associated with the

MWRA Claim are ongoing and subject to adjustment. Insituform refers American Home to the

attached "Total Cost Summary," which represents Insituform's current assessment of the

recoverable costs associated with the MWRA Claim. Insituform reserves the right to supplement

this interrogatory answer and adjust the "Total Cost Summary" as may be required or seasonable

under the Federal Rules of Civil Procedure.

Interrogatory No. 12. Please identify and describe in detail all efforts made by Insituform to mitigate any losses or expenses in with the MWRA Claim. For each such mitigation effort, please identify:

      (a)     the date the expense was incurred;
      (b)     the date such expense was paid;
      (c)     by whom such expense was paid;
      (d)     from what source such expense was paid;
      (e)     the purpose of such expense; and
      (f)     the likely or projected expense by not engaging in such mitigation effort.

**ANSWER**: Insituform objects to interrogatory no. 12 on the grounds that it exceeds the

limitation on the number of permissible Interrogatories under Fed.R.Civ.P. 33. Further

objecting, this interrogatory seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 13. Please identify all remedial action alternatives Insituform considered, and their associated estimated cost, to remove and replace the defective liner or to avoid removing or replacing the defective liner.

**ANSWER**: Insituform objects to interrogatory no. 13 on the grounds that it exceeds the

limitation on the number of permissible Interrogatories under Fed. R. Civ. P. 33. Further

objecting, this interrogatory seeks information that is not relevant to the subject matter of this

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

6

Interrogatory No. 14. Please identify all defects discovered in Insituform's work, as alleged in Paragraph 1 of the Complaint.

**ANSWER**: Insituform objects to interrogatory no. 14 on the grounds that it exceeds the limitation on the number of permissible Interrogatories under Fed. R. Civ. P. 33. Further objecting, this interrogatory seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 15. Please identify the reasons why the liner installed by Insituform failed to meet the contract document requirements and MWRA rejected Insituform's work, as alleged in Paragraphs 1 and 19 of the Complaint.

**ANSWER**: Insituform objects to interrogatory no. 15 on the grounds that it exceeds the limitation on the number of permissible Interrogatories under Fed. R. Civ. P. 33. Further objecting, this interrogatory seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Dated:  April 7, 2006

Respectfully submitted,

INSITUFORM TECHNOLOGIES, INC.

By: _____
        One of Its Attorneys

Stanley A. Martin
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Charles L. Philbrick, Esq.
Holland & Knight LLP
131 S. Dearborn St., 30th Fl.
Chicago, IL 60603-5547
(312) 263-3600

8

## VERIFICATION

I, Robert Kelley, being duly sworn on oath, depose and state that I hold the position of Counsel in Insituform Technologies, Inc.'s General Counsel's office, I have read the foregoing Answers and Objections to American Home's First Set of Interrogatories, and believe that the facts stated therein are true and correct to the best of my knowledge and understanding.

INSITUFORM TECHNOLOGIES, INC.

By: _____
ROBERT KELLEY

SUBSCRIBED AND SWORN to before me
this 7th day of April, 2006.

_____
Notary Public

JANA LAUSE
Notary Public - Notary Seal
State of Missouri
St. Louis County
My Commission Expires Dec. 5, 2009
Commission # 06905615

9

**Insituform Technologies Inc.**
**Reparation Costs on EBBS-Boston**
**Project No. 160214**
**Total Cost Summary**

| | Section # | Repair Costs Phase 1 | Section # | Repair Costs Phase 2 | Total |
|---|---|---|---|---|---|
| | **Phase 1 Repairs** | | | **Phase 2 Repairs** | |
| Payroll & Burden - Write-ups | A | | E | | |
| Field Gross Payroll Report | A-1 | 514,240.87 | E-1 | 189,965.52 | 704,206.39 |
| Wetout Gross Payroll | A-4 | 24,998.59 | N/A | 0.00 | 24,998.59 |
| Labor - Burden & Benefits | A-1 & A-4 | 213,196.48 | E-1 | 65,487.83 | 278,684.31 |
| Equipment and Expendable Supplies | A-1 & A-4 | 427,450.49 | E-1 | 119,301.00 | 546,751.49 |
| Materials - Tube, Resin & Freight - Write-ups | C | | G | | |
| Tube & Resin - Materials | C-1 | 395,074.52 | G-1 | 106,427.65 | 501,502.17 |
| Subcontractors and Third Party Invoices | D | | H | | |
| Equipment Rentals | D-1 | 984.38 | H-1 | 35,992.60 | 36,976.98 |
| Per Deim & Lodging | D-2 | 66,452.49 | H-2 | 19,988.22 | 86,440.71 |
| Expendables and Supplies | D-3 | 95,000.81 | H-3 | 31,436.54 | 126,437.35 |
| Miscellaneous Expenses | D-4 | 200,950.60 | H-4 | 158,897.35 | 357,847.95 |
| Independent Testing Services | D-5 | 9,925.00 | H-5 | 550.00 | 10,475.00 |
| Field Office Expense | D-6 | 1,077.98 | H-5 | 0.00 | 1,077.98 |
| Air Travel | D-7 | 8,998.68 | H-6 | 1,813.81 | 10,812.49 |
| Meals | D-8 | 1,332.92 | H-7 | 1,117.27 | 2,450.19 |
| Subcontractors and Consultants | D-9 | 3,327,123.85 | H-8 | 1,285,103.73 | 4,612,227.58 |
| Close-out Costs | | 0.00 | I | 181,617.59 | 181,617.59 |
| **Totals** | | **5,286,805.66** | | **2,195,699.11** | **7,482,504.77** |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Insituform Technologies, Inc.'s Answer to Defendant American Home Assurance Company's First Set of Interrogatories was served upon:

>Gregory P. Deschenes
>Nixon Peabody LLP
>100 Summer Street
>Boston, MA 02110-2131

via electronic and first class United States Mail, proper postage prepaid, this 7th day of April, 2006.

# 3632293_v1