# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04 10487 GAO |
| ) | |
| AMERICAN HOME ASSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## INSITUFORM'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff, Insituform Technologies, Inc. ("Insituform"), respectfully submits this supplemental memorandum in further support of its Cross-Motion for Summary Judgment as to the issue of damages.

### Introduction

On May 7, 2007, American Home Assurance Company ("American Home") took the deposition of Insituform's insurance coverage damages expert, Chris Campos, CPA. This represents the last deposition in the case on damages, as American Home has not identified any witness, expert or otherwise to testify about damages. For summary judgment purposes, Mr. Campos' testimony is undisputed.

Mr. Campos addressed each of the supposed "genuine issues of material fact" relied upon by American Home Assurance Company ("American Home") as reasons to deny Insituform's pending Cross-Motion for Summary Judgment.[1] More specifically, Mr. Campos' undisputed deposition testimony demonstrates that American Home raised largely immaterial complaints

---

[1] *See* American Home's "Supplemental Memorandum In Support Of Its Opposition To Instituform's Cross-Motion For Summary Judgment," where issues of material fact were purportedly raised with respect to the issue of recoverable (variable) vs. unrecoverable (fixed) costs.

about Insituform's claim, and conclusively establishes that the total amount recoverable by Instituform against American Home.

### A.   Procedural Background

On August 24, 2006, American Home moved for summary judgment, asserting that there was no coverage for Insituform's MWRA claim under the umbrella policy at issue. On September 7, 2006, Insituform filed a cross-motion for summary judgment asserting that: (a) there is coverage for Insituform's MWRA claim under the American Home umbrella policy at issue; (b) Insituform's actual costs (recoverable under the American Home umbrella policy) amounted to $7,398.299.05; and (c) American Home was therefore liable for $6,398.299.05 (total costs less the $1 million in primary coverage already paid by Liberty Mutual) plus prejudgment interest and costs.

The Court heard oral argument on the parties' summary judgment motions on November 20, 2006. On January 8, 2007, American Home filed a Motion styled "Motion for Leave to Supplement the Record in Opposition to Plaintiff's Cross-Motion for Summary Judgment," attached to which was a gratuitous sur-reply in opposition to Plaintiff's Cross-Motion for Summary Judgment. In that sur-reply, American Home took issue with the total damages claimed by Insituform, arguing that "genuine issues of material fact" had arisen based solely on the testimony of Insituform's Director of Finance, Larry Mangels. Specifically, American Home used Mangels' testimony to suggest that Insituform may have "inappropriately included in its alleged damages 'fixed costs' that Insituform incurred as part of its day-to-day operations." (Def. Supp. Mem., p. 3). American Home introduced no evidence to quantify the amount of any allegedly inappropriate entries.

On January 22, 2007, Insituform filed an Objection and Response to Plaintiff's Motion

2

for Leave to Supplement the Record, asking that American Home's motion be denied or, in the alternative, that Insituform be given an opportunity to respond to the merits of American Home's poorly disguised sur-reply brief. American Home's Motion for Leave to Supplement the Record remains pending.

On May 7, 2007, American Home deposed Insituform's insurance coverage damages expert, Chris Campos, CPA. Because that testimony put to rest any suggestion made by American Home in its "Supplemental Memorandum" that genuine issues of material fact preclude the Court from immediately awarding damages to Insituform, Insituform respectfully directs the Court's attention to the relevant portions of Mr. Campos' testimony.[2]

### B.   Payroll Burden

In its Supplemental Memorandum, American Home claimed that the testimony of Insituform's Director of Finance, Larry Mangels, created "genuine issues of material fact with respect to the amount of Insituform's claim." (American Home 1/-/07 Mem. Law., p. 2). Specifically, American Home pointed to various excerpts of Mr. Mangels' testimony that, according to American Home, suggested that Insituform might be improperly attempting to recover some unnamed amount of fixed costs in connection with its "claimed payroll burden." (*Id.*, pp. 2-3).

As an initial matter it should be noted that American Home's failure to quantify any supposedly improper amounts necessarily means that it has failed to establish a genuine issue of material fact in the first instance. *Poulis-Minott v. Smith*, 388 F.3d 354, 363 (1st Cir. 2004)("An issue is 'genuine' for purposes of summary judgment if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' and a 'material fact' is one which 'might

---

[2] *See* Campos Deposition attached as Exhibit 1 to Philbrick Affidavit, submitted herewith.

3

affect the outcome of the suit under the governing law'"); *Mack v. Great Atlantic and Pacific Tea Company,* 871 F.2d 179, 181 (1st Cir. 1989)("The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial").

Nonetheless, Insituform addresses the more significant points on their merits as follows.

- General Liability And Workers' Compensation Insurance Policies

American Home points first to testimony by Mr. Mangels suggesting that the General Liability and Workers Compensation insurance policy premiums might constitute unrecoverable fixed costs. (Supp. Mem., p. 4). Mr. Campos testified that, contrary to Mr. Mangels' unsupported assumption that the same premium would be paid by Insituform with or without the MWRA claim, both the premiums for General Liability and the Workers Compensation insurance are in fact variable costs which were based on payroll, and therefore properly included in the claim. (Campos Dep. pp. 162-164).

- Fringe Benefits

Mr. Campos testified further that the only possible category of fixed costs even potentially attributable to the "payroll burden" was fringe benefits. (Campos Dep. pp. 99-100). Offering further detail in support of his original Report, Mr. Campos produced a "Summary of Fringe Benefits" (marked during his deposition as Campos Dep. Exhibit 12), and testified that this summary represented the "total universe" of potentially fixed costs attributable to the "payroll burden." Because the total universe amounted to only $117,316.78, and given the substantial effort required to determine whether the various categories of costs were actually fixed or variable, Mr. Campos did not quantify (and does not intend to quantify) those potential fixed costs that are actually attributable to the claimed "payroll burden." In short, this number

4

is simply not material to the total amount claimed:

> I also have said in my report that there's the possibility of some fixed in the payroll burden, the total universe of which is $117,000, which in my opinion is insignificant as an accountant and as someone involved in insurance adjustments, it's insignificant in a $7 million claim, and I do not know whether what part, if any, of the 117,000 would be fixed, okay, unless a detailed analysis was made of that.

(Campos Dep. p.150)

### C.   Equipment Burden

With respect to American Home's complaints regarding the scope of Insituform's "equipment burden" claim, Mr. Campos produced a calculation (marked during his deposition as Campos Dep. Exhibit 11) that, like the fringe benefit analysis, quantified the fixed costs actually attributable to Insituform's "equipment burden." Mr. Campos testified that, based on his review and analysis of the relevant budgeted costs, he was able to calculate a percentage of "the total expenditures for equipment burden that were fixed as opposed to variable." (Campos Dep. p.163). He arrived at a figure of 53.26% as the "fixed as a percentage of total" calculation by taking the total fixed costs ($796,649) and dividing that number by the total "equipment burden" costs ($1,495,762). To determine the actual "equipment burden" attributable to fixed costs, Mr. Campos testified: "I took the total equipment burden that's included in the summary of my report, the last page, of $527,311.49 and multiplied it by the 53 percent to arrive at $280,846.10, which I believe is the fixed portion of the equipment burden." (Campos Dep. p.170).

> Q.   And is it your opinion that the claim that has been made against American Home in this case of, I'm just going to use round numbers here because it's a little bit easier of $6.4 million should be reduced by this amount $280,846.10?
>
> A.   Yes, sir.

(Campos Dep. p.171).

5

Thus, to the extent that American Home is trying to hide behind Mr. Mangel's vague testimony regarding the amount of fixed costs potentially attributable to "equipment burden," the mystery has now been solved, and Insituform has appropriately reduced its claim, per Mr. Campos, by $280,846.10.

### D.   Other Issues

- **Hours Spent Mobilizing/Demobilizing**

American Home suggests that there was some question about "the hours that Insituform employees spent mobilizing and demobilizing in connection with the MWRA Claim." (Supp. Mem., p. 7). Mr. Campos testified that, to the contrary, the hours attributable to mobilizating and demobilizing had been reasonably stated and roughly calculated but represented only an immaterial part of the total payroll claim. (Campos Dep. pp. 155-157).

- **Estimated Close-Out Costs**

Finally, American Home points to testimony from Mr. Mangels to the effect that he "did not know the exact amount of Insituform's ...close-out costs," but "believed that such costs were lower than the $264,000 estimate." (Supp. Mem., pp. 7-8). Mr. Campos testified that those costs were going to be approximately $201,000. (Campos Dep. p. 93).

### Conclusion

For all of the foregoing reasons, the deposition testimony of Mr. Campos is dispositive of any alleged factual disputes that American Home has relied upon to preclude the entry of a money judgment against it at this time Campos has addressed all issues raised as follows:

| | |
|---|---|
| Total Originally Claimed based on Campos Report: | $7,398,299.05 |
| Less Fixed Costs Attributable to Equipment Burden Per Campos Deposition | ($ 280,846.10) |
| Less Adjustment for Estimated Closeout Costs | |

6

| | |
|---|---|
| Per Campos Deposition | ($ 63,000.00) |
| Less Amount Paid By Liberty Mutual (Primary Carrier) | ($1,000,000.00) |
| **Total Undisputed Claim** | **$6,054,652.95** |

Accordingly, this Court should grant Insituform's Cross-Motion for Summary Judgment and, based on the undisputed damages record forth above, should also enter judgment in Insituform's favor, and against American Home, in the amount of $6,054,652.95, plus pre-judgment interest and costs.

        Respectfully submitted,

        INSITUFORM TECHNOLOGIES, INC.

        By: /s/ Charles L. Philbrick
            Holland & Knight LLP
            131 S. Dearborn St. 30th Floor
            Chicago, Illinois 60603-5547
            (312) 263-3600

            Stanley A. Martin
            Holland & Knight LLP
            10 St. James Avenue
            Boston, Massachusetts 02216
            (617) 523-2700

Dated: July 6, 2007

# 4573083_v1