IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INSITUFORM TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04 10487 GAO |
| ) | |
| AMERICAN HOME ASSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**INSITUFORM'S STATEMENT OF UNDISPUTED FACTS REGARDING THE AMOUNT OF PREJUDGMENT INTEREST TO BE AWARDED**

Plaintiff Insituform Technologies, Inc. ("Insituform"), by its attorneys, submits this statement of undisputed facts regarding the amount prejudgment interest.

**Background**

1. On February 13, 2004, American Home denied coverage for the MWRA claim, in violation and breach of its contractual obligation to indemnity Insituform. Complaint, Exhibit C.[1]

2. On March 10, 2004, Insituform filed this action against American Home for breach of contract and a declaration that American Home policy BE 3206923 provided coverage for the "MWRA claim" as described in paragraphs 16-18 of the complaint.

3. The Court determined on cross motions form summary judgment that American Home's Policy No. BE 3206923 covered the MWRA claim. Memorandum Opinion and Order of September 28, 2007, pp. 8 and 9.

4. On February 1, 2008, American Home stipulated that the amount of the covered loss for the MWRA claim was $6,054,899.69.

---

[1] American raised no objection to the admissibility of its February 13, 2004 declination. Joint Pretrial Memorandum p. 17. Thus, the exhibit is in evidence.

5.  Insituform alleged in its complaint that prior to March 10, 2004, it had paid in excess of $1,000,000 for the MWRA claim. Complaint ¶ 20.

6.  The stipulated damages of $6,054,899 consists of the costs incurred by Insituform starting on October 2, 2003 along with a set off of $1,000,000 for the payment made by the primary insurance carrier Liberty Mutual. Mangels Affidavit ¶¶ 2, 3 and 24, and Exhibits 1-4 and 6.

## Liberty Mutual

7.  Insituform purchased Liberty Mutual primary comprehensive general liability insurance from Liberty Mutual Insurance Company ("Liberty Mutual") with a limit of liability of $1,000,000. (Complaint, ¶9.) Complaint, Exhibit A.

8.  Liberty Mutual is headquartered in Boston, Massachusetts.  Complaint, Exhibit A.

9.  Liberty Mutual investigated the MWRA Claim to determine whether Insituform was entitled to coverage under the "Contractors Rework Coverage Amendment" to Liberty Mutual policy.  Supplemental Affidavit of Robert Kelley ¶1, Ex. A.[2]

10. Following its investigation, Liberty Mutual concluded that the MWRA claim "appears to involve 'an error in the design, prescription, manufacture, blending, mixing or compounding [your work].'"  Supplemental Kelley Affidavit ¶1, Ex. A; American Home Response To Insituform First Set of Requests To Admit ¶14.

11. Liberty Mutual concluded that "there is coverage under the [Contractor Rework Coverage Amendment] Endorsement for [the MWRA] claim." Supplemental Kelley Affidavit ¶1, Ex. A; American Home Response To Insituform First Set of Requests To Admit ¶15.

---

[2] The Supplemental Affidavit of Robert Kelley ("Supplemental Kelley Affidavit") was previously filed (Docket No. 29) in response to American Homes' Motion For Reconsideration.

2

12.	After a review of all the invoices submitted by Insituform, Liberty Mutual concluded that it would pay the full limit of $1 million available under the Contractor Rework Coverage Amendment.  Supplemental Kelley Affidavit ¶2, Ex. B.

13.	Liberty Mutual paid its full limit of liability under the Liberty Mutual Primary Policy for the MWRA Claim, by issuing two payments:  the first for $350,000 on September 24, 2004; and the second for $650,000 on December 13, 2004.  Supplemental Kelley Affidavit ¶2, Ex. B.

### American Home

14.	American Home issued an umbrella liability policy, Policy No. BE 3206923, to Insituform (the "American Home Policy"). (American Home Answer, ¶ 11.) Complaint Exhibit B.

15.	American Home is a New York capital stock company with its headquarters at 70 Pine Street, New York, New York  10270.  Complaint, Exhibit B at I00105.  The American Home Policy was underwritten by Margaret Hoeler and the underwriting activities associated with the policy took place in Atlanta, Georgia.  Joint Pretrial Memorandum, p.16.

16.	AIG Technical Services, Inc. acted as American Home's claims administrator with respect to the MWRA claim.  AIG Technical Services, Inc. is located at 175 Water Street, 22nd Floor, New York, New York  10038.  Complaint, Exhibit C.

17.	The American Home Policy does not contain an express choice of law provision. Complaint, Exhibit B.

18.	The cancellation provision condition of the American Home Policy states:

> "Any of these provisions that conflict with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with that law."

3

This provision indicates an expectation that the law of more than one jurisdiction would control the cancellation of the American Home Policy. Complaint Exhibit B at I00117.

19. The American Home Policy contains the following condition:

P. When Loss Is Payable:

Coverage under this policy will not apply unless and until the **Insured** or the **Insured's** underlying insurer is obligated to pay Retain Limit.

When the amount of loss has finally been determined, we will promptly pay on behalf of the **Insured** the amount of loss falling within the terms of this policy.

You shall promptly reimburse us for any amount within the Self-Insured Retention paid by us on behalf of and **Insured**.

Complaint, Exhibit B at I00120.

20. The Court determined that the American Home "contractor's endorsement" causes the American Home Policy to follow form to the Liberty Mutual contractor rework coverage amendment. Memorandum Opinion and Order of September 28, 2007, pp. 8 and 9.

21. American Home's contractor's endorsement provides in part "this insurance provided by our policy will not be broader than the insurance coverage provided by the policy listed in the Schedule of Underlying Insurance." Complaint, Exhibit B at I00134.

## Insituform

22. Insituform is a Delaware corporation with its principal place of business in Chesterton, Missouri. Joint Pretrial Memorandum, p.7 at ¶ 4.

23. Insituform conducts operations all around the world. *Id.*

24. During the relevant timeframe, Insituform organized its North American operations on a regional basis. Massachusetts was included within its New England region.

Insituform's New England region headquarters was located at Charleston, Massachusetts. Mangels Affidavit ¶ 34.

25.    Plans were made to remove and replace 4,500 feet of the installation ("Phase 1"), which began in October 3, 2003. The Phase 1 removal and reinstallation was completed in May 2004. Joint Pretrial Memorandum, p.8 at ¶¶ 10-13.

26.    In the first quarter of 2005, the entire installation was inspected. It was then determined that the segment of pipe not removed and replaced in Phase 1 was also damaged. *Id*.

27.    MWRA rejected the remaining 900 feet of the original installation and demanded that it be removed and replaced ("Phase 2"). *Id*.

28.    Phase 2 work was performed from June through September of 2005. *Id*.

Dated: February 25, 2008                        Respectfully submitted,

                                                  INSITUFORM TECHNOLOGIES, INC.

                                                  By: /s/ Charles L. Philbrick
                                                      Charles L. Philbrick (pro hac vice)
                                                        Holland & Knight LLP
                                                        131 S. Dearborn St., 30th Floor
                                                        Chicago, Illinois 60603-5547
                                                       (312) 263-3600

                                                        Stanley A. Martin
                                                       Holland & Knight LLP
                                                       10 St. James Avenue
                                                       Boston, Massachusetts 02116
                                                       (617) 523-2700

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the following documents were served upon the attorney of record for the Defendant by virtue of electronically filing these documents with the Court on the 25th day of February, 2008.

INSITUFORM'S STATEMENT OF UNDISPUTED FACTS REGARDING THE AMOUNT OF PREJUDGMENT INTEREST TO BE AWARDED

AFFIDAVIT OF LARRY MANGELS

AFFIDAVIT OF CHARLES L. PHILBRICK

By:   /s/ Charles L. Philbrick
Charles L. Philbrick, *pro hoc vice*
Holland & Knight LLP
131 S. Dearborn St., 30th Fl.
Chicago, IL 60603-5547
(312) 263-3600

and

Stanley A. Martin, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

# 5142033_v1