UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10487-GAO

INSITUFORM TECHNOLOGIES, INC.,
Plaintiff

v.

AMERICAN HOME ASSURANCE COMPANY,
Defendant.

ORDER REGARDING PREJUDGMENT INTEREST
March 31, 2008

O'TOOLE, D.J.

This order resolves the parties' dispute concerning the proper calculation of prejudgment interest to be assessed against the defendant, American Home Assurance Company ("American Home") to the plaintiff, Insituform Technologies, Inc. After I concluded that Insituform's claim was covered by the umbrella excess liability insurance policy it had purchased from American Home and granted Insituform's motion for summary judgment as to liability, see Insituform Tech., Inc. v. American Home Assurance Co., No. 04-CV-10487-GAO (D. Mass. Sept. 28, 2007 (opinion and order granting plaintiff's motion for summary judgment as to liability and denying summary judgment as to damages), the parties stipulated that the amount of damages was $6,054,899.68, but could not agree on how prejudgment interest should be calculated. The parties disagree as to whether the law of Massachusetts or Missouri should be applied to determine the proper prejudgment interest rate, as well as when prejudgment interest began to accrue. Massachusetts assesses prejudgment interest for contract claims at a rate of twelve percent, Mass. Gen. Laws ch. 231, § 6, while Missouri applies a rate of nine percent for such claims. Mo. Rev. Stat. § 408.020.

Massachusetts choice of law principles apply because a federal court acting under diversity jurisdiction applies the choice of law rules of the forum State. Millipore Corp. v. Travelers Indem. Co., 115 F.3d 21, 29 (1st Cir. 1997). Massachusetts law calls for a flexible approach to conflict of laws issues, considering a wide variety of factors. See id. at 30. With respect to a multi-state insurance policy such as the one at issue in this case, the Massachusetts courts prefer to look to the law of only one State to govern its interpretation. See id. at 30–31; W.R. Grace & Co. v. Hartford Acc. & Indem. Co., 555 N.E.2d 214, 221–22 (Mass. 1990). The focus is on the expectation of the parties with respect to the policy at the time it was issued, and not on the location of any particular risk or loss. See Millipore, 115 F.3d at 31. Here, it is clear that the parties would have expected Missouri law to govern: Missouri is Insituform's principal place of business; the policy was purchased by Insituform through a Missouri broker; the premium for the policy was determined based on American Home's rates filed with the State of Missouri; and the policy is an umbrella excess liability policy for fourteen underlying insurance policies that covers property damage caused anywhere in the world. Accordingly, pursuant to Mo. Rev. Stat. § 408.020, prejudgment interest is to be assessed at the rate of nine percent per annum.

Insituform argues that prejudgment interest began to accrue when Insituform had incurred rework costs in excess of the $1,000,000 retained limit under the policy, and submits that such was the case no later than December 31, 2003. American Home argues that prejudgment interest did not begin to accrue until Insituform's claim was liquidated, which it asserts was on April 7, 2006, when Insituform provided its damage calculation in its answers to interrogatories propounded by American Home. Alternatively, American Home argues that prejudgment interest did not begin to accrue until December 13, 2004, when Liberty Mutual, the primary insurer, paid Insituform the limits of its policy, a prerequisite to American Home's liability under the excess policy.

2

On the basis of the information provided by the parties as to this issue, I conclude that the middle date is the right one from which to measure prejudgment interest. The "When Loss is Payable" provision of the policy state that "Coverage under this policy will not apply unless and until the Insured or the Insured's underlying insurer is obligated to pay the Retained Limit. When the amount of loss has finally been determined we will promptly pay on behalf of the Insured the amount of loss falling within the terms of this policy." (Aff. of Lawrence Butler, Ex. B. (the "American Home Policy") at 15.) American Home was not obligated to pay until the applicable limit of the underlying policy was exhausted — when Liberty Mutual paid Insituform on December 13, 2004.

American Home also argues that Insituform's calculation of the amount of prejudgment interest is too high because it apparently calculated its costs on an accrual basis rather than on a cash basis. It is not necessarily clear that using an accrual method is inappropriate. American Home cites no Missouri case or statute that requires prejudgment interest to be calculated only on a cash basis, and I am not persuaded by American Home that such a rule should be implied. I do agree with American Home that it should receive full credit for the full amount of Liberty Mutual's $1,000,000 policy limit up front before any prejudgment interest is calculated against American Home.

I conclude that Insituform is entitled to prejudgment interest at a rate of nine percent per annum from December 13, 2004, which calculates to $1,628,917.36.

Accordingly, judgment shall be entered in favor of Insituform in the stipulated sum of $6,054,899.68, plus $1,628,917.36 in prejudgment interest, for a total judgment award of $7,683,817.04.

It is SO ORDERED.

                                                /s/ George A. O'Toole, Jr.
                                                     United States District Judge